# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 14, 2025

Mr. Don Barrett
Barrett Law Group, P.A.
404 Court Square, N.
Lexington, MS 39095

No. 25-60550    Emmerich Newspapers v. Particle Media
USDC No. 3:23-CV-26

Dear Mr. Barrett,

Filings in this court are governed strictly by the Federal Rules
of **Appellate** Procedure.  We cannot accept motions submitted under
the Federal Rules of **Civil** Procedure.  We can address only those
documents the court directs you to file, or proper motions filed
in support of the appeal.  See Fed. R. App. P. and 5th Cir. R. 27
for guidance.  Documents not authorized by these rules will not be
acknowledged or acted upon.

You must complete a transcript order form, which can be obtained
from the court's website www.ca5.uscourts.gov. **You are required to
electronically file the form via the 5th Circuit's Electronic
Document Filing System even if the form was filed with the district
court,** and make financial arrangements with the court reporter
(See also 5th Cir. R. 30.1.2 and 5th Cir. R. 31.1).  When completed,
this meets your obligation to order the necessary portions of the
court reporter's transcript, see Fed. R. App. P. 10(b).  (If you
are pro se and unable to afford payment, you must file a motion
with the district court requesting transcript at government
expense, and notify this court.)  We will coordinate the transcript
deadlines with the court reporter.  The court reporter should
contact you directly if an extension of time to file the transcript
is granted.  Failure to complete the transcript order form and
make financial arrangements with the court reporter within **15 days**
will result in dismissal of the appeal in accordance with the
rules.

We will provide you information about the briefing schedule of
this appeal at a later date.  **If a transcript is unnecessary,
please complete the section on the transcript order form to
indicate such and file the form via the docket event "Notice
Transcript Unnecessary,"** and we will start the briefing schedule.
5th Cir. R. 31.4 and the Internal Operating Procedures following
rules 27 and 31 state that except in the most extraordinary
circumstances, the maximum extension for filing briefs is 30 days
in criminal cases and 40 days in civil cases.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

**Electronic Record on Appeal (EROA):** We permit you to download all or part of the electronic record on appeal (EROA) after this is approved by the U.S. District Court. You will receive a notice when access to the EROA is available. Counsel must be approved for electronic filing and be listed as an attorney of record in the case before access will be granted. Instructions for accessing and downloading the EROA will be included in the notice you receive from the district court, but are also available here: http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.

Please note that sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. You must file a motion in our court for access to sealed documents, which will be provided by the district court only upon the filing and granting of a motion by our court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is

their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Dantrell L. Johnson, Deputy Clerk
504-310-7689

cc:
    Mr. Stephen James Carmody

Provided below is the court's official caption.  Please review the parties listed and advise the court immediately of any discrepancies.  If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

_____

Case No. 25-60550

_____

Emmerich Newspapers, Incorporated,

             Plaintiff - Appellant

v.

Particle Media, Incorporated, doing business as Newsbreak,

             Defendant - Appellee