# No. 25-60550

---

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Emmerich Newspapers, Incorporated,

Plaintiff - Appellant

v.

Particle Media, Incorporated, doing business as Newsbreak,

Defendant - Appellee

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

---

## RECORD EXCERPTS

---

SUBMITTED BY:
Michael B. Wallace, MS Bar No. 6904
Charles E. Cowan, MS Bar No. 104478
Wise Carter Child & Caraway, P.A.
401 E. Capitol Street
Heritage Building
Jackson, MS 39201-2688

Wilson H. Carroll, MS Bar No. 5984
Wilson Carroll, PLLC
2506 Cherry Street
Vicksburg, Mississippi 39180

Don Barrett, MS Bar No. 2063
Barrett Law Group, P.A.
404 Court Square, N.
Lexington, MS 39085

Christian E. Hudson, *Pro Hac Vice*
Cuneo, Gilbert & LaDuca, LLP
2445 M Street NW
Suite 740
Washington, DC 2003

# Table of Contents


| Document | Record Citation | Tab |
|---|---|---|
| Docket Sheet - 3:23-CV-26 | ROA.1-39 | Tab 1 |
| Order on Motion for Partial Summary Judgment | ROA.72012-72073 | Tab 2 |
| Order on Motion for Certificate of Appealability | ROA.72160-72163 | Tab 3 |
| Order | ROA.72164 | Tab 4 |
| Exhibit A - First Wyatt Emmerich Affiavit | ROA.7461-7472 | Tab 5 |

**TAB 1**

# U.S. District Court
# Southern District of Mississippi (Northern (Jackson))
# CIVIL DOCKET FOR CASE #: 3:23-cv-00026-TSL-MTP
# Internal Use Only

Emmerich Newspapers, Incorporated v. Particle Media, Inc.
Assigned to: District Judge Tom S. Lee
Referred to: Magistrate Judge Michael T. Parker
Case in other court: Fifth Circuit, 25-60550
Fifth Circuit, 25-90026
Cause: 17:101 Copyright Infringement

Date Filed: 01/12/2023
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Emmerich Newspapers, Incorporated** represented by

**Wilson H. Carroll**
WILSON CARROLL, PLLC
2506 Cherry Street
Vicksburg, MS 39180
601-953-6579
Email: wilson@wilsoncarroll.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Malcolm McMullan , Jr**
BARRETT LAW GROUP, PA - Lexington
P. O. Box 927
404 Court Square
Lexington, MS 39095
662/834-2488
Fax: 662/834-2628
Email: dmcmullan@barrettlawgroup.com
*ATTORNEY TO BE NOTICED*

**Jeff A. Weill , Sr.**
JEFF WEILL, SR. ATTORNEY AT LAW
1956 Douglass Dr
Jackson, MS 39211-6603
601-842-9664
Email: jweillsr1@gmail.com
*ATTORNEY TO BE NOTICED*

**John W. Barrett**
DON BARRETT, PA
P. O. Box 927
404 Court Square North
Lexington, MS 39095
662-834-2488
Fax: 662-834-2628
Email: dbarrett@barrettlawgroup.com
*ATTORNEY TO BE NOTICED*

**Katherine Barrett Riley**
BARRETT LAW GROUP, PA - Lexington
P. O. Box 927
404 Court Square
Lexington, MS 39095
662/834-2488
Fax: 662/834-2628
Email: kbriley@barrettlawgroup.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Particle Media, Inc.**
*d/b/a Newsbreak*

represented by

**Stephen J. Carmody**
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC-Jackson
P. O. Drawer 119
Pinnacle Bldg., Suite 100
190 East Capitol St. (39201)
Jackson, MS 39205-0119
(601) 948-3101
Email: scarmody@brunini.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaelyn Nicole Mack**
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC-Jackson
Litigation
190 E Capitol Street
Ste 100
Jackson, MS 39201
601-960-6893
Email: kmack@brunini.com
*ATTORNEY TO BE NOTICED*

**Karen Elizabeth Howell**
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC-Jackson
P. O. Drawer 119
Pinnacle Bldg., Suite 100
190 East Capitol St. (39201)
Jackson, MS 39205-0119
601/973-8750
Fax: 601/960-6902
Email: khowell@brunini.com
*ATTORNEY TO BE NOTICED*

**Robert Richard Cirilli , Jr.**
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC-Jackson

P. O. Drawer 119
Pinnacle Bldg., Suite 100
190 East Capitol St. (39201)
Jackson, MS 39205-0119
601/948-3101
Fax: 601/960-6902
Email: rcirilli@brunini.com
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Smartnews International, Inc.**
*TERMINATED: 05/03/2023*

represented by **Dorsey R. Carson , Jr.**
THE CARSON LAW GROUP, PLLC
Capital Towers, Suite 1336
125 S. Congress Street
Jackson, MS 39201
601/351-9831
Fax: 601/510-9056
Email: dcarson@thecarsonlawgroup.com
*TERMINATED: 05/03/2023*
*LEAD ATTORNEY*

Email All Attorneys

| Date Filed | # | Docket Text |
|---|---|---|
| 01/12/2023 | 1 | COMPLAINT against Particle Media, Inc. ( Filing fee $ 402 receipt number 3084), filed by Emmerich Newspapers, Incorporated. (Attachments: # 1 Civil Cover Sheet)(CO) (Entered: 01/12/2023) |
| 01/12/2023 | 2 | NOTICE REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT and Complaint mailed to Register of Copyrights, U.S. Copyright Office, 101 Independence Ave. S.E., Washington, D.C. 20559-6000, AO-121, re 1 Complaint. (CO) (Main Document 2 replaced on 1/12/2023 with signed copy) (CO). Modified on 1/12/2023 (CO). (Entered: 01/12/2023) |
| 01/12/2023 | | (Court only) ***Set COPYRIGHT, JURY, NO_CMC, MTP Flags (CO) (Entered: 01/12/2023) |
| 01/12/2023 | 3 | Summons Issued as to Particle Media, Inc. (CO) (Entered: 01/12/2023) |
| 01/24/2023 | 4 | ***ERROR***DISREGARD THIS ENTRY.***SUMMONS Returned Executed by Emmerich Newspapers, Incorporated. Emmerich Newspapers, Incorporated served on 1/17/2023, answer due 2/7/2023. (Carroll, Wilson) Modified on 1/24/2023 (LAT). (Entered: 01/24/2023) |
| 01/24/2023 | 5 | Summons Reissued as to Particle Media, Inc. (CO) (Entered: 01/24/2023) |
| 01/24/2023 | | DOCKET ANNOTATION as to # 4 : A return on summons should not be filed without the first page, as issued, preceding the return. Attorney is directed to refile with the first page, as issued, first along with the AO440 proof of service return. Also, the incorrect party was selected as being served. Attorney is directed to select the correct party being served. (LAT) (Entered: 01/24/2023) |
| 01/25/2023 | 6 | |

| | | |
|---|---|---|
| | | SUMMONS Returned Executed by Emmerich Newspapers, Incorporated. Particle Media, Inc. served on 1/17/2023, answer due 2/7/2023. (Carroll, Wilson) (Entered: 01/25/2023) |
| 02/02/2023 | 7 | SUMMONS Returned Executed by Emmerich Newspapers, Incorporated. Particle Media, Inc. served on 2/1/2023, answer due 2/22/2023. (Carroll, Wilson) (Entered: 02/02/2023) |
| 02/22/2023 | 8 | MOTION to Dismiss *Counts I and II*, MOTION for More Definite Statement *as to Counts I and II*, MOTION for Extension of Time to File Answer re 1 Complaint by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Feb. 22, 2023 Public Catalog, # 2 Exhibit 2 - Jan. 13, 2023 Public Catalog)(Carmody, Stephen) (Entered: 02/22/2023) |
| 02/22/2023 | 9 | MEMORANDUM IN SUPPORT re 8 MOTION to Dismiss *Counts I and II* MOTION for More Definite Statement *as to Counts I and II* MOTION for Extension of Time to File Answer re 1 Complaint filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/22/2023) |
| 03/03/2023 | 10 | Response in Opposition re 8 MOTION to Dismiss *Counts I and II*, MOTION for More Definite Statement *as to Counts I and II*, MOTION for Extension of Time to File Answer re 1 Complaint by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Feb. 22, 2023 Public Catalog, # 2 Exhibit 2 - Jan. 13, 2023 Public Catalog)(Carmody, Stephen) filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Registered Articles, # 2 Exhibit B - Articles Stolen Behind Paywalls, # 3 Exhibit C - Articles with Altered CMI)(Carroll, Wilson) (Entered: 03/03/2023) |
| 03/03/2023 | 11 | MEMORANDUM IN SUPPORT re 10 Response in Opposition, 8 MOTION to Dismiss Counts I and II, MOTION for More Definite Statement as to Counts I and II, MOTION for Extension of Time to File Answer re 1 Complaint filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) Modified on 3/3/2023 (LAT). (Entered: 03/03/2023) |
| 03/10/2023 | 12 | Rebuttal re 8 MOTION to Dismiss *Counts I and II* MOTION for More Definite Statement *as to Counts I and II* MOTION for Extension of Time to File Answer re 1 Complaint filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/10/2023) |
| 03/17/2023 | 13 | NOTICE of Appearance by Karen Elizabeth Howell on behalf of Particle Media, Inc. (Howell, Karen) (Entered: 03/17/2023) |
| 03/30/2023 | 14 | ORDER staying motion to dismiss pending filing of amended complaint. Signed by District Judge Tom S. Lee on March 30, 2023 (DCL) (Entered: 03/30/2023) |
| 04/05/2023 | 15 | AMENDED COMPLAINT against Particle Media, Inc., filed by Emmerich Newspapers, Incorporated. (Attachments: # 1 Exhibit A - Stolen Articles Covered by Group Registrations, # 2 Exhibit B1 - Registration Certificates, # 3 Exhibit B2 - Registration Certificates, # 4 Exhibit B3 - Registration Certificates, # 5 Exhibit B4 - Registration Certificates, # 6 Exhibit C - Articles Stolen Behind Paywalls, # 7 Exhibit D - Articles Published with Altered CMI)(Carroll, Wilson) (Entered: 04/05/2023) |
| 04/05/2023 | | TEXT ONLY ORDER. In light of the filing of the amended complaint, the motion to dismiss, motion for a more definite statement and motion for an extension of time to answer the original complaint are denied as moot. Signed by District Judge Tom S. Lee on April 5, 2023. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 04/05/2023) |
| 04/06/2023 | 16 | Corporate Disclosure Statement by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 04/06/2023) |
| 04/06/2023 | 17 | MOTION to Consolidate Cases by Emmerich Newspapers, Incorporated (Carroll, Wilson) |

| | | |
|---|---|---|
| | | (Entered: 04/06/2023) |
| 04/06/2023 | 18 | MEMORANDUM in Support re 17 MOTION to Consolidate Cases filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 04/06/2023) |
| 04/19/2023 | 19 | ANSWER to 15 Amended Complaint, by Particle Media, Inc..(Carmody, Stephen) (Entered: 04/19/2023) |
| 04/20/2023 | | DOCKET ANNOTATION as to # 19 : Attorney is advised to include the correct judge assignment (TSL-MTP) on future filed pleadings. (LAT) Modified on 4/20/2023 (LAT). (Entered: 04/20/2023) |
| 04/20/2023 | 20 | RESPONSE in Opposition re 17 MOTION to Consolidate Cases filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - SmartNews Complaint, # 2 Exhibit 2 - SmartNews Exhibit, # 3 Exhibit 3 - SmartNews Counterclaim)(Carmody, Stephen) (Entered: 04/20/2023) |
| 04/20/2023 | 21 | MEMORANDUM IN SUPPORT re 20 Response in Opposition to Motion, filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 04/20/2023) |
| 04/20/2023 | 22 | MOTION to Intervene by Smartnews International, Inc. (Attachments: # 1 Exhibit Ex. A - SmartNews International Opposition to Motion for Consolidation)(Carson, Dorsey) (Entered: 04/20/2023) |
| 04/20/2023 | 23 | MEMORANDUM in Support re 22 MOTION to Intervene filed by Smartnews International, Inc. (Carson, Dorsey) (Entered: 04/20/2023) |
| 04/27/2023 | 24 | Rebuttal re 20 Response in Opposition to Motion, 22 MOTION to Intervene filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 04/27/2023) |
| 05/03/2023 | 25 | ORDER granting 22 Motion to Intervene for the Limited Purpose of Opposing the Motion to Consolidate. Signed by Magistrate Judge Michael T. Parker on May 3, 2023. (AS) (Entered: 05/03/2023) |
| 05/03/2023 | 26 | ORDER denying 17 Motion to Consolidate Cases Signed by District Judge Tom S. Lee on 5/3/2023 (CP) (Entered: 05/03/2023) |
| 05/03/2023 | | (Court only) *** Party Smartnews International, Inc. terminated per 25 Order. (CO) (Entered: 05/03/2023) |
| 05/04/2023 | 27 | Rule 16(a) Initial Order: Telephonic Case Management Conference set for 6/9/2023 9:30 AM before Magistrate Judge Michael T. Parker. Counsel shall dial 888.273.3658, code 1055457 to connect to the call. Confidential settlement memoranda are due on or before 6/2/23. (KPM) (Entered: 05/04/2023) |
| 06/07/2023 | | Reset Hearings: Telephonic Case Management Conference reset for 6/13/2023 10:30 AM before Magistrate Judge Michael T. Parker. Counsel shall dial 888.273.3658, code 1055457 to connect to the call. The Court is in receipt of the parties' submissions. (KPM) (Entered: 06/07/2023) |
| 06/13/2023 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Case Management Conference held on 6/13/2023. A case management order will be entered. PARTICIPANTS: Wilson Carroll for plaintiff; Stephen Carmody and Karen Howell for defendant. (KPM) (Entered: 06/13/2023) |
| 06/13/2023 | 28 | CASE MANAGEMENT ORDER: The parties do not consent; Jury Trial set for a four week term beginning 10/7/2024 before District Judge Tom S. Lee; Pretrial Conference set |

| | | |
|---|---|---|
| | | for 9/16/2024 before District Judge Tom S. Lee; Discovery due by 5/1/2024; Motions for Amended Pleadings due by 7/13/2023; Motions for Joinder of Parties due by 7/13/2023; Designate Experts Plaintiff Deadline due by 2/1/2024; Designate Experts for Defendant Deadline due by 3/1/2024; Motions due by 5/15/2024; Settlement Conference set for 10/19/2023 before Magistrate Judge Michael T. Parker; ADR Report due by 9/11/2024. Signed by Magistrate Judge Michael T. Parker on June 13, 2023 (KPM) (Entered: 06/13/2023) |
| 07/06/2023 | 29 | NOTICE of Service of Interrogatories by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 07/06/2023) |
| 07/06/2023 | 30 | NOTICE of Service of Request for Production by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 07/06/2023) |
| 07/06/2023 | 31 | NOTICE of Service of Request for Admissions by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 07/06/2023) |
| 07/06/2023 | 32 | NOTICE of Service of *First Set of* Interrogatories by Particle Media, Inc. (Howell, Karen) (Entered: 07/06/2023) |
| 07/06/2023 | 33 | NOTICE of Service of *First Set of* Request for Production by Particle Media, Inc. (Howell, Karen) (Entered: 07/06/2023) |
| 07/11/2023 | 34 | Second MOTION to Consolidate Cases by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 07/11/2023) |
| 07/13/2023 | 35 | ORDER granting 34 Motion to Consolidate Cases - IT IS, THEREFORE, ORDERED that the Plaintiff's Unopposed Second Motion to Consolidate 34 is GRANTED. Signed by Magistrate Judge Michael T. Parker on 07/13/2023 (CO) (Entered: 07/13/2023) |
| 07/19/2023 | 36 | ANSWER to 1 Complaint *filed in 3:23-cv-391* by Particle Media, Inc..(Carmody, Stephen) (Entered: 07/19/2023) |
| 08/11/2023 | 37 | NOTICE of Service of Response to Interrogatories by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/11/2023) |
| 08/11/2023 | 38 | NOTICE of Service of Response to Request for Production by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/11/2023) |
| 08/28/2023 | 39 | ORDER Regarding Settlement Conference. Signed by Magistrate Judge Michael T. Parker on August 28, 2023 (KPM) (Entered: 08/28/2023) |
| 09/06/2023 | 40 | NOTICE of Service of Response to Interrogatories by Particle Media, Inc. (Carmody, Stephen) (Entered: 09/06/2023) |
| 09/06/2023 | 41 | NOTICE of Service of Response to Request for Production by Particle Media, Inc. (Carmody, Stephen) (Entered: 09/06/2023) |
| 09/06/2023 | 42 | NOTICE of Service of Response to Request for Admissions by Particle Media, Inc. (Carmody, Stephen) (Entered: 09/06/2023) |
| 10/16/2023 | | Set Hearings: Telephone Conference set for 10/17/2023 10:00 AM before Magistrate Judge Michael T. Parker. Counsel shall dial 888.273.3658, code 1055457 to connect to the call. (KPM) (Entered: 10/16/2023) |
| 10/17/2023 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Settlement Conference held on 10/17/2023. The court addressed various settlement issues with the parties and determined that the settlement conference scheduled for 10/19/23 |

| | | |
|---|---|---|
| | | should be cancelled. A text order will be entered. PARTICIPANTS: Wilson Carroll for plaintiff; Stephen Carmody and Karen Howell for defendant. (KPM) (Entered: 10/17/2023) |
| 10/17/2023 | | TEXT ONLY ORDER: After conferring with counsel, the court finds that the settlement conference set for 10/19/23 should be and is hereby cancelled. However, the parties are ordered and directed to schedule and complete private mediation or a settlement conference with the court by the discovery deadline. No further written order will issue. Signed by Magistrate Judge Michael T. Parker on October 17, 2023 (KPM) (Entered: 10/17/2023) |
| 12/12/2023 | 43 | MOTION for Partial Summary Judgment *As To Calculation of Damages* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Affidavit of Greg Griffith, # 2 Exhibit Affidavit of Jack Ryan, # 3 Exhibit Affidavit of Tim Kalich, # 4 Exhibit Affidavit of Wyatt Emmerich, # 5 Exhibit Deposition Transcript - Randy Zhong, # 6 Exhibit Deposition Transcript - Neil Zoltowski, # 7 Exhibit Affidavit of Peter Imes)(Carroll, Wilson) (Entered: 12/12/2023) |
| 12/12/2023 | 44 | MEMORANDUM in Support re 43 MOTION for Partial Summary Judgment *As To Calculation of Damages* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 12/12/2023) |
| 12/21/2023 | 45 | MOTION for Partial Summary Judgment *As to Copyright Infringement* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Zhong Deposition Transcript, # 2 Exhibit Wyatt Emmerich Affidavit)(Carroll, Wilson) (Entered: 12/21/2023) |
| 12/21/2023 | 46 | MEMORANDUM in Support re 45 MOTION for Partial Summary Judgment *As to Copyright Infringement* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 12/21/2023) |
| 01/09/2024 | 47 | AMENDED COMPLAINT against Particle Media, Inc., filed by Emmerich Newspapers, Incorporated.(Carroll, Wilson) (Entered: 01/09/2024) |
| 01/09/2024 | 48 | MOTION for Partial Summary Judgment *on Liability for DMCA Claims* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Wyatt Emmerich Affidavit, # 2 Exhibit B - Jack Ryan Affidavit, # 3 Exhibit C - Tim Kalich Affidavit, # 4 Exhibit D - Zhong Transcript, # 5 Exhibit E - Zoltowski Transcript, # 6 Exhibit F - Greg Griffith Affidavit, # 7 Exhibit G - Wyatt Emmerich Affidavit)(Carroll, Wilson) (Entered: 01/09/2024) |
| 01/09/2024 | 49 | MEMORANDUM in Support re 48 MOTION for Partial Summary Judgment *on Liability for DMCA Claims* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 01/09/2024) |
| 01/10/2024 | 50 | Unopposed MOTION for Extension of Time to File Response/Reply as to 48 MOTION for Partial Summary Judgment *on Liability for DMCA Claims*, 45 MOTION for Partial Summary Judgment *As to Copyright Infringement*, 43 MOTION for Partial Summary Judgment *As To Calculation of Damages* by Particle Media, Inc. (Carmody, Stephen) (Entered: 01/10/2024) |
| 01/12/2024 | 51 | ORDER granting 50 Motion for Extension of Time to File Response/Reply as to 48 MOTION for Partial Summary Judgment *on Liability for DMCA Claims*, 45 MOTION for Partial Summary Judgment *As to Copyright Infringement*, 43 MOTION for Partial Summary Judgment as to Calculation of Damages. Signed by District Judge Tom S. Lee on 1/12/2024 (CP) (Entered: 01/12/2024) |

| | | |
|---|---|---|
| 02/01/2024 | 52 | NOTICE of Service of *Second Set of* Interrogatories by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/01/2024) |
| 02/01/2024 | 53 | NOTICE of Service of *Second Set of* Request for Production by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/01/2024) |
| 02/01/2024 | 54 | NOTICE of Service of *First Set of* Request for Admissions by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/01/2024) |
| 02/01/2024 | | DOCKET ANNOTATION as to # 52 ,# 53 , and # 54 : Division name missing. Attorney is directed to use "Northern Division" in future filings. (LAT) (Entered: 02/01/2024) |
| 02/01/2024 | 55 | RESPONSE in Opposition re 43 MOTION for Partial Summary Judgment *As To Calculation of Damages* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Zhong Declaration, # 2 Exhibit 2 - Particle Media Discovery Responses, # 3 Exhibit 3 - Plaintiff's Discovery Responses, # 4 Exhibit 4 - Carmody Declaration, # 5 Exhibit 5 - Examples of Non-Ownership and/or Non-Copyrightability, # 6 Exhibit 6 - Byline Examples, # 7 Exhibit 7 - URL Examples, # 8 Exhibit 8 - Paywall Examples, # 9 Exhibit 9- Publisher Emails, # 10 Exhibit 10 - Examples of Partial Content)(Carmody, Stephen) (Entered: 02/01/2024) |
| 02/01/2024 | 56 | MEMORANDUM IN SUPPORT re 55 Response in Opposition to Motion, 43 MOTION for Partial Summary Judgment As To Calculation of Damages, filed by Particle Media, Inc. (Carmody, Stephen) Modified on 2/2/2024 (LAT). (Entered: 02/01/2024) |
| 02/02/2024 | | DOCKET ANNOTATION as to # 56 : Incorrect linkage made. [MEMORANDUM IN SUPPORT] should be linked to [MOTION for Partial Summary Judgment As To Calculation of Damages]. All related filings to motions (using the "Responses and Replies" category, with the exception of "Response to Order") should be linked back to the original motion. Court staff has made the correction. (LAT) (Entered: 02/02/2024) |
| 02/08/2024 | 57 | REPLY to Response to Motion re 55 Response in Opposition to Motion, 43 MOTION for Partial Summary Judgment As To Calculation of Damages, filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Second Emmerich Affidavit)(Carroll, Wilson) Modified on 2/9/2024 (LAT). (Entered: 02/08/2024) |
| 02/08/2024 | 58 | ***ERROR***Disregard this entry.***NOTICE *of Service of Designation of Expert Witnesses* by Emmerich Newspapers, Incorporated (Carroll, Wilson) Modified on 2/9/2024 (LAT). (Entered: 02/08/2024) |
| 02/09/2024 | | DOCKET ANNOTATION as to # 57 : Incorrect linkage made. [REPLY to Response to Motion] should be linked to [MOTION for Partial Summary Judgment As To Calculation of Damages]. All related filings to motions (using the "Responses and Replies" category, with the exception of "Response to Order") should be linked back to the original motion. Court staff has made the correction. DOCKET ANNOTATION as to # 58 : Incorrect event chosen. This document should have been docketed as Notice of Service of Designation of Experts. Attorney is directed to refile using the correct event. (LAT) (Entered: 02/09/2024) |
| 02/15/2024 | 59 | RESPONSE in Opposition re 45 MOTION for Partial Summary Judgment *As to Copyright Infringement* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Declaration of Xiliang Randy Zhong, # 2 Exhibit 2 - Particle Media Discovery Responses, # 3 Exhibit 3 - Plaintiff's Discovery Responses, # 4 Exhibit 4 - Declaration of Stephen J. Carmody, # 5 Exhibit 5 - Non-Ownership Examples, # 6 Exhibit 6 - Certificate of Registration for Photographs, # 7 Exhibit 7 - AP Photograph Evidence, # 8 Exhibit 8 - Non-Copyrightability Examples, # 9 Exhibit 9 - Previously-Published Examples, # 10 |

| | | |
|---|---|---|
| | | Exhibit 10 - Examples of Partial Content, # 11 Exhibit 11 - Image Examples)(Carmody, Stephen) (Entered: 02/15/2024) |
| 02/15/2024 | 60 | MEMORANDUM in Opposition re 45 MOTION for Partial Summary Judgment *As to Copyright Infringement* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/15/2024) |
| 02/21/2024 | 61 | NOTICE of Service of Response to Interrogatories by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 02/21/2024) |
| 02/21/2024 | 62 | NOTICE of Service of Response to Request for Production by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 02/21/2024) |
| 02/21/2024 | 63 | NOTICE of Service of Response to Request for Admissions by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 02/21/2024) |
| 02/22/2024 | 64 | REPLY to Response to Motion re 45 MOTION for Partial Summary Judgment *As to Copyright Infringement* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Emmerich's Discovery Responses)(Carroll, Wilson) (Entered: 02/22/2024) |
| 02/29/2024 | 65 | RESPONSE in Opposition re 48 MOTION for Partial Summary Judgment *on Liability for DMCA Claims* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/29/2024) |
| 02/29/2024 | 66 | MEMORANDUM in Opposition re 48 MOTION for Partial Summary Judgment *on Liability for DMCA Claims* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/29/2024) |
| 03/01/2024 | 67 | ATTACHMENT re 65 Response in Opposition to Motion *for Partial Summary Judgment as to Liability for Copyright Infringement* by Particle Media, Inc. (Attachments: # 1 Attachment Exhibit 1 - Declaration of Zhong, # 2 Attachment Exhibit 2 - Particle Media Discovery Responses, # 3 Attachment Exhibit 3 - Plaintiff's Discovery Responses, collectively, # 4 Attachment Exhibit 4 - Declaration of Carmody, # 5 Attachment Exhibit 5 - Examples of Non-Ownership and/or Non-Copyrightability, # 6 Attachment Exhibit 6 - Byline Examples, # 7 Attachment Exhibit 7 - URL Examples, # 8 Attachment Exhibit 8 - Example Referral Analytics, # 9 Attachment Exhibit 9 - Glitch Example, # 10 Attachment Exhibit 10 - Paywall Examples, # 11 Attachment Exhibit 11 - Publisher Emails, # 12 Attachment Exhibit 12 - Examples of Partial Content)(Carmody, Stephen) (Entered: 03/01/2024) |
| 03/07/2024 | 68 | REPLY to Response to Motion re 48 MOTION for Partial Summary Judgment *on Liability for DMCA Claims* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Plaintiff's Initial Disclosures)(Carroll, Wilson) (Entered: 03/07/2024) |
| 03/08/2024 | 69 | NOTICE of Service of Designation of Experts by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/08/2024) |
| 03/11/2024 | 70 | Unopposed MOTION for Protective Order *(for Entry of Agreed Protective Order)* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Agreed Protective Order)(Carmody, Stephen) (Entered: 03/11/2024) |
| 03/11/2024 | 71 | ATTACHMENT re 70 Unopposed MOTION for Protective Order *(for Entry of Agreed Protective Order)* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Agreed Protective Order, # 2 Attachment A - Certification of Non-Disclosure)(Carmody, Stephen) (Entered: 03/11/2024) |
| 03/12/2024 | 72 | NOTICE of Service of *Third Set of* Interrogatories by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/12/2024) |

| | | |
|---|---|---|
| 03/12/2024 | 73 | NOTICE of Service of *Third Set of* Request for Production by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/12/2024) |
| 03/12/2024 | 74 | NOTICE of Service of *Second Set of* Request for Admissions by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/12/2024) |
| 03/13/2024 | 75 | AGREED PROTECTIVE ORDER granting 70 Unopposed Motion for Protective Order. Signed by Magistrate Judge Michael T. Parker on March 13, 2024. (ST) (Entered: 03/13/2024) |
| 03/29/2024 | | Set Hearings: Telephonic Discovery Conference set for 4/1/2024 3:00 PM before Magistrate Judge Michael T. Parker. Counsel shall dial 888.273.3658, code 1055457 to connect to the call. (KPM) (Entered: 03/29/2024) |
| 03/29/2024 | 76 | MOTION to Strike *the Designation of Expert Designation of Kenneth D. Crews* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Plaintiff's Designation, # 2 Exhibit 2 - Crews Report, # 3 Exhibit 3 - SmartNews Notice, # 4 Exhibit 4 - September and October Letters, collectively, # 5 Exhibit 5 - Discovery Requests)(Carmody, Stephen) (Entered: 03/29/2024) |
| 03/29/2024 | 77 | MEMORANDUM in Support re 76 MOTION to Strike *the Designation of Expert Designation of Kenneth D. Crews* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/29/2024) |
| 03/29/2024 | 78 | MOTION to Strike *the Expert Designation of Layne Bruce* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Plaintiff's Designation, # 2 Exhibit 2 - Bruce Report, # 3 Exhibit 3 - SmartNews Notice)(Carmody, Stephen) (Entered: 03/29/2024) |
| 03/29/2024 | 79 | MEMORANDUM in Support re 78 MOTION to Strike *the Expert Designation of Layne Bruce* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/29/2024) |
| 03/29/2024 | 80 | MOTION to Strike *the Expert Designation of James E. Prince, III* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Plaintiff's Designation, # 2 Exhibit 2 - Prince Report, # 3 Exhibit 3 - SmartNews Notice, # 4 Exhibit 4 - September and October Letters, collectively, # 5 Exhibit 5 - Discovery Requests)(Carmody, Stephen) (Entered: 03/29/2024) |
| 03/29/2024 | 81 | MEMORANDUM in Support re 80 MOTION to Strike *the Expert Designation of James E. Prince, III* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/29/2024) |
| 03/29/2024 | 82 | MOTION to Strike *the Expert Designation of Anthony L. Huffman* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Plaintiff's Designation, # 2 Exhibit 2 - Huffman Report, # 3 Exhibit 3 - SmartNews Notice, # 4 Exhibit 4 - Emmerich Methodologies)(Carmody, Stephen) (Entered: 03/29/2024) |
| 03/29/2024 | 83 | MEMORANDUM in Support re 82 MOTION to Strike *the Expert Designation of Anthony L. Huffman* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/29/2024) |
| 04/01/2024 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Discovery Conference held on 4/1/2024. The Court addressed various discovery disputes with the parties. The parties appear to have resolved most, if not all, of the disputes by agreement. However, if there are remaining disputes (of those that were submitted to the Court), the parties may address those disputes by an appropriate motion without further conference with the Court. The parties further addressed the current sufficiency of the case deadlines. No agreement was reached. Any party seeking an extension of the case |

| | | |
|---|---|---|
| | | deadlines may file an appropriate motion. (ST) (Entered: 04/01/2024) |
| 04/11/2024 | 84 | MOTION to Amend/Correct *Designation of Expert Witnesses* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Designation of Experts, # 2 Exhibit B - Amended Designation of Experts)(Carroll, Wilson) (Entered: 04/11/2024) |
| 04/11/2024 | 85 | MEMORANDUM IN SUPPORT re 84 MOTION to Amend/Correct *Designation of Expert Witnesses* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 04/11/2024) |
| 04/11/2024 | | DOCKET ANNOTATION as to # 84 , 85 : Division name missing. Attorney is directed to use "Northern Division" in future filings. (LAT) (Entered: 04/11/2024) |
| 04/11/2024 | 86 | RESPONSE in Opposition re 78 MOTION to Strike *the Expert Designation of Layne Bruce* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Supplemental Expert Report)(Carroll, Wilson) (Entered: 04/11/2024) |
| 04/11/2024 | 87 | MEMORANDUM in Opposition re 78 MOTION to Strike *the Expert Designation of Layne Bruce* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 04/11/2024) |
| 04/11/2024 | 88 | RESPONSE in Opposition re 82 MOTION to Strike *the Expert Designation of Anthony L. Huffman* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Supplemental Expert Report)(Carroll, Wilson) (Entered: 04/11/2024) |
| 04/11/2024 | 89 | MEMORANDUM in Opposition re 82 MOTION to Strike *the Expert Designation of Anthony L. Huffman* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 04/11/2024) |
| 04/12/2024 | | DOCKET ANNOTATION as to # 88 , 89 : Division name missing. Attorney is directed to use "Northern Division" in future filings. (LAT) (Entered: 04/12/2024) |
| 04/12/2024 | 90 | RESPONSE in Opposition re 80 MOTION to Strike *the Expert Designation of James E. Prince, III* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Supplemental Expert Report)(Carroll, Wilson) (Entered: 04/12/2024) |
| 04/12/2024 | 91 | MEMORANDUM in Opposition re 80 MOTION to Strike *the Expert Designation of James E. Prince, III* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 04/12/2024) |
| 04/12/2024 | 92 | RESPONSE in Opposition re 76 MOTION to Strike *the Designation of Expert Designation of Kenneth D. Crews* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Supplemental Expert Report)(Carroll, Wilson) (Entered: 04/12/2024) |
| 04/12/2024 | 93 | MEMORANDUM in Opposition re 76 MOTION to Strike *the Designation of Expert Designation of Kenneth D. Crews* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 04/12/2024) |
| 04/18/2024 | 94 | REPLY to Response to Motion re 76 MOTION to Strike *the Designation of Expert Designation of Kenneth D. Crews* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 04/18/2024) |
| 04/18/2024 | 95 | REPLY to Response to Motion re 78 MOTION to Strike *the Expert Designation of Layne Bruce* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 04/18/2024) |
| 04/18/2024 | 96 | REPLY to Response to Motion re 80 MOTION to Strike *the Expert Designation of James* |

| | | |
|---|---|---|
| | | *E. Prince, III* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 04/18/2024) |
| 04/18/2024 | 97 | REPLY to Response to Motion re 82 MOTION to Strike *the Expert Designation of Anthony L. Huffman* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 04/18/2024) |
| 04/24/2024 | | Set/Reset Hearings: Telephone Conference set for 4/25/2024 02:00 PM before Magistrate Judge Michael T. Parker. Counsel shall dial 888.273.3658, code 1055457 to connect to the call. (ST) (Entered: 04/24/2024) |
| 04/25/2024 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephone Conference held on 4/25/2024 to discuss possible extensions of the deadlines. Defense counsel moved ore tenus to move the deadlines and there being no objection, an amended case management order will be entered. PARTICIPANTS: Wilson Carroll for plaintiff; Steven Carmody and Karen Howell for defendant. (KPM) (Entered: 04/25/2024) |
| 04/25/2024 | | Defendant's Ore Tenus MOTION to Extend Case Management Order Deadlines. (ST) (Entered: 04/25/2024) |
| 04/25/2024 | 98 | ORDER granting Defendant's Ore Tenus Motion to Extend Case Management Order Deadlines. Jury Trial set for a four-week term beginning on 12/2/2024 before District Judge Tom S. Lee; Pretrial Conference set for 11/12/2024 before District Judge Tom S. Lee; Discovery due by 7/1/2024; Motions due by 7/15/2024; ADR Report due by 11/5/2024; Mediation due by 9/6/2024. Signed by Magistrate Judge Michael T. Parker on April 25, 2024. (ST) (Entered: 04/25/2024) |
| 04/25/2024 | 99 | RESPONSE in Opposition re 84 MOTION to Amend/Correct *Designation of Expert Witnesses* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Bruce Report, # 2 Exhibit 2 - Proposed Supplemental Bruce Report, # 3 Exhibit 3 - Prince Report, # 4 Exhibit 4 - Proposed Supplemental Prince Report, # 5 Exhibit 5 - Huffman Report, # 6 Exhibit 6 - Proposed Supplemental Huffman Report)(Carmody, Stephen) (Entered: 04/25/2024) |
| 04/25/2024 | 100 | MEMORANDUM in Opposition re 84 MOTION to Amend/Correct *Designation of Expert Witnesses* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 04/25/2024) |
| 05/02/2024 | 101 | REPLY to Response to Motion re 84 MOTION to Amend/Correct *Designation of Expert Witnesses* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 05/02/2024) |
| 05/03/2024 | 102 | ORDER granting in part and denying in part 76 Motion to Strike. Signed by Magistrate Judge Michael T. Parker on May 3, 2024. (ST) (Entered: 05/03/2024) |
| 05/20/2024 | 103 | ORDER granting in part and denying in part 78 MOTION to Strike the Expert Designation of Layne Bruce; granting in part and denying in part 80 MOTION to Strike the Expert Designation of James E. Prince, III; denying as moot 82 Motion to Strike the Expert Designation of Anthony L. Huffman; granting in part and denying in part 84 Motion for Leave to Amend Designation of Expert Witnesses. Signed by Magistrate Judge Michael T. Parker on May 20, 2024. (ST) (Entered: 05/20/2024) |
| 05/21/2024 | 104 | NOTICE of Service of *Supplemental* Response to Interrogatories by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 05/21/2024) |
| 05/21/2024 | 105 | NOTICE of Service of *Supplement Response to* Request for Production by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 05/21/2024) |
| 05/23/2024 | | |

| | | |
|---|---|---|
| | | Set Hearings: Telephonic Discovery Conference set for 5/29/2024 1:30 PM before Magistrate Judge Michael T. Parker. Counsel shall dial 888.273.3658, code 1055457 to connect to the call. (KPM) (Entered: 05/23/2024) |
| 05/28/2024 | 106 | NOTICE of Service of *Fourth Set of* Interrogatories by Particle Media, Inc. (Carmody, Stephen) (Entered: 05/28/2024) |
| 05/28/2024 | 107 | NOTICE of Service of *Fourth Set of* Request for Production by Particle Media, Inc. (Carmody, Stephen) (Entered: 05/28/2024) |
| 05/29/2024 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Discovery Conference held on 5/29/2024. The Court addressed various disputes arising from Plaintiff's discovery requests and Defendant's objections. The parties resolved some of the disputes, and the Court suggested possible compromises and rulings. The Court directed the parties to confer further to resolve the remaining disputes. If any disputes remain, the parties may file appropriate discovery motions beginning 5/31/2024. By authorizing the filing of discovery motions, the Court is not ruling on whether any such motions would or would not be considered timely. PARTICIPANTS: Wilson Carroll for plaintiff; Stephen Carmody for defendant. (js) (Entered: 05/29/2024) |
| 05/31/2024 | 108 | MOTION to Compel *Discovery Responses* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Plaintiff's First Discovery, # 2 Exhibit B - Defendant's Responses, # 3 Exhibit C - Plaintiff's Good Faith Letter, # 4 Exhibit D - Defendant's Response)(Carroll, Wilson) (Entered: 05/31/2024) |
| 05/31/2024 | 109 | NOTICE of Service of *Fifth Set of* Request for Production by Particle Media, Inc. (Carmody, Stephen) (Entered: 05/31/2024) |
| 05/31/2024 | 110 | NOTICE of Service of *Third Set of* Request for Admissions by Particle Media, Inc. (Carmody, Stephen) (Entered: 05/31/2024) |
| 05/31/2024 | 111 | NOTICE to Take Deposition of Sue Honea Fulcher by Particle Media, Inc. (Howell, Karen) (Entered: 05/31/2024) |
| 05/31/2024 | 112 | NOTICE to Take Deposition of Kevan Lindsey by Particle Media, Inc. (Howell, Karen) (Entered: 05/31/2024) |
| 05/31/2024 | 113 | NOTICE to Take Deposition of Peter Imes by Particle Media, Inc. (Howell, Karen) (Entered: 05/31/2024) |
| 06/01/2024 | 114 | NOTICE of Service of *Revised* Designation of Experts by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/01/2024) |
| 06/01/2024 | 115 | NOTICE to Take Deposition of Randy Zhong by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/01/2024) |
| 06/01/2024 | 116 | NOTICE to Take Deposition of Blake Sell by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/01/2024) |
| 06/01/2024 | 117 | NOTICE to Take Deposition of Neil Zoltowski by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/01/2024) |
| 06/01/2024 | 118 | NOTICE to Take Deposition of Mark Gianturco by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/01/2024) |
| 06/07/2024 | 119 | NOTICE of Service of Response to Interrogatories by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/07/2024) |

| | | |
|---|---|---|
| 06/07/2024 | 120 | NOTICE of Service of Response to Request for Production by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/07/2024) |
| 06/07/2024 | 121 | NOTICE of Service of Response to Request for Admissions by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/07/2024) |
| 06/11/2024 | 122 | NOTICE to Take Deposition by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/11/2024) |
| 06/14/2024 | 123 | NOTICE of Service of *Supplemental* Response to Interrogatories by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/14/2024) |
| 06/14/2024 | 124 | NOTICE of Service of *Supplemental* Response to Request for Production by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/14/2024) |
| 06/14/2024 | 125 | RESPONSE to Motion re 108 MOTION to Compel *Discovery Responses* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/14/2024) |
| 06/17/2024 | 126 | NOTICE to Take Deposition of Layne Bruce by Particle Media, Inc. (Howell, Karen) (Entered: 06/17/2024) |
| 06/17/2024 | 127 | NOTICE to Take Deposition of Tony Huffman by Particle Media, Inc. (Howell, Karen) (Entered: 06/17/2024) |
| 06/17/2024 | 128 | NOTICE to Take Deposition of Emmerich Newspapers Incorporated by Particle Media, Inc. (Attachments: # 1 Attachment 30(b)(6) Topics for Emmerich Newspapers)(Howell, Karen) (Entered: 06/17/2024) |
| 06/17/2024 | 129 | NOTICE to Take Deposition of Wyatt Emmerich by Particle Media, Inc. (Howell, Karen) (Entered: 06/17/2024) |
| 06/17/2024 | 130 | NOTICE of Service of *Supplemental* Designation of Experts by Particle Media, Inc. (Howell, Karen) (Entered: 06/17/2024) |
| 06/18/2024 | 131 | NOTICE to Take Deposition by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/18/2024) |
| 06/18/2024 | | DOCKET ANNOTATION as to # 126 , 127 , 128 , 129 , 130 : Division name missing. Attorney is directed to use "Northern Division" in future filings. (LAT) (Entered: 06/18/2024) |
| 06/20/2024 | 132 | NOTICE to Take Deposition of Gregory Griffith by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/20/2024) |
| 06/20/2024 | 133 | NOTICE to Take Deposition of Tim Kalich by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/20/2024) |
| 06/20/2024 | 134 | NOTICE to Take Deposition of Jack Ryan by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/20/2024) |
| 06/20/2024 | 135 | NOTICE to Take Deposition of Tony Huffman by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/20/2024) |
| 06/20/2024 | 136 | NOTICE to Take Deposition of 30(b)(6) of Emmerich Newspapers, Incorporated by Particle Media, Inc. (Attachments: # 1 Exhibit A - 30(b)(6) Topics)(Carmody, Stephen) (Entered: 06/20/2024) |
| 06/20/2024 | 137 | NOTICE to Take Deposition of Wyatt Emmerich by Particle Media, Inc. (Carmody, |

| | | |
|---|---|---|
| | | Stephen) (Entered: 06/20/2024) |
| 06/20/2024 | 138 | Third NOTICE of Service of Response to Request for Admissions by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/20/2024) |
| 06/20/2024 | | DOCKET ANNOTATION as to # 138 : This document notices service of multipleforms of discovery. Each event should be separately docketed. The same PDFdocument may be used for all entries. Attorney is advised to docket additionalevents as needed. These events are found in the electronic docketing systemunder Discovery Documents. (LAT) (Entered: 06/20/2024) |
| 06/21/2024 | 139 | REPLY to Response to Motion re 108 MOTION to Compel *Discovery Responses* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/21/2024) |
| 06/21/2024 | 140 | Emergency MOTION for Protective Order *to limit the scope of Plaintiff's Notice of 30(B)(6) Deposition* by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/21/2024) |
| 06/23/2024 | 141 | NOTICE of Service of *Supplemental Revised* Designation of Experts by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/23/2024) |
| 06/24/2024 | | Set Hearings: Telephonic Discovery Conference set for 6/26/2024 0:00 AM before Magistrate Judge Michael T. Parker. Counsel shall dial 888.273.3658, code 1055457 to connect to the call. (KPM) (Entered: 06/24/2024) |
| 06/24/2024 | | Reset Hearings: Telephonic Discovery Conference set for 6/26/2024 9:00 AM before Magistrate Judge Michael T. Parker. Counsel shall dial 888.273.3658, code 1055457 to connect to the call. (This entry correct the prior entry which contained a typographical error.) (KPM) (Entered: 06/24/2024) |
| 06/24/2024 | 142 | Supplemental MOTION for Protective Order *(Supplemental Urgent and Necessitous Motion for Protective Order to Limit the Scope of Plaintiff's Notice of 30(b)(6) Deposition of Particle Media, Inc.)* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Correspondence re Page Views)(Carmody, Stephen) (Entered: 06/24/2024) |
| 06/24/2024 | 143 | MOTION to Strike *(Urgent and Necessitous Motion to Strike Plaintiff's Supplemental Revised Designation of Experts and the Supplemental Expert Witness Report of Gregory Griffith)* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Plaintiff's Initial Designation, # 2 Exhibit 2 - Particle Media's Designation of Experts, # 3 Exhibit 3 - Plaintiff's Revised Designation, # 4 Exhibit 4 - June 12 Damages Email, # 5 Exhibit 5 - June 17 Damages Email, # 6 Exhibit 6 - June 19 Damages Emails, # 7 Exhibit 7 - First June 19 Supplementation Email, # 8 Exhibit 8 - Second June 19 Supplementation Email, # 9 Exhibit 9 - Initial Griffith Report)(Carmody, Stephen) (Entered: 06/24/2024) |
| 06/24/2024 | 144 | MEMORANDUM in Support re 143 MOTION to Strike *(Urgent and Necessitous Motion to Strike Plaintiff's Supplemental Revised Designation of Experts and the Supplemental Expert Witness Report of Gregory Griffith)* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 06/24/2024) |
| 06/25/2024 | 145 | MOTION for Leave to File *Surreply* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Proposed Surreply)(Carmody, Stephen) (Entered: 06/25/2024) |
| 06/25/2024 | 146 | ORDER, as set forth herein, denying 43 Motion for Partial Summary Judgment; denying 45 Motion for Partial Summary Judgment; denying 48 Motion for Partial Summary Judgment and directing plaintiff to file a notice of voluntary dismissal of all claims based on content which is not subject to copyright protection. Signed by District Judge Tom S. Lee on June 25, 2024 (DCL) (Entered: 06/25/2024) |

| | | |
|---|---|---|
| 06/25/2024 | 147 | RESPONSE in Opposition re 140 Emergency MOTION for Protective Order *to limit the scope of Plaintiff's Notice of 30(B)(6) Deposition* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 06/25/2024) |
| 06/25/2024 | 148 | RESPONSE in Opposition re 142 Supplemental MOTION for Protective Order *(Supplemental Urgent and Necessitous Motion for Protective Order to Limit the Scope of Plaintiff's Notice of 30(b)(6) Deposition of Particle Media, Inc.)* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Page Views by Article, # 2 Exhibit First Spoliation Letter, # 3 Exhibit Second Spoliation Letter)(Carroll, Wilson) (Entered: 06/25/2024) |
| 06/26/2024 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephonic Discovery Conference held on 6/26/2024 to address a number of pending discovery motions. Rulings were made and orders will be entered. PARTICIPANTS: Wilson Carroll for plaintiff; Stephen Carmody and Karen Howell for defendant. (KPM) (Entered: 06/26/2024) |
| 06/26/2024 | | TEXT ONLY ORDER. The Court finds that the Motion to Strike 143 should be afforded expedited consideration. Plaintiff shall file its response to the motion by July 3, 2024. Any reply shall be filed by July 5, 2024. NO FURTHER WRITTEN ORDER WILL ISSUE. Signed by Magistrate Judge Michael T. Parker on June 26, 2024. (ST) (Entered: 06/26/2024) |
| 06/26/2024 | 149 | ORDER denying 140 Motion for Protective Order; denying 142 Motion for Protective Order. Signed by Magistrate Judge Michael T. Parker on June 26, 2024.(ST) (Entered: 06/26/2024) |
| 06/28/2024 | 150 | ORDER denying 108 Motion to Compel; denying 145 Motion for Leave to File Sur-reply. Signed by Magistrate Judge Michael T. Parker on June 28, 2024. (ST) (Entered: 06/28/2024) |
| 07/01/2024 | 151 | ***ERROR***DISREGARD THIS ENTRY.***Fourth NOTICE of Service of *Supplemental* Response to Interrogatories by Emmerich Newspapers, Incorporated (Carroll, Wilson) Modified on 7/2/2024 (LAT). (Entered: 07/01/2024) |
| 07/02/2024 | | DOCKET ANNOTATION as to # 151 : Incorrect event chosen. This document should have been docketed as response to request for production. Attorney is directed to refile using correct event. (LAT) (Entered: 07/02/2024) |
| 07/02/2024 | 152 | NOTICE of Service of *Supplemental* Response to Interrogatories by Particle Media, Inc. (Howell, Karen) (Entered: 07/02/2024) |
| 07/02/2024 | 153 | NOTICE of Service of *Supplemental* Response to Request for Production by Particle Media, Inc. (Howell, Karen) (Entered: 07/02/2024) |
| 07/02/2024 | 154 | NOTICE of Service of Designation of Experts by Particle Media, Inc. (Howell, Karen) (Entered: 07/02/2024) |
| 07/02/2024 | 155 | NOTICE of Service of *Supplemental* Designation of Experts by Particle Media, Inc. (Howell, Karen) (Entered: 07/02/2024) |
| 07/03/2024 | | DOCKET ANNOTATION as to # 152 , 153 , 154 , 155 : Division name missing. Attorney is directed to use "Northern Division" in future filings. (LAT) (Entered: 07/03/2024) |
| 07/03/2024 | 156 | RESPONSE in Opposition re 143 MOTION to Strike *(Urgent and Necessitous Motion to Strike Plaintiff's Supplemental Revised Designation of Experts and the Supplemental* |

| | | |
|---|---|---|
| | | *Expert Witness Report of Gregory Griffith)* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Gianturco Deposition Transcript)(Carroll, Wilson) (Entered: 07/03/2024) |
| 07/03/2024 | 157 | MEMORANDUM in Opposition re 143 MOTION to Strike *(Urgent and Necessitous Motion to Strike Plaintiff's Supplemental Revised Designation of Experts and the Supplemental Expert Witness Report of Gregory Griffith)* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 07/03/2024) |
| 07/04/2024 | 158 | NOTICE of Voluntary Dismissal by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit List of Articles Voluntarily Dismissed)(Carroll, Wilson) (Entered: 07/04/2024) |
| 07/05/2024 | 159 | NOTICE of Voluntary Dismissal by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit List of Remaining Photos)(Carroll, Wilson) (Entered: 07/05/2024) |
| 07/05/2024 | 160 | REPLY to Response to Motion re 143 MOTION to Strike *(Urgent and Necessitous Motion to Strike Plaintiff's Supplemental Revised Designation of Experts and the Supplemental Expert Witness Report of Gregory Griffith)* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Gianturco Excerpts, # 2 Exhibit 2 - Huffman Depo)(Carmody, Stephen) (Entered: 07/05/2024) |
| 07/08/2024 | | Set Hearings: Telephone Conference set for 7/9/2024 1:30 PM before Magistrate Judge Michael T. Parker. Counsel shall dial 888.273.3658, code 1055457 to connect to the call. (KPM) (Entered: 07/08/2024) |
| 07/09/2024 | | Minute Entry for proceedings held before Magistrate Judge Michael T. Parker: Telephone Conference held on 7/9/2024. The parties moved to extend the Daubert and dispositive motions deadline. An order will be entered. PARTICIPANTS: Wilson Carroll for plaintiff; Stephen Carmody and Karen Howell for defendant. (KPM) (Entered: 07/09/2024) |
| 07/09/2024 | | JOINT ORE TENUS MOTION to Extend Daubert and Dispositive Motions Deadline. (ST) (Entered: 07/09/2024) |
| 07/09/2024 | 161 | ORDER granting Joint Ore Tenus Motion to Extend Daubert and Dispositive Motions Deadline. Motions due by 7/22/2024. Signed by Magistrate Judge Michael T. Parker on July 9, 2024. (ST) (Entered: 07/09/2024) |
| 07/11/2024 | 162 | Joint MOTION to Extend Response and Reply Deadline to Daubert and Dispositive Motions Deadline by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/11/2024) |
| 07/15/2024 | 163 | ORDER granting in part and denying in part 143 MOTION to Strike (Urgent and Necessitous Motion to Strike Plaintiff's Supplemental Revised Designation of Experts and the Supplemental Expert Witness Report of Gregory Griffith). Signed by Magistrate Judge Michael T. Parker on July 15, 2024. (ST) (Entered: 07/15/2024) |
| 07/17/2024 | 164 | NOTICE of Service of *Second Supplemental* Designation of Experts by Particle Media, Inc. (Howell, Karen) (Entered: 07/17/2024) |
| 07/22/2024 | 165 | MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 166 | MEMORANDUM in Support re 165 MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |

| | | |
|---|---|---|
| 07/22/2024 | 167 | MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 168 | MEMORANDUM in Support re 167 MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 169 | MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 170 | MEMORANDUM in Support re 169 MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 171 | MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 172 | MEMORANDUM in Support re 171 MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 173 | MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 174 | MEMORANDUM in Support re 173 MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | | TEXT ONLY ORDER granting 165 unopposed Motion for Leave to File Document Restricted; granting 167 unopposed Motion for Leave to File Document Restricted; granting 169 unopposed Motion for Leave to File Document Restricted; granting 171 unopposed Motion for Leave to File Document Restricted; granting 173 unopposed Motion for Leave to File Document Restricted. Signed by District Judge Tom S. Lee on July 22, 2024. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 07/22/2024) |
| 07/22/2024 | 175 | MOTION to Exclude *Expert Testimony of Wyatt Emmerich as to Damages* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Declaration of Xiliang Randy Zhong, # 2 Exhibit 4 - Excerpts of Deposition of Wyatt Emmerich, # 3 Exhibit 5 - 2024 Conveyance, # 4 Exhibit 6 - 2022 30(b)(6) of Particle Media, # 5 Exhibit 7 - Plaintiff's Discovery Resp., # 6 Exhibit 8 - Plaintiff's Initial Designation, # 7 Exhibit 9 - Initial Report of Anthony Huffman, # 8 Exhibit 10 - Plaintiff's Initial Damages Calculations, # 9 Exhibit 11 - Plaintiff's Revised Designation, # 10 Exhibit 12 - June 12 Damages Email, # 11 Exhibit 13 - First Revised Damages Calculations, # 12 Exhibit 14 - June 17 Damages Email, # 13 Exhibit 15 - Second Revised Damages Calculations, # 14 Exhibit 16 - June 19 Damages Emails, # 15 Exhibit 17 - Third Revised Damages Calculations, # 16 Exhibit 18 - June 21 Correspondence, # 17 Exhibit 19 - Huffman Depo, # 18 Exhibit 20 - Zoltowski Report, # 19 Exhibit 21 - Referral Traffic to Emmerich Websites, # 20 Exhibit 24 - Google's Cut, # 21 Exhibit 25 - 2022 Zoltowski Depo.)(Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 176 | MEMORANDUM in Support re 175 MOTION to Exclude *Expert Testimony of Wyatt Emmerich as to Damages* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 177 | MOTION to Exclude *Expert Testimony of Anthony L. Huffman* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Declaration of Xiliang Randy Zhong, # 2 Exhibit 4 - W. |

| | | |
|---|---|---|
| | | Emmerich Depo., # 3 Exhibit 5 - 2024 Conveyance, # 4 Exhibit 6 - 2022 30(b)(6) of Particle Media, # 5 Exhibit 7 - Plaintiff's Discovery Resp., # 6 Exhibit 8 - Plaintiff's Initial Designation, # 7 Exhibit 9 - Huffman's Initial Report, # 8 Exhibit 10 - Plaintiff's Initial Damages Calculations, # 9 Exhibit 11 - Supplemental Huffman Report, # 10 Exhibit 12 - Plaintiff's Revised Designation, # 11 Exhibit 13 - June 12 Damages Email, # 12 Exhibit 14 - First Revised Damages Calculations, # 13 Exhibit 15 - June 17 Damages Email, # 14 Exhibit 16 - Second Revised Damages Calculations, # 15 Exhibit 17 - June 19 Damages Emails, # 16 Exhibit 18 - Third Revised Damages Calculations, # 17 Exhibit 19 - June 21 Correspondence, # 18 Exhibit 20 - A. Huffman Depo., # 19 Exhibit 21 - Referral Traffic to Emmerich Websites, # 20 Exhibit 22 - Zoltowski Report, # 21 Exhibit 25 - Google's Cut, # 22 Exhibit 26 - 2022 Zoltowski Depo., # 23 Exhibit 27 - AICPA Statement of Standards for Forensic Services)(Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 178 | MEMORANDUM in Support re 177 MOTION to Exclude *Expert Testimony of Anthony L. Huffman* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 179 | MOTION for Partial Summary Judgment *of Plaintiff's Circumvention and Trafficking Claims* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Declaration of Xiliang Randy Zhong, # 2 Exhibit 2 - Sell Report, # 3 Exhibit 5 - Share Examples, # 4 Exhibit 6 - 2022 30(b)(6) of Particle Media, # 5 Exhibit 7 - Excerpts of Plaintiff's Discovery Responses, # 6 Exhibit 8 - Particle Media Terms of Use, # 7 Exhibit 9 - Circumvention List, # 8 Exhibit 10 - Publisher Emails, # 9 Exhibit 11 - Paywall Examples, # 10 Exhibit 12 - Particle Media's Designation of Experts, # 11 Exhibit 13 - Supplemental Griffith Report, # 12 Exhibit 14 - 2024 Griffith Depo., # 13 Exhibit 16 - 2024 EN 30(b)(6), # 14 Exhibit 17 - Ryan Depo., # 15 Exhibit 18 - Ryan Depo., # 16 Exhibit 19 - EJ Free Content, # 17 Exhibit 20 - GWC Free Content, # 18 Exhibit 21 - Zhong Depo., # 19 Exhibit 22 - W. Emmerich Depo., # 20 Exhibit 23 - Greenwood Commonwealth Full Text Examples, # 21 Exhibit 24 - Enterprise-Journal Full Text Examples, # 22 Exhibit 25 - 2022 EN 30(b)(6), # 23 Exhibit 26 - Dated List)(Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 180 | MEMORANDUM in Support re 179 MOTION for Partial Summary Judgment *of Plaintiff's Circumvention and Trafficking Claims* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 181 | MOTION for Summary Judgment by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Circumvention List, # 2 Exhibit B - CMI Full Text View List, # 3 Exhibit C - CMI Framed View List, # 4 Exhibit D - Copyright Infringement List - Full Text View, # 5 Exhibit E - Copyright Infringement List - Framed View, # 6 Exhibit F - First Wyatt Emmerich Affidavit, # 7 Exhibit G - Greg Griffith Affidavit, # 8 Exhibit H - Tim Kalich Affidavit, # 9 Exhibit I - Tim Kalich Affidavit, # 10 Exhibit J - First Zhong Deposition Transcript, # 11 Exhibit K - Second Zhong Deposition Transcript, # 12 Exhibit L - Third Zhong Deposition Transcript, # 13 Exhibit M - Order of Dismissal, # 14 Exhibit N - Second Wyatt Emmerich Affidavit, # 15 Exhibit O - Gianturco Transcript, # 16 Exhibit P - Blake Sell Report, # 17 Exhibit Q - List of Copyrighted Photographs, # 18 Exhibit R - Statement of Undisputed Material Facts)(Carroll, Wilson) (Entered: 07/22/2024) |
| 07/22/2024 | 182 | MEMORANDUM in Support re 181 MOTION for Summary Judgment filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 07/22/2024) |
| 07/22/2024 | 183 | MOTION to Exclude *Testimony of Neil Zoltowski* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Zoltowski Transcript)(Carroll, Wilson) (Entered: 07/22/2024) |
| 07/22/2024 | 184 | MOTION for Partial Summary Judgment *of Plaintiff's Copyright Management Information Claims* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Declaration of |

| | | |
|---|---|---|
| | | Xiliang Randy Zhong, # 2 Exhibit 2 - Sell Report, # 3 Exhibit 5 - Share Examples, # 4 Exhibit 6 - Griffith Depo., # 5 Exhibit 7 - 2022 PM Depo., # 6 Exhibit 8 - Plaintiff's Discovery Resp., # 7 Exhibit 9 - Particle Media Terms of Use, # 8 Exhibit 11 - URL Example, # 9 Exhibit 12 - URL List, # 10 Exhibit 13 - Byline Examples, # 11 Exhibit 14 - Menu Examples, # 12 Exhibit 16 - 2022 Griffith Depo., # 13 Exhibit 17 - Glitch Example, # 14 Exhibit 18 - Prince Email, # 15 Exhibit 19 - Imes Depo., # 16 Exhibit 20 - Google Analytics, # 17 Exhibit 21 - Referral Traffic to Emmerich Websites, # 18 Exhibit 22 - Sell Depo., # 19 Exhibit 23 - Non-Ownership/Relinquished Claims, # 20 Exhibit 24 - Work for Hire Summary)(Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 185 | MEMORANDUM in Support re 184 MOTION for Partial Summary Judgment *of Plaintiff's Copyright Management Information Claims* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 186 | MOTION for Partial Summary Judgment *on Plaintiff's Copyright Infringement Claims* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Declaration of Xiliang Randy Zhong, # 2 Exhibit 2 - Sell Report, # 3 Exhibit 5 - Share Examples, # 4 Exhibit 6 - Griffith Depo., # 5 Exhibit 7 - 2022 PM Depo., # 6 Exhibit 8 - Plaintiff's Discovery Resp., # 7 Exhibit 9 - Particle Media Terms of Use, # 8 Exhibit 10 - May Infringement List, # 9 Exhibit 11 - 2024 30(b)(6) of Plaintiff, # 10 Exhibit 12 - Copyright Office Correspondence Example, # 11 Exhibit 13 - Previously Published Articles, # 12 Exhibit 14 - Not Owned by Plaintiff/Relinquished, # 13 Exhibit 15 - "Work for Hire" Summary and Agreements, # 14 Exhibit 16 - Article Not in Referenced E-Edition, # 15 Exhibit 17 - Not Copyrightable, # 16 Exhibit 18 - Certificate of Registration for Photographs, # 17 Exhibit 19 - AP Photo Evidence, # 18 Exhibit 20 - W. Emmerich Depo., # 19 Exhibit 21 - Unregistered Pictures, # 20 Exhibit 22 - Google Analytics, # 21 Exhibit 23 - Referral Traffic to Emmerich Websites, # 22 Exhibit 24 - Prince Email, # 23 Exhibit 25 - Pre-June 20, 2020 Articles)(Carmody, Stephen) (Entered: 07/22/2024) |
| 07/22/2024 | 187 | MEMORANDUM in Support re 186 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Infringement Claims* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 07/22/2024) |
| 07/23/2024 | 188 | NOTICE OF CONVENTIONAL FILING filed by Particle Media, Inc. (Attachments: # 1 Exhibit A - Text Only Order filed on 7/22/2024)(PG) (Entered: 07/23/2024) |
| 07/23/2024 | 189 | *RESTRICTED* DOCUMENT (Exhibit 2 - Corporate Data) 188 Notice of Conventional Filing filed by Particle Media, Inc., 177 MOTION to Exclude Expert Testimony of Anthony L. Huffman filed by Particle Media, Inc. (Attachments: # 1 Exhibit 3 Plaintiff's Historical Financials, # 2 Exhibit 23 - Example P&L Comparison, # 3 Exhibit 24 - Excerpts of Particle Media Discovery Responses)(PG) (Entered: 07/23/2024) |
| 07/23/2024 | 190 | *RESTRICTED* DOCUMENT (Exhibit - 3 Excerpts of Particle Media Discovery Responses) re 188 Notice of Conventional Filing filed by Particle Media, Inc., 184 MOTION for Partial Summary Judgment of Plaintiff's Copyright Management Information Claims filed by Particle Media, Inc. (Attachments: # 1 Exhibit 4 - Expert Report of Mark Gianturco, # 2 Exhibit 10 - Declaration of Mark Gianturco, # 3 Exhibit 15 - Excerpts of the 2024 Deposition of Xiliang "Randy" Zhong)(PG) (Entered: 07/23/2024) |
| 07/23/2024 | 191 | *RESTRICTED* DOCUMENT (Exhibit 3 - Excerpts of Particle Media Discovery Responses) re 188 Notice of Conventional Filing filed by Particle Media, Inc., 179 MOTION for Partial Summary Judgment of Plaintiff's Circumvention and Trafficking Claims filed by Particle Media, Inc. (Attachments: # 1 Exhibit 4 - Expert Report of Dr. Mark Gianturco, # 2 Exhibit 15 - Expert Declaration of Dr. Mark Gianturco)(PG) (Entered: 07/23/2024) |

| | | |
|---|---|---|
| 07/23/2024 | 192 | *RESTRICTED* DOCUMENT (Exhibit 3 - Excerpts of Particle Media Discovery Responses) re 188 Notice of Conventional Filing filed by Particle Media, Inc., 186 MOTION for Partial Summary Judgment on Plaintiff's Copyright Infringement Claims filed by Particle Media, Inc. (Attachments: # 1 Exhibit 4 - Expert Report of Mark Gianturco)(PG) (Entered: 07/23/2024) |
| 07/23/2024 | 193 | *RESTRICTED* DOCUMENT (Exhibit 2 - Corporate Data) re 188 Notice of Conventional Filing filed by Particle Media, Inc., 175 MOTION to Exclude Expert Testimony of Wyatt Emmerich as to Damages filed by Particle Media, Inc. (Attachments: # 1 Exhibit 3 - Plaintiff's Historical Financials, # 2 Exhibit 22 - Example P&L Comparison, # 3 Exhibit 23 - Excerpts of Particle Media Discovery Responses)(PG) (Entered: 07/23/2024) |
| 07/23/2024 | | TEXT ONLY ORDER granting 162 Motion to Extend Deadlines. Response and reply times for the pending Daubert and dispositive motions are extended to 21 and 10 days, respectively. NO FURTHER WRITTEN ORDER WILL BE ISSUED. Signed by District Judge Tom S. Lee on 7/23/2024 (CP) (Entered: 07/23/2024) |
| 07/25/2024 | 194 | NOTICE of Service of *Supplemental* Designation of Experts by Particle Media, Inc. (Howell, Karen) (Entered: 07/25/2024) |
| 07/29/2024 | 195 | MOTION to Exclude *Report and Testimony of Mark Gianturco* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - First Wyatt Emmerich Affiavit, # 2 Exhibit B - Jack Ryan Affidavit, # 3 Exhibit C - Tim Kalich Affidavit, # 4 Exhibit D - First Zhong Transcript, # 5 Exhibit E - Second Wyatt Emmerich Affidavit, # 6 Exhibit F - Second Zhong Transcript, # 7 Exhibit G - Particle 30(b)(6) Transcript)(Carroll, Wilson) (Entered: 07/29/2024) |
| 07/29/2024 | 196 | MEMORANDUM in Support re 195 MOTION to Exclude *Report and Testimony of Mark Gianturco* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 07/29/2024) |
| 08/09/2024 | 197 | Joint MOTION for Leave to File Excess Pages by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/09/2024) |
| 08/09/2024 | 198 | MOTION for Extension of Time to File Response/Reply as to 175 MOTION to Exclude *Expert Testimony of Wyatt Emmerich as to Damages*, 183 MOTION to Exclude *Testimony of Neil Zoltowski*, 195 MOTION to Exclude *Report and Testimony of Mark Gianturco*, 177 MOTION to Exclude *Expert Testimony of Anthony L. Huffman* by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/09/2024) |
| 08/09/2024 | | TEXT ONLY ORDER granting 198 Motion for Extension of Time to File Response as to 175 MOTION to Exclude *Expert Testimony of Wyatt Emmerich as to Damages*, 183 MOTION to Exclude *Testimony of Neil Zoltowski*, 195 MOTION to Exclude *Report and Testimony of Mark Gianturco*, 177 MOTION to Exclude *Expert Testimony of Anthony L. Huffman*. Responses due by 8/19/2024. Signed by District Judge Tom S. Lee on August 9, 2024. NO FURTHER WRITTEN ORDER TO ENTER. (DCL) (Entered: 08/09/2024) |
| 08/12/2024 | 199 | MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/12/2024) |
| 08/12/2024 | 200 | MEMORANDUM in Support re 199 MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/12/2024) |
| 08/12/2024 | | |

| | | |
|---|---|---|
| | | TEXT ONLY ORDER granting 197 joint Motion for Leave to File Excess Pages. Parties may file excess pages as indicated in the motion. Signed by District Judge Tom S. Lee on August 12, 2024. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 08/12/2024) |
| 08/12/2024 | | TEXT ONLY ORDER granting 199 Motion for Leave to File Documents as Restricted from Public Access. Signed by District Judge Tom S. Lee on August 12, 2024. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 08/12/2024) |
| 08/12/2024 | 201 | RESPONSE in Opposition re 186 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Infringement Claims* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Copyright Infringement List - Full Text View, # 2 Exhibit Copyright Infringement List - Framed View, # 3 Exhibit Copyright Infringement - Full Tex, # 4 Exhibit Circumvention List, # 5 Exhibit Circumvention - Full Text, # 6 Exhibit CMI Alteration List, # 7 Exhibit CMI Alteration - Full Text- Part 1, # 8 Exhibit CMI Alteration - Full Text - Part 2, # 9 Exhibit CMI Alteration List - Framed View, # 10 Exhibit Wyatt Emmerich Affidavit, # 11 Exhibit Jack Ryan Affidavit, # 12 Exhibit Tim Kalich Affidavit, # 13 Exhibit First Zhong Transcript, # 14 Exhibit Third Wyatt Emmerich Affidavit, # 15 Exhibit Second Zhong Transcript, # 16 Exhibit Particle 30(b)(6) Transcript, # 17 Exhibit Blake Sell Report)(Carroll, Wilson) (Entered: 08/12/2024) |
| 08/12/2024 | 202 | MEMORANDUM in Opposition re 186 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Infringement Claims* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/12/2024) |
| 08/12/2024 | 203 | RESPONSE in Opposition re 179 MOTION for Partial Summary Judgment *of Plaintiff's Circumvention and Trafficking Claims* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Second Wyatt Emmerich Affidavit, # 2 Exhibit Wyatt Emmerich Affidavit, # 3 Exhibit Jack Ryan Affidavit, # 4 Exhibit Tim Kalich Affidavit, # 5 Exhibit Circumvention List, # 6 Exhibit Circumvention - Full Text, # 7 Exhibit Second Tim Kalich Affidavit, # 8 Exhibit Second Jack Ryan Affidavit, # 9 Exhibit First Zhong Transcript, # 10 Exhibit Particle 30(b)(6) Transcript)(Carroll, Wilson) (Entered: 08/12/2024) |
| 08/12/2024 | 204 | MEMORANDUM in Opposition re 179 MOTION for Partial Summary Judgment *of Plaintiff's Circumvention and Trafficking Claims* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/12/2024) |
| 08/12/2024 | 205 | MEMORANDUM in Opposition re 181 MOTION for Summary Judgment filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Declaration of Xiliang "Randy" Zhong, # 2 Exhibit 2 - Expert Report of Blake Sell, # 3 Exhibit 3 - Excerpts of 06-13-24 Deposition of Randy Zhong, # 4 Exhibit 4 - Under Seal, # 5 Exhibit 5 - Under Seal, # 6 Exhibit 6 - Excerpts of Particle Media Discovery Responses, # 7 Exhibit 7 - Share Examples, # 8 Exhibit 8 - Excerpts of 2024 Deposition of Greg Griffith, # 9 Exhibit 9 - Excerpts of 2022 30(b)(6) Deposition of Particle Media, # 10 Exhibit 10 - Excerpts of Plaintiff's Discovery Responses, # 11 Exhibit 11 - Particle Media Terms of Use, # 12 Exhibit 12 - Excerpts of 2024 Deposition of Wyatt Emmerich, # 13 Exhibit 13 - Excerpts of 2024 30(b)(6) Deposition of Plaintif, # 14 Exhibit 14 - Copyright Office Correspondence Example, # 15 Exhibit 15 - Previously Published - Self-Hosted Infringement List, # 16 Exhibit 16 - Previously Published - Browser Infringement List, # 17 Exhibit 17 - Non-Ownership - Self-Hosted Infringement List, # 18 Exhibit 18 - Non-Ownership - Browser Infringement List, # 19 Exhibit 19 - "Work for Hire" Summary and Lists, # 20 Exhibit 20 - Articles not in E-Edition, # 21 Exhibit 21 - Non-Copyrightable Infringement List, # 22 Exhibit 22 - Copyright Infringement List Church and Calendar Examples, # 23 Exhibit 23 - Dismissed Infringement Claims, # 24 |

| | | |
|---|---|---|
| | | Exhibit 24 - Registration Certificate for Photographs, # 25 Exhibit 25 - AP Photograph Evidence, # 26 Exhibit 26 - Unregistered Photographs, # 27 Exhibit 27 - Supplemental Declaration of Randy Zhong, # 28 Exhibit 28 - Google Anlytics, # 29 Exhibit 29 - Referral Traffic to Emmerich Websites, # 30 Exhibit 30 - Excerpts of 2024 30(B)(6) Deposition of Particle Media, # 31 Exhibit 31 - Prince Email, # 32 Exhibit 32 - Publisher Emails, # 33 Exhibit 33 - Excerpts of Deposition of Jack Ryan, # 34 Exhibit 34 - Excerpts of Deposition of Tim Kalich, # 35 Exhibit 35 - Enterprise-Journal Free Content, # 36 Exhibit 36 - Greenwood Commonwealth Free Content, # 37 Exhibit 37 - Under Seal, # 38 Exhibit 38 - Excerpts of 2022 Deposition of Greg Griffith, # 39 Exhibit 39 - Paywall Examples, # 40 Exhibit 40 - Excerpts of Deposition of Mark Gianturco, # 41 Exhibit 41 - Greenwood Commonwealth Full Text Examples, # 42 Exhibit 42 - Enterprise-Journal Full Text Examples, # 43 Exhibit 43 - Under Seal, # 44 Exhibit 44 - Non-Ownership - Self-Hosted CMI List, # 45 Exhibit 45 - Non-Ownership - Browser CMI List, # 46 Exhibit 46 - Non-Copyrightable - Self-Hosted CMI List, # 47 Exhibit 47 - Non-Copyrightable - Browser CMI List, # 48 Exhibit 48 - CMI List Church and Calendar Examples, # 49 Exhibit 49 - Dismissed CMI Claims, # 50 Exhibit 50 - URL Examples, # 51 Exhibit 51 - CMI URL List, # 52 Exhibit 52 - Excerpts of 2022 30(b)(6) Deposition of Plaintiff, # 53 Exhibit 53 - Glitch Examples, # 54 Exhibit 54 - Excerpts of Deposition of Blake Sell, # 55 Exhibit 55 - Plaintiff's Example of Webview, # 56 Exhibit 56 - WebView Examples, # 57 Exhibit 57 - Dismissed Circumvention Claims, # 58 Exhibit 58 - Response to Plaintiff's Statement of Undisputed Facts, # 59 Exhibit 59 - Partial Text)(Carmody, Stephen) (Entered: 08/12/2024) |
| 08/12/2024 | 206 | MEMORANDUM IN OPPOSITION re 181 MOTION for Summary Judgment filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/12/2024) |
| 08/13/2024 | 207 | RESPONSE in Opposition re 184 MOTION for Partial Summary Judgment *of Plaintiff's Copyright Management Information Claims* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Wyatt Emmerich Affidavit, # 2 Exhibit Jack Ryan Affidavit, # 3 Exhibit Tim Kalich Affidavit, # 4 Exhibit First Zoltowski Transcript, # 5 Exhibit Third Wyatt Emmerich Affidavavit, # 6 Exhibit CMI Alteration List - Full Text, # 7 Exhibit CMI Alteration Full Text - Part 1, # 8 Exhibit CMI Alteration Full Text - Part 2, # 9 Exhibit CMI Alteration List - Framed View, # 10 Exhibit Blake Sell Report, # 11 Exhibit Second Zhong Transcript, # 12 Exhibit Second Wyatt Emmerich Affidavit, # 13 Exhibit Greg Griffith Affidavit, # 14 Exhibit Particle 30(b)(6) Transcript)(Carroll, Wilson) (Entered: 08/13/2024) |
| 08/13/2024 | 208 | MEMORANDUM in Opposition re 184 MOTION for Partial Summary Judgment *of Plaintiff's Copyright Management Information Claims* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/13/2024) |
| 08/13/2024 | 209 | NOTICE OF CONVENTIONAL FILING by Particle Media, Inc., re TEXT ONLY Order on 199 Motion for Leave to File Document Under Seal or Restricted. (Attachments: # 1 Text Only Order filed on 8/12/2024)(PG) (Entered: 08/13/2024) |
| 08/13/2024 | 210 | *RESTRICTED* DOCUMENTS (Exhibit 4 - Expert Report of Mark Gianturco) re TEXT ONLY Order filed on 8/12/2024 on 199 Motion for Leave to File Document Under Seal or Restricted, 181 MOTION for Summary Judgment filed by Emmerich Newspapers, Incorporated, 205 Memorandum (Response) in Opposition to Motion, filed by Particle Media, Inc. (Attachments: # 1 Exhibit 5 - 6-13-24 Deposition (Confidential of Randy Zhong, # 2 Exhibit 37 - Declaration of Mark Gianturco, # 3 Exhibit 43 - Rebuttal Report of Mark Gianturco)(PG) (Entered: 08/13/2024) |
| 08/19/2024 | 211 | Unopposed MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/19/2024) |

| | | |
|---|---|---|
| 08/19/2024 | 212 | MEMORANDUM in Support re 211 Unopposed MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/19/2024) |
| 08/19/2024 | 213 | Unopposed MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/19/2024) |
| 08/19/2024 | 214 | MEMORANDUM in Support re 213 Unopposed MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/19/2024) |
| 08/19/2024 | | TEXT ONLY ORDER granting 211 unopposed Motion for Leave to File Document Restricted; granting 213 unopposed Motion for Leave to File Document Restricted Signed by District Judge Tom S. Lee on August 19, 2024. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 08/19/2024) |
| 08/19/2024 | 215 | RESPONSE to Motion re 195 MOTION to Exclude *Report and Testimony of Mark Gianturco* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Under Seal, # 2 Exhibit 2 - Excerpts of Deposition of Gianturco, # 3 Exhibit 3 - Under Seal, # 4 Exhibit 4 - Under Seal, # 5 Exhibit 5 - Excerpts of Deposition of Greg Griffith)(Carmody, Stephen) (Entered: 08/19/2024) |
| 08/19/2024 | 216 | MEMORANDUM IN OPPOSITION re 195 MOTION to Exclude *Report and Testimony of Mark Gianturco* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/19/2024) |
| 08/19/2024 | 217 | RESPONSE to Motion re 183 MOTION to Exclude *Testimony of Neil Zoltowski* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Under Seal)(Carmody, Stephen) (Entered: 08/19/2024) |
| 08/19/2024 | 218 | MEMORANDUM IN OPPOSITION re 183 MOTION to Exclude *Testimony of Neil Zoltowski* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/19/2024) |
| 08/19/2024 | 219 | RESPONSE in Opposition re 177 MOTION to Exclude *Expert Testimony of Anthony L. Huffman* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Emmerich's Initial Designation of Experts, # 2 Exhibit Emmerich's Amended Designation of Experts, # 3 Exhibit Fourth Wyatt Emmerich Affidavit, # 4 Exhibit Emmerich's Revised Damage Calculations, # 5 Exhibit Anthony Huffman Deposition Transcript)(Carroll, Wilson) (Entered: 08/19/2024) |
| 08/19/2024 | 220 | MEMORANDUM in Opposition re 177 MOTION to Exclude *Expert Testimony of Anthony L. Huffman* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/19/2024) |
| 08/19/2024 | 221 | RESPONSE in Opposition re 175 MOTION to Exclude *Expert Testimony of Wyatt Emmerich as to Damages* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Emmerich's Initial Designation of Experts, # 2 Exhibit Fourth Wyatt Emmerich Affidavit, # 3 Exhibit Emmerich's Revised Damage Calculations, # 4 Exhibit Anthony Huffman Deposition Transcript)(Carroll, Wilson) (Entered: 08/19/2024) |
| 08/19/2024 | 222 | MEMORANDUM in Opposition re 175 MOTION to Exclude *Expert Testimony of Wyatt Emmerich as to Damages* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/19/2024) |
| 08/19/2024 | 223 | NOTICE OF CONVENTIONAL FILING filed by Particle Media, Inc. (Attachments: # 1 Exhibit A Text Only Order filed 8/19/2024)(cwl) (Entered: 08/20/2024) |

| | | |
|---|---|---|
| 08/19/2024 | 224 | EXHIBIT (RESTRICTED): Exhibit 1 - Expert Report of Mark Gianturco, Related document: 215 Response to Motion, filed by Defendant Particle Media, Inc. (Attachments: # 1 Exhibit 3 - Rebuttal Report of Mark Gianturco, # 2 Exhibit 4 - Declaration of Dr. Gianturco)(cwl) (Entered: 08/20/2024) |
| 08/19/2024 | 225 | NOTICE OF CONVENTIONAL FILING filed by Particle Media, Inc. (Attachments: # 1 Exhibit A Text Only Order filed 8/19/2024)(cwl) (Entered: 08/20/2024) |
| 08/19/2024 | 226 | EXHIBIT (RESTRICTED): Exhibit 1 - 03/08/24 Report ofNeil J. Zoltowski. Related document: 217 Response to Motion filed by Defendant Particle Media, Inc. (cwl) (Entered: 08/20/2024) |
| 08/20/2024 | | DOCKET ANNOTATION as to #223, #224: Court staff modified docket to show filed dated of 8/19/2024 instead of 8/20/2024. (cwl) (Entered: 08/20/2024) |
| 08/22/2024 | 227 | Joint MOTION for Leave to File Excess Pages by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/22/2024) |
| 08/22/2024 | 228 | Joint MOTION for Extension of Time to File Response/Reply as to 175 MOTION to Exclude *Expert Testimony of Wyatt Emmerich as to Damages*, 183 MOTION to Exclude *Testimony of Neil Zoltowski*, 195 MOTION to Exclude *Report and Testimony of Mark Gianturco*, 177 MOTION to Exclude *Expert Testimony of Anthony L. Huffman* by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/22/2024) |
| 08/22/2024 | 229 | Unopposed MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/22/2024) |
| 08/22/2024 | 230 | REPLY to Response to Motion re 181 MOTION for Summary Judgment filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Fourth Wyatt Emmerich Affidavit, # 2 Exhibit Second Zhong Deposition, # 3 Exhibit Zhong Declaration, # 4 Exhibit Sell Report, # 5 Exhibit First Zoltowski Deposition, # 6 Exhibit First Wyatt Emmerich Affidavit, # 7 Exhibit Sell Transcript, # 8 Exhibit Greg Griffith Affidavit, # 9 Exhibit Particle 30(b)(6) Deposition, # 10 Exhibit Third Wyatt Emmerich Affidavit, # 11 Exhibit Tim Kalich Affidavit, # 12 Exhibit Jack Ryan Affidavit)(Carroll, Wilson) (Entered: 08/22/2024) |
| 08/22/2024 | 231 | AFFIDAVIT re 230 Reply to Response to 181 Motion for Summary Judgment, by Emmerich Newspapers, Incorporated (Carroll, Wilson) Modified on 8/23/2024 (LAT). (Entered: 08/22/2024) |
| 08/22/2024 | 232 | REPLY to Response to Motion re 179 MOTION for Partial Summary Judgment *of Plaintiff's Circumvention and Trafficking Claims* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 27 - Additional Excerpts of 2024 Griffith Deposition, # 2 Exhibit 28 - Zhong Second Supplemental Declaration, # 3 Exhibit 29 - Additional Zhong Deposition, # 4 Exhibit 30 - Google Analytics, # 5 Exhibit 31 - Referral Traffic to Emmerich Newspapers Websites, # 6 Exhibit 32 - Zhong Supplemental Declaration, # 7 Exhibit 33 - Under Seal, # 8 Exhibit 34 - Gianturco Deposition, # 9 Exhibit 35 - 2022 Griffith Deposition, # 10 Exhibit 36 - Additional Kalich Deposition)(Carmody, Stephen) (Entered: 08/22/2024) |
| 08/22/2024 | 233 | REPLY to Response to Motion re 186 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Infringement Claims* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 26 - Challenged Articles Discovery, # 2 Exhibit 27 - Additional Emmerich Newspapers Discovery Responses, # 3 Exhibit 28 - Additional Wyatt Emmerich Deposition, # 4 Exhibit 29 - 2021 Article Examples, # 5 Exhibit 30 - Zhong Second Supplemental Declaration, # 6 Exhibit 31 - Gianturco Deposition, # 7 Exhibit 32 - Zhong |

| | | |
|---|---|---|
| | | Deposition, # 8 Exhibit 33 - Additional 2024 Emmerich Newspapers 30b6, # 9 Exhibit 34 - Emmerich Newspapers Webview, # 10 Exhibit 35 - Zhong Supplemental Declaration, # 11 Exhibit 36 - 2024 Particle Media 30b6 Deposition, # 12 Exhibit 37 - Additional Particle Media Discovery Responses, # 13 Exhibit 38 - Page Views, # 14 Exhibit 39 - Zoltowski Deposition)(Carmody, Stephen) (Entered: 08/22/2024) |
| 08/22/2024 | 234 | REPLY to Response to Motion re 184 MOTION for Partial Summary Judgment *of Plaintiff's Copyright Management Information Claims* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 25 - Additional 2024 Emmerich Newspapers 30b6 Deposition, # 2 Exhibit 26 - Challenged Articles Discovery, # 3 Exhibit 27 - Additional Zhong Deposition, # 4 Exhibit 28 - Additional 2022 Particle Media 30b6 Deposition, # 5 Exhibit 29 - Zhong Supplemental Declaration, # 6 Exhibit 30 - Zhong Second Supplemental Declaration, # 7 Exhibit 31 - 2024 Particle Media 30b6 Deposition, # 8 Exhibit 32 - Additional Particle Media Discovery Responses, # 9 Exhibit 33 - No URL at Bottom, # 10 Exhibit 34 - Gianturco Deposition, # 11 Exhibit 35 - 2022 Emmerich Newspapers 30b6 Deposition, # 12 Exhibit 36 - Emmerich Newspapers News Feed Example, # 13 Exhibit 37 - Emmerich Newspapers Web View, # 14 Exhibit 38 - Page Views, # 15 Exhibit 39 - Zoltowski Deposition, # 16 Exhibit 40 - Additional Griffith Deposition, # 17 Exhibit 41 - Sell Deposition)(Carmody, Stephen) (Entered: 08/22/2024) |
| 08/23/2024 | | TEXT ONLY ORDER granting 227 joint Motion for Leave to File Excess Pages on parties' respective replies to motions for summary judgment. Signed by District Judge Tom S. Lee on August 23, 2024. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 08/23/2024) |
| 08/23/2024 | | TEXT ONLY ORDER granting 228 joint Motion for Extension of Time to File Replies as to parties' respective pending motions to exclude at DKts. 175 , 177 , 183 and 195 . Replies due by 8/30/2024. Signed by District Judge Tom S. Lee on August 23, 2024. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 08/23/2024) |
| 08/23/2024 | | TEXT ONLY ORDER granting 229 unopposed Motion for Leave to File Restricted to case participants. Signed by District Judge Tom S. Lee on August 23, 2024. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 08/23/2024) |
| 08/23/2024 | 235 | NOTICE OF CONVENTIONAL FILING re Text Only Order on 229 Motion for Leave to File Document Under Seal or Restricted filed by Particle Media, Inc. (Attachments: # 1 Exhibit A - TEXT ONLY ORDER filed on 8/23/2024)(PG) (Entered: 08/23/2024) |
| 08/23/2024 | 236 | *RESTRICTED* DOCUMENT (Exhibit 33 Rebuttal Report of Mark Gianturco) 235 Notice of Conventional Filing filed by Particle Media, Inc., Text Only Order on 229 Motion for Leave to File Document Under Seal or Restricted, 232 Reply to Response to Motion, filed by Particle Media, Inc. (PG) (Entered: 08/23/2024) |
| 08/30/2024 | 237 | REPLY to Response to Motion re 175 MOTION to Exclude *Expert Testimony of Wyatt Emmerich as to Damages* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 08/30/2024) |
| 08/30/2024 | 238 | REPLY to Response to Motion re 177 MOTION to Exclude *Expert Testimony of Anthony L. Huffman* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 29 - Additional Excerpts of Huffman Deposition)(Carmody, Stephen) (Entered: 08/30/2024) |
| 08/30/2024 | 239 | REPLY to Response to Motion re 183 MOTION to Exclude *Testimony of Neil Zoltowski* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/30/2024) |
| 08/30/2024 | 240 | REPLY to Response to Motion re 196 Memorandum in Support of Motion filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/30/2024) |

| | | |
|---|---|---|
| 09/06/2024 | 241 | Joint MOTION to Extend Deadline for Parties to Schedule and Complete Mediation or a Private Settlement Conference Deadline by Particle Media, Inc. (Carmody, Stephen) (Entered: 09/06/2024) |
| 09/10/2024 | | TEXT ONLY ORDER granting 241 Joint Motion to Extend Deadline. The deadline for the parties to complete private mediation or a private settlement conference is hereby extended to 10/6/24. No further written order will issue. Signed by Magistrate Judge Michael T. Parker on September 10, 2024 (KPM) (Entered: 09/10/2024) |
| 09/27/2024 | 242 | Joint MOTION to Extend Time to Complete Mediation or a Private Settlement Conference Deadline by Particle Media, Inc. (Carmody, Stephen) (Entered: 09/27/2024) |
| 09/30/2024 | | TEXT ONLY ORDER granting 242 Joint Motion to Extend Deadline. The deadline for the parties to complete private mediation or a private settlement conference is hereby extended to 10/31/2024. No further written order will issue. Signed by Magistrate Judge Michael T. Parker on September 30, 2024. (ST) (Entered: 09/30/2024) |
| 10/15/2024 | 243 | NOTICE of Appearance by Jeff A. Weill, Sr on behalf of Emmerich Newspapers, Incorporated (Weill, Jeff) Modified on 10/16/2024 (LAT). (Entered: 10/15/2024) |
| 10/16/2024 | | DOCKET ANNOTATION as to # 243 : Advising attorney that each individual party's name should have been selected and not all plaintiffs. All plaintiffs should only be used if there is a voluminous number of parties that the attorney represents. Attorney is not required to re-file. (LAT) (Entered: 10/16/2024) |
| 10/22/2024 | 244 | ***ERROR***DISREGARD THIS ENTRY.***MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Howell, Karen) Modified on 10/22/2024 (PG). (Entered: 10/22/2024) |
| 10/22/2024 | | (Court only) ***Motions terminated: 244 MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc. (PG) (Entered: 10/22/2024) |
| 10/22/2024 | | DOCKET ANNOTATION as to Doc # 244 Attorney advises that there is an error in this entry, and it should be disregarded. Attorney will refile. (PG) (Entered: 10/22/2024) |
| 10/22/2024 | 245 | MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 10/22/2024) |
| 10/22/2024 | | TEXT ONLY ORDER granting 245 Motion for Leave to File Document as Restricted, Signed by District Judge Tom S. Lee on October 22, 2024. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 10/22/2024) |
| 10/22/2024 | 246 | MOTION in Limine by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Blake Sell Expert Report (Under Seal), # 2 Exhibit Particle Media's Supplemental Responses, # 3 Exhibit Zoltowski Untimely Response, # 4 Exhibit Untimely List of Challenged Articles)(Carroll, Wilson) (Entered: 10/22/2024) |
| 10/22/2024 | 247 | MEMORANDUM in Support re 246 MOTION in Limine filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 10/22/2024) |
| 10/22/2024 | 248 | MOTION in Limine *(Omnibus) to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - W. Emmerich's Third Calculations, # 2 Exhibit 2 - Audit/Review Excerpts, # 3 Exhibit 3 - Excerpts of W. Emmerich Deposition, # 4 Exhibit 4 - 2024 Conveyance, # 5 Exhibit 5 - Excerpts of T. Huffman Deposition, # 6 Exhibit 6 - Excerpts of T. Kalich Deposition, # 7 Exhibit 7 - Example P&L Comparisons, # 8 Exhibit 8 - Plaintiff's May 2024 Infringement List, # 9 Exhibit 9 - May Infringement List Summary, # 10 Exhibit 10 - Second Zoltowski Report, |

| | | |
|---|---|---|
| | | # 11 Exhibit 11 - W. Emmerich's Second Calculations, # 12 Exhibit 12 - Alleged Google Take Rate Screenshot, # 13 Exhibit 13 - Alleged CTR of Google News Homepage, # 14 Exhibit 14 - Alleged Facebook Click-Through Screenshot, # 15 Exhibit 15 - Excerpts of 2022 Emmerich Newspapers 30(b)(6), # 16 Exhibit 16 - Emmerich Newspapers Referral Traffic, # 17 Exhibit 17 - Post Reports, # 18 Exhibit 18 - Emmerich Newspapers Content Totals, # 19 Exhibit 19 - Emmerich Email, # 20 Exhibit 20 - Ex. A to Huffman Report, # 21 Exhibit 21 - Huffman Supplemental Report, # 22 Exhibit 22 - Excerpts of 2024 Emmerich Newspapers 30(b)(6), # 23 Exhibit 23 - Examples of Incorrect Dates, # 24 Exhibit 24 - Copyright Office Correspondence Example, # 25 Exhibit 25 - Emmerich Newspapers Discovery Responses at Supp. Int. 43, # 26 Exhibit 26 - Emmerich Newspapers Second Supp. Discovery Responses at Int. 1, # 27 Exhibit 27 - May 31, 2024 W. Emmerich Email, # 28 Exhibit 28 - Excerpts of P. Imes Deposition, # 29 Exhibit 29 - Plaintiff's Initial Designation, # 30 Exhibit 30 - Plaintiff's Revised Designation, # 31 Exhibit 31 - Plaintiff's Supplemental Revised Designation, # 32 Exhibit 32 - App Study, # 33 Exhibit 33 - Book Advertisement, # 34 Exhibit 34 - Griffith Supplemental Report, # 35 Exhibit 35 - Excerpts of G. Griffith Deposition, # 36 Exhibit 36 - Excerpts of J. Ryan Deposition, # 37 Exhibit 37 - Under Seal (2020 Stock Purchase Agreement), # 38 Exhibit 38 - Examples of Notes, Commentary, and Incomplete Documents, # 39 Exhibit 39 - Zhong Decl.)(Carmody, Stephen) (Entered: 10/22/2024) |
| 10/22/2024 | 249 | MEMORANDUM IN SUPPORT re 248 MOTION in Limine *(Omnibus) to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 10/22/2024) |
| 10/22/2024 | 250 | MOTION for Sanctions *Based Upon Spoliation of Evidence* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit First Spoliation Letter, # 2 Exhibit Plaintiff's First Set of Discovery, # 3 Exhibit Second Spoliation Letter, # 4 Exhibit Third Zhong Transcript)(Carroll, Wilson) (Entered: 10/22/2024) |
| 10/22/2024 | 251 | MEMORANDUM in Support re 250 MOTION for Sanctions *Based Upon Spoliation of Evidence* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 10/22/2024) |
| 10/24/2024 | 252 | NOTICE OF CONVENTIONAL FILING filed by Particle Media, Inc. (Attachments: # 1 Exhibit A Copy of Text Only Order dated 10/22/2024)(cwl) (Entered: 10/24/2024) |
| 10/24/2024 | 253 | *RESTRICTED* DOCUMENT [Exhibit 37] - Redacted 2020 Stock Purchase Agreement 248 MOTION in Limine *(Omnibus) to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* filed by Particle Media, Inc. (cwl) (Entered: 10/24/2024) |
| 10/29/2024 | 254 | NOTICE of Appearance by Robert Richard Cirilli, Jr on behalf of Particle Media, Inc. (Cirilli, Robert) (Entered: 10/29/2024) |
| 10/29/2024 | 255 | RESPONSE in Opposition re 246 MOTION in Limine *(Omnibus) to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Excerpts of R. Zhong Deposition, # 2 Exhibit 2 - Google Analytics, # 3 Exhibit 3 - Referral Traffic to Emmerich Newspapers Websites, # 4 Exhibit 4 - Excerpts of 2022 Emmerich Newspapers 30b6 Deposition, # 5 Exhibit 5 - Excerpts of 2024 Emmerich Newspapers 30b6 Deposition, # 6 Exhibit 6 - Plaintiff's Discovery Responses, # 7 Exhibit 7 - Particle Media Terms of use, # 8 Exhibit 8 - Emmerich Email re Innocent Violations, # 9 Exhibit 9 - Excerpts of W. Emmerich Deposition, # 10 Exhibit 10 - May 8, 2024 Email, # 11 Exhibit 11 - Particle Media Discovery Responses at Int. 32, # 12 Exhibit 12 - June 7, 2024 Email, # 13 Exhibit 13 - June 26, 2024 Email, # 14 Exhibit 14 - July 1, 2024 Email, # 15 Exhibit 15 - July 2, 2024 Emails, # 16 Exhibit 16 - Sell Report, # 17 Exhibit 17 - Zhong Declaration, # 18 Exhibit 18 - Excerpts of 2024 Griffith |

| | | |
|---|---|---|
| | | Deposition, # 19 Exhibit 19 - Excerpts of B. Sell Deposition, # 20 Exhibit 20 - Excerpts of M. Gianturco Deposition, # 21 Exhibit 21 - Excerpts of 2020 Particle Media 30b6 Deposition, # 22 Exhibit 22 - Supplemental Revised Designation, # 23 Exhibit 23 - Second Supplemental Bruce Report)(Carmody, Stephen) (Entered: 10/29/2024) |
| 10/29/2024 | 256 | MEMORANDUM in Opposition re 246 MOTION in Limine *(Omnibus) to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 10/29/2024) |
| 10/29/2024 | 257 | Response in Opposition re 249 MEMORANDUM IN SUPPORT re 248 MOTION in Limine *(Omnibus) to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* filed by Particle Media, Inc. (Carmody, Stephen) filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 10/29/2024) |
| 10/29/2024 | 258 | MEMORANDUM in Opposition re 248 MOTION in Limine *(Omnibus) to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 10/29/2024) |
| 10/29/2024 | 259 | RESPONSE in Opposition re 250 MOTION for Sanctions *Based Upon Spoliation of Evidence* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Declaration of Xiliang Randy Zhong, # 2 Exhibit 2 - March 11, 2021 Letter, # 3 Exhibit 3 - Page Views, # 4 Exhibit 4 - Particle Media Discovery Responses, # 5 Exhibit 5 - April 1, 2024 Letter, # 6 Exhibit 6 - April 12, 2024 Letter, # 7 Exhibit 7 - April 16, 2024 Letter, # 8 Exhibit 8 - April 19, 2024 Letter, # 9 Exhibit 9 - PM 30(b)(6) Deposition Excerpts)(Carmody, Stephen) (Entered: 10/29/2024) |
| 10/29/2024 | 260 | MEMORANDUM in Opposition re 250 MOTION for Sanctions *Based Upon Spoliation of Evidence* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 10/29/2024) |
| 10/30/2024 | 261 | NOTICE of Hearing: Pretrial Conference set for 11/12/2024 at 09:15 AM in Chambers 4.756 (Jackson) Lee before District Judge Tom S. Lee (DCL) (Entered: 10/30/2024) |
| 11/05/2024 | 262 | MOTION for Leave to File *Reply Memorandum in Support of Its 248 Omnibus Motion in Limine* by Particle Media, Inc. (Attachments: # 1 Exhibit A - Reply Memorandum in Support of Its Omnibus Motion in Limine)(Carmody, Stephen) Modified on 11/6/2024 (LAT). (Entered: 11/05/2024) |
| 11/08/2024 | 263 | MOTION to Dismiss *Certain Claims* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Article Not in Referenced E-Edition - Self-Hosted, # 2 Exhibit Incorrect Dates, # 3 Exhibit Circumvention Claims, # 4 Exhibit CMI Claims - Self-Hosted, # 5 Exhibit Infringement Claims - Self-Hosted, # 6 Exhibit Non-Copyrightable - CMI - Browser, # 7 Exhibit Non-Copyrightable - Self-Hosted, # 8 Exhibit Non-Copyrightable - CMI - Self-Hosted, # 9 Exhibit Non-Ownership - CMI - Browser, # 10 Exhibit Non-Ownership - CMI - Self-Hosted, # 11 Exhibit Non-Ownership - Self-Hosted, # 12 Exhibit Non-Ownership - Infringement - Browser, # 13 Exhibit Work-For-Hire Agreements, # 14 Exhibit Request for Stipulation of Dismissal)(Carroll, Wilson) (Entered: 11/08/2024) |
| 11/12/2024 | | Minute Entry for proceedings held before District Judge Tom S. Lee: Status Conference held on 11/12/2024. A second pretrial conference will be noticed after pending motions are resolved. Appearances: Wilson Carroll and Jeff Weill for plaintiff; Karen Howell, Kaelyn Mack and Stephen Carmody for defendant. Also attending plaintiff Wyatt Emmerich. (DCL) (Entered: 11/12/2024) |
| 11/18/2024 | 264 | NOTICE of Appearance by Kaelyn Nicole Mack on behalf of Particle Media, Inc. (Mack, Kaelyn) (Entered: 11/18/2024) |

| | | |
|---|---|---|
| 11/22/2024 | | TEXT ONLY ORDER continuing trial until the term of court beginning on February 3, 2025. Signed by District Judge Tom S. Lee on November 22, 2024. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 11/22/2024) |
| 11/22/2024 | | Set/Reset Hearings: Jury Trial set for term of court beginning on 2/3/2025 before District Judge Tom S. Lee (DCL) (Entered: 11/22/2024) |
| 11/22/2024 | 265 | RESPONSE to Motion re 263 MOTION to Dismiss *Certain Claims* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 11/22/2024) |
| 11/22/2024 | 266 | MEMORANDUM in Opposition re 263 MOTION to Dismiss *Certain Claims* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 11/22/2024) |
| 11/27/2024 | 267 | REPLY to Response to Motion re 263 MOTION to Dismiss *Certain Claims* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 11/27/2024) |
| 12/10/2024 | 268 | Second MOTION to Dismiss *Certain Articles* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit List of Articles Voluntarily Dismissed, # 2 Exhibit Emmerich Letter to the Court dated 11.19.24, # 3 Exhibit Emmerich Letter to the Court dated 11.22.24, # 4 Exhibit Particle Letter to the Court dated 12.6.24)(Carroll, Wilson) (Entered: 12/10/2024) |
| 12/10/2024 | 269 | MEMORANDUM in Support re 268 Second MOTION to Dismiss *Certain Articles* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 12/10/2024) |
| 12/11/2024 | 270 | Amended MOTION to Dismiss *Certain Articles* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit List of Articles Voluntarily Dismissed, # 2 Exhibit Emmerich Letter to the Court dated 11.19.24, # 3 Exhibit Emmerich Letter to the Court dated 11.22.24, # 4 Exhibit Particle Letter to the Court dated 12.6.24)(Carroll, Wilson) (Entered: 12/11/2024) |
| 12/11/2024 | 271 | MEMORANDUM in Support re 270 Amended MOTION to Dismiss *Certain Articles* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 12/11/2024) |
| 12/26/2024 | 272 | ***ERROR***DISREGARD THIS ENTRY.***RESPONSE to Motion re 268 Second MOTION to Dismiss *Certain Articles* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Nov. 5, 2024 Correspondence, # 2 Exhibit 2 - Dec. 4, 2024 Correspondence, # 3 Exhibit 3 - Dec. 6, 2024 Correspondence, # 4 Exhibit 4 - Man Sought Example, # 5 Exhibit 5 - Not Full Text Browser Examples)(Carmody, Stephen) Modified on 12/27/2024 (PG). (Entered: 12/26/2024) |
| 12/26/2024 | 273 | RESPONSE to Motion re 270 Amended MOTION to Dismiss *Certain Articles* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Nov. 5, 2024 Correspondence, # 2 Exhibit 2 - Dec. 4, 2024 Correspondence, # 3 Exhibit 3 - Dec. 6, 2024 Correspondence, # 4 Exhibit 4 - Man Sought Example, # 5 Exhibit 5 - Not Full Text Browser Examples)(Carmody, Stephen) (Entered: 12/26/2024) |
| 12/26/2024 | 274 | MEMORANDUM IN SUPPORT re 270 Amended MOTION to Dismiss *Certain Articles* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 12/26/2024) |
| 12/27/2024 | | DOCKET ANNOTATION as to Doc # 272 Attorney advises that there is an error in this entry, and it should be disregarded. It has been correctly refiled as Doc # 273 . (PG) (Entered: 12/27/2024) |
| 01/02/2025 | | TEXT ONLY ORDER- In light of the pending dispositive motions, it is ordered that the trial in this matter is continued to the term of court beginning on April 6, 2026. The pretrial conference is reset for March 3, 2025 at 9:30 a.m. Signed by District Judge Tom |

| | | |
|---|---|---|
| | | S. Lee on January 2, 2025. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 01/02/2025) |
| 01/02/2025 | | CORRECTED TEXT ONLY ORDER- In light of the pending dispositive motions, it is ordered that the trial in this matter is continued to the term of court beginning on April 7, 2026. The pretrial conference is reset for March 17, 2025 at 9:30 a.m. Signed by District Judge Tom S. Lee on January 2, 2025. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 01/02/2025) |
| 01/02/2025 | | Reset Hearings: Jury Trial reset for term of court beginning on 4/7/2025 before District Judge Tom S. Lee Pretrial Conference reset for 3/17/2025 09:30 AM in Chambers 4.756 (Jackson) Lee before District Judge Tom S. Lee. (DCL) (Entered: 01/02/2025) |
| 01/02/2025 | 275 | REPLY to Response to Motion re 270 Amended MOTION to Dismiss *Certain Articles* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 01/02/2025) |
| 01/06/2025 | 276 | ORDER granting 263 Motion to Dismiss; granting 268 Motion to Dismiss; granting 270 Motion to Dismiss and further ordering, as set forth herein, that on or before February 6, 2025, the parties shall refile all pending motions and memoranda to account for Emmerichs recent dismissal of the referenced articles/photographs, except they shall not be required to refile any motion(s) which is completely unaffected by the dismissals. Responses and rebuttals shall be due thereafter in accordance with the courts Local Rule 7(b)(4) Signed by District Judge Tom S. Lee on January 6, 2025 (DCL) (Entered: 01/06/2025) |
| 01/23/2025 | 277 | NOTICE of Appearance by John W. Barrett on behalf of Emmerich Newspapers, Incorporated (Barrett, John) (Entered: 01/23/2025) |
| 01/23/2025 | 278 | NOTICE of Appearance by Katherine Barrett Riley on behalf of Emmerich Newspapers, Incorporated (Riley, Katherine) (Entered: 01/23/2025) |
| 01/23/2025 | 279 | NOTICE of Appearance by David Malcolm McMullan, Jr on behalf of Emmerich Newspapers, Incorporated (McMullan, David) (Entered: 01/23/2025) |
| 02/05/2025 | 280 | Joint MOTION for Leave to File Excess Pages by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/05/2025) |
| 02/05/2025 | | TEXT ONLY ORDER granting 280 Motion for Leave to File Excess Pages as requested. NO FURTHER WRITTEN ORDER WILL BE ISSUED. Signed by District Judge Tom S. Lee on 2/5/2025 (CP) (Entered: 02/05/2025) |
| 02/06/2025 | 281 | MOTION for Leave to File SEALED Document by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/06/2025) |
| 02/06/2025 | 282 | MOTION for Leave to File SEALED Document by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/06/2025) |
| 02/06/2025 | 283 | MOTION for Leave to File SEALED Document by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/06/2025) |
| 02/06/2025 | 284 | MOTION for Partial Summary Judgment by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Declaration of Xiliang Randy Zhong, # 2 Exhibit 2 - Expert Report of Blake Sell, # 3 Exhibit 3 - Excerpts of Particle Media Discovery Responses, # 4 Exhibit 4 - Expert Report of Mark Gianturco, # 5 Exhibit 5 - Share Examples, # 6 Exhibit 6 - Excerpts of 2024 Deposition of Greg Griffith, # 7 Exhibit 7 - Excerpts of 2022 30(b)(6) Deposition of Particle Media, # 8 Exhibit 8 - Excerpts of 2024 Deposition of Randy Zhong, # 9 Exhibit 9 - Excerpts of Plaintiff's Discovery Requests, # 10 Exhibit 10 - |

| | | |
|---|---|---|
| | | Particle Media's Terms of Use, # 11 Exhibit 11 - December Infringement Lists, # 12 Exhibit 12 - December 6, 2024 Letter, # 13 Exhibit 13 - January Infringement Self-Hosted List, # 14 Exhibit 14 - January Infringement Browser List, # 15 Exhibit 15 - Wrong Date Examples, # 16 Exhibit 16 - Wrong Byline Examples, # 17 Exhibit 17 - Not Full Text Examples, # 18 Exhibit 18 - Excerpts of 2024 Deposition of Wyatt Emmerich, # 19 Exhibit 19 - Excerpts of 2024 30(b)(6) of Plaintiff, # 20 Exhibit 20 - Copyright Office Email Example, # 21 Exhibit 21 - Previously Published Articles - Self-Hosted, # 22 Exhibit 22 - Previously Published Articles - Browser, # 23 Exhibit 23 - Infringement Non-Ownership, # 24 Exhibit 24 - Employee Records, # 25 Exhibit 25 - Articles Not in Referenced E-Edition, # 26 Exhibit 26 - Additional Dismissed Infringement Claims, # 27 Exhibit 27 - Registration Certificate for Photographs, # 28 Exhibit 28 - AP Photograph Evidence, # 29 Exhibit 29 - Unregistered Photographs, # 30 Exhibit 30 - Google Analytics, # 31 Exhibit 31 - Referral Traffic to Emmerich Websites, # 32 Exhibit 32 - Prince Email, # 33 Exhibit 33 - Excerpts of Deposition of Mark Gianturco, # 34 Exhibit 34 - Second Supplemental Declaration of Randy Zhong, # 35 Exhibit 35 - Dated Lists, # 36 Exhibit 36 - Supplemental Declaration of Randy Zhong)(Carmody, Stephen) (Entered: 02/06/2025) |
| 02/06/2025 | 285 | MEMORANDUM in Support re 284 MOTION for Partial Summary Judgment *of Plaintiff's Copyright Infringement Claims* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/06/2025) |
| 02/06/2025 | 286 | MOTION for Partial Summary Judgment *on Plaintiff's Copyright Management Information Claims* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Declaration of Xiliang Randy Zhong, # 2 Exhibit 2 - Expert Report of Blake Sell, # 3 Exhibit 3 - Excerpts of Particle Media Discovery Responses, # 4 Exhibit 4 - Expert Report of Mark Gianturco, # 5 Exhibit 5 - Share Examples, # 6 Exhibit 6 - Excerpts of 2024 Deposition of Greg Griffith, # 7 Exhibit 7 - Excerpts of 2022 30(b)(6) Deposition of Particle Media, # 8 Exhibit 8 - Excerpts of 2024 Deposition of Randy Zhong, # 9 Exhibit 9 - Excerpts of Plaintiff's Discovery Requests, # 10 Exhibit 10 - Particle Media's Terms of Use, # 11 Exhibit 11 - December 6, 2024 Letter, # 12 Exhibit 12 - January CMI Self-Hosted List, # 13 Exhibit 13 - January CMI Browser List, # 14 Exhibit 14 - Wrong Date Examples, # 15 Exhibit 15 - Wrong Byline Examples, # 16 Exhibit 16 - Not Full Text Examples, # 17 Exhibit 17 - CMI Non-Ownership, # 18 Exhibit 18 - Employee Records, # 19 Exhibit 19 - CMI Non-Copyrightable, # 20 Exhibit 20 - Declaration of Mark Gianturco, # 21 Exhibit 21 - URL Example, # 22 Exhibit 22 - Examples of Inactive URLs, # 23 Exhibit 23 - URL List, # 24 Exhibit 24 - 2024 Conveyance, # 25 Exhibit 25 - Byline Examples, # 26 Exhibit 26 - Menu Examples, # 27 Exhibit 27 - Supplemental Declaration of Randy Zhong, # 28 Exhibit 28 - EN News Feed Example, # 29 Exhibit 29 - Excerpts of 2022 Deposition of Greg Griffith, # 30 Exhibit 30 - Glitch Example, # 31 Exhibit 31 - Prince Email, # 32 Exhibit 32 - Google Analytics, # 33 Exhibit 33 - Referral Traffic to Emmerich Websites, # 34 Exhibit 34 - Excerpts of the Deposition of Mark Gianturco, # 35 Exhibit 35 - Second Supplemental Declaration of Randy Zhong, # 36 Exhibit 36 - EN WebView, # 37 Exhibit 37 - Excerpts of the Deposition of Blake Sell, # 38 Exhibit 38 - December CMI Browser List, # 39 Exhibit 39 - Additional Dismissed CMI Claims, # 40 Exhibit 40 - Dated Lists)(Carmody, Stephen) (Entered: 02/06/2025) |
| 02/06/2025 | 287 | MEMORANDUM in Support re 286 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Management Information Claims* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/06/2025) |
| 02/06/2025 | 288 | MOTION in Limine *to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Wyatt Emmerich's Third Calculations, # 2 Exhibit 2 - Audit/Review Excerpts, # 3 Exhibit 3 - Excerpts of W. |

| | | |
|---|---|---|
| | | Emmerich Dep., # 4 Exhibit 4 - 2024 Conveyance, # 5 Exhibit 5 - Excerpts of Tony Huffman Deposition, # 6 Exhibit 6 - Excerpts of Tim Kalich's Deposition, # 7 Exhibit 7 - Example P&L Comparisons, # 8 Exhibit 8 - Plaintiff's Infringement Lists, # 9 Exhibit 9 - Second Zoltowski Report, # 10 Exhibit 10 - Wyatt Emmerich's Second Calculations, # 11 Exhibit 11 - Alleged Google Take Rate Screenshot, # 12 Exhibit 12 - Alleged CTR of Google News Homepage, # 13 Exhibit 13 - Alleged Facebook Click-Through Screenshot, # 14 Exhibit 14 - Excerpts of 2022 30(b)(6) of Emmerich Newspapers, # 15 Exhibit 15 - EN Referral Traffic, # 16 Exhibit 16 - Post Reports, # 17 Exhibit 17 - EN Content Totals, # 18 Exhibit 18 - Emmerich Email, # 19 Exhibit 19 - Ex. A to Huffman Report, # 20 Exhibit 20 - Huffman Supplemental Report, # 21 Exhibit 21 - Excerpts of 2024 30(b)(6) of Emmerich Newspapers, # 22 Exhibit 22 - Examples of Incorrect Dates, # 23 Exhibit 23 - Examples of Incorrect Bylines, # 24 Exhibit 24 - Copyright Office Correspondence Example, # 25 Exhibit 25 - EN Discovery Resp. at Supp. Int. 43, # 26 Exhibit 26 - EN Second Supp. Discovery Resp. at Int. 1, # 27 Exhibit 27 - May 31, 2024 W. Emmerich Email, # 28 Exhibit 28 - Excerpt of Peter Imes Deposition, # 29 Exhibit 29 - Plaintiff's Initial Designation, # 30 Exhibit 30 - Plaintiff's Revised Designation, # 31 Exhibit 31 - Plaintiff's Supplemental Revised Designation, # 32 Exhibit 32 - App Study, # 33 Exhibit 33 - Book Advertisement, # 34 Exhibit 34 - Griffith Supplemental Report, # 35 Exhibit 35 - Excerpts of Greg Griffith Deposition, # 36 Exhibit 36 - Excerpts of Jack Ryan Deposition, # 37 Exhibit 37 - 2020 Stock Purchase Agreement, # 38 Exhibit 38 - Examples of Notes, Commentary, and Incomplete Documents, # 39 Exhibit 39 - Zhong Declaration)(Carmody, Stephen) (Entered: 02/06/2025) |
| 02/06/2025 | 289 | MEMORANDUM in Support re 288 MOTION in Limine *to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/06/2025) |
| 02/06/2025 | 290 | MOTION for Summary Judgment by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Affidavit of Wyatt Emmerich, # 2 Exhibit B - Copyright Infringement List, # 3 Exhibit B2 - full-text as on Newsbreak, # 4 Exhibit B3 - full-text as on Emmerich's site, # 5 Exhibit C - Copyright Infringement List - Framed View, # 6 Exhibit C2 - full-text view, # 7 Exhibit D - Circumvention List, # 8 Exhibit D2 - full-text as on Newsbreak, # 9 Exhibit D3 - full-text as on Emmerich's site, # 10 Exhibit E - CMI Alteration List - Full-Text View, # 11 Exhibit E2 - full-text as on Newsbreak, # 12 Exhibit E3 - full-text as on Emmerich's site, # 13 Exhibit F - CMI Alteration List - Framed View, # 14 Exhibit F2 - full-text view, # 15 Exhibit G - Photo List, # 16 Exhibit H - Defendant's 2nd Supp. Responses to First Roggs)(Barrett, John) (Entered: 02/06/2025) |
| 02/06/2025 | 291 | MEMORANDUM in Support re 290 MOTION for Summary Judgment filed by Emmerich Newspapers, Incorporated (Barrett, John) (Entered: 02/06/2025) |
| 02/13/2025 | 292 | ORDER granting 281 Motion for Leave to File Document Under Seal or Restricted; granting 282 Motion for Leave to File Document Under Seal or Restricted; granting 283 Motion for Leave to File Document Under Seal or Restricted. The Court has considered these motions and finds that defendant shall be permitted to file the referenced documents under restricted access. Signed by District Judge Tom S. Lee on 2/13/2025 (PG) (Entered: 02/13/2025) |
| 02/13/2025 | 293 | NOTICE OF CONVENTIONAL FILING re 284 MOTION for Partial Summary Judgment , 288 MOTION in Limine *to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial*, 286 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Management Information Claims*, 292 Order on Motion for Leave to File Document Under Seal or Restricted, filed by Particle Media, Inc. (PG) (Entered: 02/13/2025) |

| | | |
|---|---|---|
| 02/13/2025 | 294 | *RESTRICTED* DOCUMENT (Exhibit 4 - Expert Report of Mark Gianturco) 284 MOTION for Partial Summary Judgment filed by Particle Media, Inc., 293 Notice of Conventional Filing, filed by Particle Media, Inc., 292 Order on Motion for Leave to File Document Under Seal or Restricted. (PG) (Entered: 02/13/2025) |
| 02/13/2025 | 295 | *RESTRICTED* DOCUMENT (Exhibit 4 - Expert Report of Mark Gianturco) 293 Notice of Conventional Filing, filed by Particle Media, Inc., 286 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Management Information Claims* filed by Particle Media, Inc., 292 Order on Motion for Leave to File Document Under Seal or Restricted. (Attachments: # 1 Exhibit 20 - Declaration of Mark Gianturco)(PG) (Entered: 02/13/2025) |
| 02/13/2025 | 296 | *RESTRICTED* DOCUMENT (Exhibit 37 - 2020 Stock Purchase Agreement) 293 Notice of Conventional Filing, filed by Particle Media, Inc., 288 MOTION in Limine *to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* filed by Particle Media, Inc., 292 Order on Motion for Leave to File Document Under Seal or Restricted. (PG) (Entered: 02/13/2025) |
| 02/19/2025 | 297 | Joint MOTION for Leave to File Excess Pages by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/19/2025) |
| 02/20/2025 | 298 | MOTION for Leave to File Document RESTRICTED from public by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/20/2025) |
| 02/20/2025 | 299 | MEMORANDUM in Support re 298 MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/20/2025) |
| 02/20/2025 | 300 | Response in Opposition re 288 MOTION in Limine *to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence From Trial* by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Wyatt Emmerich's Third Calculations, # 2 Exhibit 2 - Audit/Review Excerpts, # 3 Exhibit 3 - Excerpts of W. Emmerich Dep., # 4 Exhibit 4 - 2024 Conveyance, # 5 Exhibit 5 - Excerpts of Tony Huffman Deposition, # 6 Exhibit 6 - Excerpts of Tim Kalich's Deposition, # 7 Exhibit 7 - Example P&L Comparisons, # 8 Exhibit 8 - Plaintiff's Infringement Lists, # 9 Exhibit 9 - Second Zoltowski Report, # 10 Exhibit 10 - Wyatt Emmerich's Second Calculations, # 11 Exhibit 11 - Alleged Google Take Rate Screenshot, # 12 Exhibit 12 - Alleged CTR of Google News Homepage, # 13 Exhibit 13 - Alleged Facebook Click-Through Screenshot, # 14 Exhibit 14 - Excerpts of 2022 30(b)(6) of Emmerich Newspapers, # 15 Exhibit 15 - EN Referral Traffic, # 16 Exhibit 16 - Post Reports, # 17 Exhibit 17 - EN Content Totals, # 18 Exhibit 18 - Emmerich Email, # 19 Exhibit 19 - Ex. A to Huffman Report, # 20 Exhibit 20 - Huffman Supplemental Report, # 21 Exhibit 21 - Excerpts of 2024 30(b)(6) of Emmerich Newspapers, # 22 Exhibit 22 - Examples of Incorrect Dates, # 23 Exhibit 23 - Examples of Incorrect Bylines, # 24 Exhibit 24 - Copyright Office Correspondence Example, # 25 Exhibit 25 - EN Discovery Resp. at Supp. Int. 43, # 26 Exhibit 26 - EN Second Supp. Discovery Resp. at Int. 1, # 27 Exhibit 27 - May 31, 2024 W. Emmerich Email, # 28 Exhibit 28 - Excerpt of Peter Imes Deposition, # 29 Exhibit 29 - Plaintiff's Initial Designation, # 30 Exhibit 30 - Plaintiff's Revised Designation, # 31 Exhibit 31 - Plaintiff's Supplemental Revised Designation, # 32 Exhibit 32 - App Study, # 33 Exhibit 33 - Book Advertisement, # 34 Exhibit 34 - Griffith Supplemental Report, # 35 Exhibit 35 - Excerpts of Greg Griffith Deposition, # 36 Exhibit 36 - Excerpts of Jack Ryan Deposition, # 37 Exhibit 37 - 2020 Stock Purchase Agreement, # 38 Exhibit 38 - Examples of Notes, Commentary, and Incomplete Documents, # 39 Exhibit 39 - Zhong Declaration)(Carmody, Stephen) filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 02/20/2025) |

| | | |
|---|---|---|
| 02/20/2025 | 301 | RESPONSE in Opposition re 286 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Management Information Claims* filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - First Wyatt Emmerich Affidavit, # 2 Exhibit B - First Jack Ryan Affidavit, # 3 Exhibit C - First Tim Kalich Affidavit, # 4 Exhibit D - First Zoltowski Deposition, # 5 Exhibit E - Third Wyatt Emmerich Affidavit, # 6 Exhibit F - Proposed Agreed Pretrial Order, # 7 Exhibit G - Fifth Wyatt Emmerich Affidavit, # 8 Exhibit H - Sell Report, # 9 Exhibit I - Excerpt from Particle Prospectus, # 10 Exhibit J - Mazzolla Deposition, # 11 Exhibit K - First Sell Deposition, # 12 Exhibit L - First Zhong Deposition, # 13 Exhibit M - Second Zhong Deposition, # 14 Exhibit N - Second Wyatt Emmerich Affidavit, # 15 Exhibit O - First Griffith Affidavit, # 16 Exhibit P - Second Sell Deposition)(Carroll, Wilson) (Entered: 02/20/2025) |
| 02/20/2025 | 302 | MEMORANDUM in Opposition re 286 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Management Information Claims* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 02/20/2025) |
| 02/20/2025 | 303 | RESPONSE in Opposition re 284 MOTION for Partial Summary Judgment filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - First Wyatt Emmerich Affidavit, # 2 Exhibit B - Jack Ryan Affidavit, # 3 Exhibit C - Tim Kalich Affidavit, # 4 Exhibit D - First Zoltowski Deposition, # 5 Exhibit E - Third Wyatt Emmerich Affidavit, # 6 Exhibit F - Proposed Agreed Pretrial Order, # 7 Exhibit G - Wyatt Emmerich Affidavit, # 8 Exhibit H - Sell Report, # 9 Exhibit I - Excerpt from Particle Prospectus, # 10 Exhibit J - Mazzolla Deposition, # 11 Exhibit K - First Sell Deposition, # 12 Exhibit L - First Zhong Deposition, # 13 Exhibit M - Second Zhong Deposition, # 14 Exhibit N - Second Wyatt Emmerich Affidavit, # 15 Exhibit O - First Griffith Affidavit, # 16 Exhibit P - Second Sell Deposition)(Carroll, Wilson) (Entered: 02/20/2025) |
| 02/20/2025 | 304 | MEMORANDUM in Opposition re 284 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Infringement Claims* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 02/20/2025) |
| 02/20/2025 | 305 | RESPONSE in Opposition re 290 MOTION for Summary Judgment filed by Particle Media, Inc. (Attachments: # 1 Exhibit 1 - Expert Report of Blake Sell, # 2 Exhibit 2 - Declaration of Xiliang "Randy" Zhong, # 3 Exhibit 3 - Excerpts of Deposition of Zhong, # 4 Exhibit 4 - Expert Report of Gianturco (restricted access), # 5 Exhibit 5 - Confidential excerpts of Deposition of Zhong (restricted access), # 6 Exhibit 6 - Supplemental Declaration of Zhong, # 7 Exhibit 7 - Excerpts of Particle Media's Discovery Responses, # 8 Exhibit 8 - Share Examples, # 9 Exhibit 9 - Excerpts of 2024 Deposition of Griffith, # 10 Exhibit 10 - Excerpts of 2022 30(b)(6) Deposition of Particle Media, # 11 Exhibit 11 - Excerpts of Plaintiff's Discovery Responses, # 12 Exhibit 12 - Particle Media Terms of Use, # 13 Exhibit 13 - Wrong Date Examples, # 14 Exhibit 14 - Wrong Byline Examples, # 15 Exhibit 15 - No Full Text Examples, # 16 Exhibit 16 - No Byline Examples, # 17 Exhibit 17 - Excerpts of Deposition of W. Emmerich, # 18 Exhibit 18 - Excerpts of 2024 30(b)(6) Deposition of Plaintiff, # 19 Exhibit 19 - Previously Published Articles - Self-Hosted, # 20 Exhibit 20 - Previously Published Article - Browser, # 21 Exhibit 21 - Copyright Office Email, # 22 Exhibit 22 - Infringement Non-Ownership, # 23 Exhibit 23 - Employee Records, # 24 Exhibit 24 - Articles Not in E-Edition, # 25 Exhibit 25 - Photo Certificate, # 26 Exhibit 26 - AP Photograph, # 27 Exhibit 27 - Unregistered Photograph, # 28 Exhibit 28 - Third Supplemental Declaration of Zhong, # 29 Exhibit 29 - Google Analytics, # 30 Exhibit 30 - Referral Traffic to Emmerich Sites, # 31 Exhibit 31 - Prince Email, # 32 Exhibit 32 - Excerpts of Deposition of Gianturco, # 33 Exhibit 33 - Second Supplemental Declaration of Zhong, # 34 Exhibit 34 - EN WebView Example, # 35 Exhibit 35 - Excerpts of 2024 30(b)(6) of Particle Media, # 36 Exhibit 36 - Plaintiff's Initial Designation, # 37 Exhibit 37 - Plaintiff's Revised Designation, # 38 Exhibit 38 - |

| | | |
|---|---|---|
| | | Plaintiff's Supplemental Revised Designation, # 39 Exhibit 39 - CMI Non-Ownership, # 40 Exhibit 40 - CMI Non-Copyrightable, # 41 Exhibit 41 - Gianturco Declaration (restricted access), # 42 Exhibit 42 - URL Example, # 43 Exhibit 43 - AP and MS Today Examples, # 44 Exhibit 44 - Examples of Inactive URLs, # 45 Exhibit 45 - No URL at Bottom, # 46 Exhibit 46 - URL List, # 47 Exhibit 47 - 2024 Conveyance, # 48 Exhibit 48 - Menu Examples, # 49 Exhibit 49 - EN Copyright Policies, # 50 Exhibit 50 - Examples of Writer Information, # 51 Exhibit 51 - Excerpts of 2022 30(b)(6) Deposition of Plaintiff, # 52 Exhibit 52 - EN News Feed Example, # 53 Exhibit 53 - EN Glitch Examples, # 54 Exhibit 54 - Excerpts of 2022 Deposition of Griffith, # 55 Exhibit 55 - MIL Declaration of Zhong, # 56 Exhibit 56 - Excerpts of Deposition of Sell, # 57 Exhibit 57 - Publisher Emails, # 58 Exhibit 58 - Excerpts of Deposition of Ryan, # 59 Exhibit 59 - Excerpts of Deposition of Kalich, # 60 Exhibit 60 - EJ Free Content, # 61 Exhibit 61 - GWC Free Content, # 62 Exhibit 62 - Paywall Examples, # 63 Exhibit 63 - GWC Full Text Examples, # 64 Exhibit 64 - EJ Full Text Examples, # 65 Exhibit 65 - Gianturco Rebuttal (restricted access), # 66 Exhibit 66 - Dated Lists)(Carmody, Stephen) (Entered: 02/20/2025) |
| 02/20/2025 | 306 | MEMORANDUM in Opposition re 290 MOTION for Summary Judgment filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 02/20/2025) |
| 02/21/2025 | | TEXT ONLY ORDER granting 297 Motion for Leave to File Excess Pages. NO FURTHER WRITTEN ORDER WILL BE ENTERED. Signed by District Judge Tom S. Lee on 2/21/2025 (CP) (Entered: 02/21/2025) |
| 02/21/2025 | | TEXT ONLY ORDER granting 298 Motion for Leave to File Documents with Restricted Access. NO FURTHER WRITTEN ORDER WILL BE ENTERED. Signed by District Judge Tom S. Lee on 2/21/2025 (CP) (Entered: 02/21/2025) |
| 02/21/2025 | 307 | NOTICE OF CONVENTIONAL FILING re 305 Response in Opposition to Motion, 298 MOTION for Leave to File Document RESTRICTED from public, TEXT ONLY Order on Motion for Leave to File Document Under Seal or Restricted filed by Particle Media, Inc. (PG) (Entered: 02/21/2025) |
| 02/21/2025 | 308 | *RESTRICTED* DOCUMENT (Exhibit 4 Expert Report of Gianturco ) 305 Response in Opposition to Motion, filed by Particle Media, Inc., 298 MOTION for Leave to File Document RESTRICTED from public filed by Particle Media, Inc., TEXT ONLY Order on Motion for Leave to File Document Under Seal or Restricted, 307 Notice of Conventional Filing, filed by Particle Media, Inc. (Attachments: # 1 Exhibit 5 - Confidential excerpts of Deposition of Zhong, # 2 Exhibit 41 - Gianturco Declaration, # 3 Exhibit 65 - Gianturco Rebuttal)(PG) (Entered: 02/21/2025) |
| 02/27/2025 | 309 | MOTION for Leave to File *Reply Memorandum in Support of Its Renewed Omnibus Motion in Limine*, MOTION for Leave to File Excess Pages by Particle Media, Inc. (Attachments: # 1 Exhibit A - Reply Memorandum in Support of Its Renewed Omnibus Motion in Limine)(Carmody, Stephen) (Entered: 02/27/2025) |
| 02/27/2025 | 310 | REPLY to Response to Motion re 290 MOTION for Summary Judgment filed by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit A - Wyatt Emmerich Affidavit)(Carroll, Wilson) (Entered: 02/27/2025) |
| 02/27/2025 | 311 | REPLY to Response to Motion re 284 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Infringement Claims* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 37 - Fourth Supplemental Zhong Declaration, # 2 Exhibit 38 - Zoltowski's Deposition, # 3 Exhibit 39 - Emmerich Newspaper's WebView, # 4 Exhibit 40 - Zoltowski's Report, # 5 Exhibit 41 - Additional Zhong Deposition)(Carmody, Stephen) |

| | | |
|---|---|---|
| | | (Entered: 02/27/2025) |
| 02/27/2025 | 312 | REPLY to Response to Motion re 286 MOTION for Partial Summary Judgment *on Plaintiff's Copyright Management Information Claims* filed by Particle Media, Inc. (Attachments: # 1 Exhibit 41 - Additional Zhong Deposition, # 2 Exhibit 42 - Additional 2022 Griffith Deposition, # 3 Exhibit 43 - No URL at Bottom, # 4 Exhibit 44 - AP and MS Today Examples, # 5 Exhibit 45 - Third Supplemental Zhong Declaration, # 6 Exhibit 46 - Plaintiff's Initial Designation, # 7 Exhibit 47 - Plaintiff's Revised Designation, # 8 Exhibit 48 - Plaintiff's Supplemental Revised Designation, # 9 Exhibit 49 - 2024 Particle Media 30(b)(6) Deposition, # 10 Exhibit 50 - 2022 Emmerich Newspapers 30(b)(6) Deposition, # 11 Exhibit 51 - Additional Emmerich Newspapers Glitch Examples, # 12 Exhibit 52 - Fourth Supplemental Zhong Declaration, # 13 Exhibit 53 - Mazzola Deposition, # 14 Exhibit 54 - Additional Sell Deposition, # 15 Exhibit 55 - Zhong MIL Declaration, # 16 Exhibit 56 - 2024 Zoltowski Deposition, # 17 Exhibit 57 - Zoltowsski Report, # 18 Exhibit 58 - 2024 Emmerich Newspapers 30(b)(6) Deposition, # 19 Exhibit 59 - Second Supplemental Bruce Report, # 20 Exhibit 60 - Page Views, # 21 Exhibit 61 - Examples of Writer Information)(Carmody, Stephen) (Entered: 02/27/2025) |
| 02/28/2025 | 313 | MOTION for Leave to File *Corrected Exhibit* by Emmerich Newspapers, Incorporated (Attachments: # 1 Exhibit Corrected Ex. G [Doc. 301-7])(Carroll, Wilson) (Entered: 02/28/2025) |
| 03/14/2025 | | TEXT ONLY ORDER- In light of the pending dispositive motions, it is ordered that the trial in this matter is continued to the term of court beginning on June 2, 2025. The pretrial conference is reset to May 12, 2025 at 9:30 a.m. Signed by District Judge Tom S. Lee on March 14, 2025. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 03/14/2025) |
| 03/14/2025 | | Set/Reset Hearings: Jury Trial set for term of court beginning on 5/2/2025 before District Judge Tom S. Lee. Pretrial Conference reset for 5/12/2025 at 09:30 AM in Chambers 4.756 (Jackson) Lee before District Judge Tom S. Lee. (DCL) (Entered: 03/14/2025) |
| 03/14/2025 | 314 | RESPONSE in Opposition re 313 MOTION for Leave to File *Corrected Exhibit* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/14/2025) |
| 03/14/2025 | 315 | MEMORANDUM in Opposition re 313 MOTION for Leave to File *Corrected Exhibit* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 03/14/2025) |
| 03/21/2025 | 316 | REPLY to Response to Motion re 313 MOTION for Leave to File *Corrected Exhibit* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 03/21/2025) |
| 04/01/2025 | | TEXT ONLY ORDER finding as moot 181 Motion for Summary Judgment; finding as moot 184 Motion for Partial Summary Judgment; finding as moot 186 Motion for Partial Summary Judgment. Signed by District Judge Tom S. Lee on March 31, 2025. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 04/01/2025) |
| 05/01/2025 | | ***Deadlines/Hearings terminated. (DCL) (Entered: 05/01/2025) |
| 05/02/2025 | | TEXT ONLY ORDER. In light of the pending dispositive motions, it is ordered that the trial in this matter is continued to the term of court beginning on August 4, 2025. The pretrial conference is reset to July 14, 2025 at 9:30 a.m. Signed by District Judge Tom S. Lee on May 2, 2025 (DCL) (Entered: 05/02/2025) |
| 05/02/2025 | | Reset Hearings: Jury Trial reset for term of court beginning on 8/4/2025 before District Judge Tom S. Lee Pretrial Conference reset for 7/14/2025 at 09:30 AM in Chambers 4.756 (Jackson) Lee before District Judge Tom S. Lee. (DCL) (Entered: 05/02/2025) |

| | | |
|---|---|---|
| 07/03/2025 | | TEXT ONLY ORDER. In light of the pending dispositive motions, it is ordered that the trial in this matter is continued to the term of court beginning on October 6, 2025. The pretrial conference is reset to September 15, 2025 at 9:30 a.m. Signed by District Judge Tom S. Lee on July 3, 2025. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 07/03/2025) |
| 07/03/2025 | | Set/Reset Hearings: Jury Trial set for term of court beginning on 10/6/2025 at 09:00 AM in Courtroom 4A (Jackson) before District Judge Tom S. Lee. Pretrial Conference set for 9/15/2025 at 09:30 AM in Chambers 4.756 (Jackson) before District Judge Tom S. Lee (DCL) (Entered: 07/03/2025) |
| 07/29/2025 | 317 | MEMORANDUM OPINION AND ORDER granting 179 Motion for Partial Summary Judgment; denying 250 Motion for Sanctions; granting in part and denying in part 284 Motion for Partial Summary Judgment; granting 286 Motion for Partial Summary Judgment; granting in part and denying in part 290 Motion for Summary Judgment; granting 313 Motion for Leave to File Signed by District Judge Tom S. Lee on July 29, 2025 (DCL) (Entered: 07/29/2025) |
| 08/04/2025 | | TEXT ONLY ORDER finding as moot 248 Motion in Limine in view of Renewed Motion in Limine [Dkt. 288]. NO FURTHER WRITTEN ORDER WILL BE ENTERED. Signed by District Judge Tom S. Lee on 8/4/2025 (CP) (Entered: 08/04/2025) |
| 08/04/2025 | | TEXT ONLY ORDER finding as moot 262 Motion for Leave to File Reply Memorandum. NO FURTHER WRITTEN ORDER WILL BE ENTERED. Signed by District Judge Tom S. Lee on 8/4/2025 (CP) (Entered: 08/04/2025) |
| 08/07/2025 | 318 | ORDER denying 183 Motion to Exclude; finding as moot 195 Motion to Exclude Signed by District Judge Tom S. Lee on August 7, 2025 (DCL) (Entered: 08/07/2025) |
| 08/08/2025 | 319 | MEMORANDUM OPINION AND ORDER granting 175 Motion to Exclude; granting 177 Motion to Exclude Signed by District Judge Tom S. Lee on August 8, 2025 (DCL) (Entered: 08/08/2025) |
| 08/21/2025 | 320 | First MOTION for Certificate of Appealability *Interlocutory Appeal, Judgment Orders* by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/21/2025) |
| 08/21/2025 | 321 | MEMORANDUM in Support re 320 First MOTION for Certificate of Appealability *Interlocutory Appeal, Judgment Orders* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 08/21/2025) |
| 09/02/2025 | | TEXT ONLY ORDER. In light of plaintiff's pending motion for interlocutory appeal and request for a stay, the September 15, 2025 pretrial conference is canceled. Signed by District Judge Tom S. Lee on September 2, 2025. NO FURTHER WRITTEN ORDER TO BE ENTERED. (DCL) (Entered: 09/02/2025) |
| 09/02/2025 | | ***Deadlines/Hearings terminated. 9/15/2025 PTC is canceled due to pending motion for interlocutory appeal. (DCL) (Entered: 09/02/2025) |
| 09/04/2025 | 322 | RESPONSE in Opposition re 320 First MOTION for Certificate of Appealability *Interlocutory Appeal, Judgment Orders* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 09/04/2025) |
| 09/04/2025 | 323 | MEMORANDUM IN SUPPORT re 320 First MOTION for Certificate of Appealability *Interlocutory Appeal, Judgment Orders* filed by Particle Media, Inc. (Carmody, Stephen) (Entered: 09/04/2025) |
| 09/11/2025 | 324 | |

| | | |
|---|---|---|
| | | REPLY to Response to Motion re 322 Response in Opposition to Motion *for Certificate of Appealability Interlocutory Appeal, Judgment Orders* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 09/11/2025) |
| 09/11/2025 | 325 | MEMORANDUM IN SUPPORT re 322 Response in Opposition to Motion *for Certificate of Appealability Interlocutory Appeal, Judgment Orders* filed by Emmerich Newspapers, Incorporated (Carroll, Wilson) (Entered: 09/11/2025) |
| 09/18/2025 | 326 | ORDER granting in part and denying in part 320 Motion for Certificate of Appealability, as set forth herein; that motion for stay is granted and therefore, the case is stayed pending appeal to the Fifth Circuit; and the alternative motion for reconsideration is denied. Signed by District Judge Tom S. Lee on 9/18/2025 (PG) (Entered: 09/18/2025) |
| 10/14/2025 | 327 | USCA CERTIFIED ORDER 25-90026 re 320 First MOTION for Certificate of Appealability *Interlocutory Appeal, Judgment Orders* filed by Emmerich Newspapers, Incorporated. IT IS ORDERED that the motion for leave to appeal from the interlocutory order of the United States District Court of the Southern District of Mississippi, entered on September 18, 2025, is GRANTED. (Attachments: # 1 USCA Cover Letter)(PG) (Entered: 10/15/2025) |
| 10/23/2025 | 328 | ORDER denying without prejudice 246 Motion in Limine, 288 Motion in Limine, and 309 Motion for Leave to File Reply and Excess Pages. Signed by District Judge Tom S. Lee on 10/23/2025 (CP) (Entered: 10/23/2025) |
| 10/24/2025 | 329 | TRANSCRIPT REQUEST by Emmerich Newspapers, Incorporated Court Reporter/Transcriber Gabrielle Chambless, Telephone Number : 601-255-6432, E-mail : gabrielle_chambless@mssd.uscourts.gov. Transcript due by 10/29/2025 (Barrett, John) (Entered: 10/24/2025) |

**TAB 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISON

EMMERICH NEWSPAPERS, INCORPORATED — PLAINTIFF

VS. — CIVIL ACTION NO.: 3:23cv26-TSL-MTP

PARTICLE MEDIA, INC. D/B/A NEWSBREAK — DEFENDANT

CONSOLIDATED WITH

EMMERICH NEWSPAPERS, INCORPORATED — PLAINTIFF

VS. — CIVIL ACTION NO.: 3:23-cv-391-TSL-RPM

PARTICLE MEDIA, INC. D/B/A NEWSBREAK — DEFENDANT

MEMORANDUM OPINION AND ORDER

In this case, plaintiff Emmerich Newspapers, Inc. (Emmerich) alleges violations by defendant Particle Media, Inc. d/b/a Newsbreak (Particle) of the Copyright Act, 17 U.S.C. § 101, et seq., and the Digital Millennium Copyright Act, 17 U.S.C. § 1201, et seq. (DMCA).[1] By memorandum opinion and order entered June 25, 2024, the court denied motions for summary judgment filed by Emmerich. Emmerich has again moved for

[1] This is a consolidated action. Emmerich filed the first action, No. 3:23-cv-26-TSL-MTP, on January 12, 2023, with an amended complaint filed on April 15, 2023. The complaint in Emmerich's second-filed action, 3:23-cv-391-TSL-MTP, filed June 20, 2023, is identical to the amended complaint in 3:23cv26-TSL-MTP, except that it "includes another 11,818 articles" that were allegedly infringed. Consolidation was ordered on July 13, 2023.

summary judgment on various claims/issues. [Dkt. 290]. Particle has separately moved for partial summary judgment on certain of Emmerich's copyright infringement claims [Dkt. 284], its circumvention and trafficking claims [Dkt. 179], and its DMCA copyright management information claims [Dkt. 286]. The motions have been fully briefed, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that Emmerich's motion for summary judgment is due to be granted in part and denied in part and that Particle's motion for partial summary judgment as to certain infringement claims is due to be granted in part and denied in part while its motions for partial summary judgment as to the circumvention and copyright management information claims are due to be granted.

BACKGROUND

The parties' factual assertions are detailed in the court's June 2024 memorandum opinion and order denying Emmerich's summary judgment motions and will not be repeated here. The court will set out additional facts as necessary.

Over a period of several months following entry of the court's prior opinion and order, Emmerich filed multiple motions by which it sought to dismiss its claims relating to, collectively, 27,100 of the over 33,000 articles on which its complaints were originally based. On January 6, 2025, the court

granted Emmerich's motions, leaving, as the court noted, some 6,634 articles at issue in the case.

As identified by lists attached as exhibits to its motion for summary judgment, Emmerich now asserts copyright infringement claims arising from 1,790 articles which it maintains that Particle displayed in full-text view,[2] 746 articles claimed to have been displayed in framed view, and fourteen photographs it claims Particle publicly displayed.

Emmerich further charges that Particle violated the DMCA by wrongfully accessing 1,542 articles from Emmerich's subscriber-only websites and by altering Emmerich's copyright management information, that is, its URLs, as to 3,177 full-text view

---

[2] As stated in prior opinion, Particle is a company that "owns a free website and application called 'NewsBreak' which provides users with access to local news stories precisely tailored to the user's preferences. To accomplish this, NewsBreak uses a 'web crawler' which systematically searches the internet for news content, then scans the pertinent websites, analyzes them for their content, copies the content verbatim and saves it on its website." Emmerich Newspapers, Inc. v. Particle Media, Inc., No. 3:23-CV-391-TSL-RPM, 2024 WL 5701883, at *1 (S.D. Miss. June 25, 2024). The genesis of this lawsuit (and prior litigation between the parties) was Emmerich's discovery that Particle had available for viewing on its website/app the full content of thousands of Emmerich's articles, albeit without Emerich's ads and other content. These articles are referred to as "full-view" articles or text. Around the same time, Emmerich also discovered that NewsBreak also made available Emmerich's content including ads but with an overlay of Particle's ads, "print" and "share" buttons, so that the viewer was simultaneously exposed to Emmerich's and Particle's content. Emmerich's articles displayed in this manner are referred to as "framed-view" articles.

articles and 2,232 framed-view articles and then distributing these works under the altered URLs.

SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. Lindsey v. Sears Roebuck & Co., 16 F.3d 616, 618 (5th Cir. 1994) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 333, 106 S. Ct. 2548, 2558, 91 L. Ed. 2d 265 (1986)).

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Conversely, "[n]o genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." EEOC v. Simbaki, Ltd., 767 F.3d 475, 481 (5th Cir. 2014). When evaluating whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide

Agribusiness Ins. Co., 530 F.3d 395, 398–99 (5th Cir. 2008). In so doing, the court must draw all reasonable inferences in favor of the nonmoving party. Anderson, 477 U.S. at 255, 106 S. Ct. 2505. The court observes that even when the Rule 56 standard is satisfied, it has the discretion to deny the motion. See Kunin v. Feofanov, 69 F.3d 59, 62 (5th Cir. 1995) (quoting Anderson, 477 U.S. 242, 255–56 (1986)).

On cross motions for summary judgment, the court reviews each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party, determining for each side, whether judgment may be rendered in accordance with the Rule 56 standard. Amerisure Ins. Co. v. Navigators Ins. Co., 611 F.3d 299, 304 (5th Cir. 2010) (internal citation and quotation omitted); Shaw Constr. v. ICF Kaiser Engrs., Inc., 395 F.3d 533 fn. 8 & 9 (5th Cir. 2004).

COPYRIGHT INFRINGEMENT

In its motion addressed to Emmerich's copyright infringement claims, Particle argues that the court should dismiss the infringement claims relating to numerous articles as to which it contends Emmerich cannot show ownership and/or valid registration. It further argues that Newsbreak acting as a web browser did not infringe Emmerich's right to display its copyrighted material. Lastly, Particle argues that Emmerich's

infringement claims as to pre-June 20, 2020 articles are barred by the statute of limitations.

In response to the motion, Emmerich makes a couple of concessions. It agrees that the article written by Jason Pittman is subject to dismissal and that the three articles identified by Particle at Dkt. 284-5 were not part of the registered E-editions. Emmerich opposes all other aspects of the motion, and further, seeks summary judgment on the limitations issue and on the question of whether Particle's display of Emmerich's articles in framed view constitutes infringement.

Analysis: Ownership and Registration Issues

Copyright law affords protection to original works of authorship fixed in any tangible medium of expression. 17 U.S.C. § 101(a). "A copyright vests initially in the author of the work, unless the work is 'made for hire,' in which case the ownership of the copyright vests initially in the employer or commissioner of the work." Canada Hockey, L.L.C. v. Marquardt, No. 20-20530, 2022 WL 252186, at *3 (5th Cir. Jan. 26, 2022) (quoting 17 U.S.C. § 201(a) & (b)). The Copyright Act grants the owner of a copyright the exclusive right to both "distribute copies ... of the copyrighted work" and to "display the copyrighted work publicly." 17 U.S.C. § 106(3) & (5). "Anyone who violates any of the exclusive rights of the copyright owner

as provided in section[] 106 ... is an infringer of the copyright....” 17 U.S.C. § 501(a).

To prevail on a claim for copyright infringement, a plaintiff must establish: “‘(1) ownership of a valid copyright; and (2) that a defendant violated one or more of the plaintiff's exclusive rights under the Copyright Act.’” Cooper v. Harvey, 108 F. Supp. 3d 463, 473 (N.D. Tex. 2015) (quoting Atl. Recording Corp. v. Anderson, No. H-06-3578, 2008 WL 2316551, at *6 (S.D. Tex. Mar. 12, 2008) (citations omitted)). Copyright ownership, is “‘shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities.’” Batiste v. Lewis, 976 F.3d 493, 501 (5th Cir. 2020) (quoting Eng'g Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1340 (5th Cir. 1994)).

“The requisite statutory formalities are receipt of the application for registration, fee, and deposit by the copyright office.” UMG Recordings, Inc. v. Grande Commc'ns Networks, L.L.C., 118 F.4th 697, 708 (5th Cir. 2024); see 17 U.S.C. § 410(c). “‘A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright.’” Batiste, 976 F.3d at 501 (quoting Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (per curiam)). “Once the plaintiff has shown a certificate of copyright registration, the burden of proof

shifts to the defendant to show copyright invalidity." Spectrum Creations, Inc. v. Catalina Lighting, Inc., No. CIV.A.SA-00-CA-875-F, 2001 WL 1910566, at *4 (W.D. Tex. Aug. 1, 2001).

Articles Not Covered by Emmerich's Group Registrations

While the Copyright Office generally requires one application for each work that an applicant seeks to register, by § 408(c)(1), Congress authorized the Register of Copyrights to create administrative classifications to facilitate group registration of multiple works using a single application and single filing fee. See 17 U.S.C. § 408(c)(1). The administrative classification of works authorized by § 408(c)(1) "has no significance with respect to the subject matter of copyright or the exclusive rights provided by this title." Id.

Under the pertinent regulation, an applicant may register a group of newspapers

> with one application, the required deposit, and the filing fee required by § 201.3(c) of this chapter, if the following conditions are met:
>
> (1) Issues must be newspapers. All the issues in the group must be newspapers. . .
>
> (2) Requirements for newspaper issues. Each issue in the group must be an all-new collective work that has not been previously published (except where earlier editions of the same newspaper are included in the deposit together with the final edition), each issue must be fixed and distributed as a discrete, self-contained collective work, and the claim in each issue must be limited to the collective work.

> (3) Author and claimant. Each issue in the group must be a work made for hire, and the author and claimant for each issue must be the same person or organization.
>
> (4) Time period covered. All the issues in the group must be published under the same continuing title, and they must be published within the same calendar month and bear issue dates within that month. . .
>
> (5) Application. The applicant must complete and submit the online application designated for a group of newspaper issues. ...
>
> (6) Deposit.
>
> (i) The applicant must submit one complete copy of the final edition of each issue published in the calendar month designated in the application. Each submission may also include earlier editions of the same newspaper issue, provided that they were published on the same date as the final edition. ...

37 C.F.R. § 202.4(e).

Here, Emmerich, using this group registration process, registered thousands of e-print editions of its newspapers, which the Copyright Office defines as issues "that [are] published and distributed online or via email as a self-contained, downloadable work, such as a digital version of a tangible newspaper." U.S. Copyright Office, Circular 62A: Group Registration of Newspapers, at 2.[3] The registered issues

[3] The Copyright Office publishes circulars to provide up-to-date and authoritative information to a general audience. Circulars are arranged ... by topic and cover the basics and fundamental concepts of copyright law, highlights of policies and procedures of the Copyright Office, and registration issues for

contained thousands of articles/contributions authored by plaintiff's employees (or alleged employees).

In its motion, Particle, relying on Circular 62A and on the Compendium of U.S. Copyright Office Practice (which is "the administrative manual of the Register of Copyrights concerning the Copyright Act and regulations promulgated thereunder")[4], argues that some 1,200 articles which Emmerich claims are covered by its group registrations are not within the scope of these registrations because they had been previously published online before they were included in Emmerich's e-editions.[5]

---

specific categories of works. For full details regarding the Office's policies and procedures, refer to the Compendium of U.S. Copyright Office Practices, Third Edition.
https://www.copyright.gov/circs/#:~:text=Circulars%20are%20published%20by%20the,Copyright%20Office%20Practices%2C%20Third%20Edition. (last accessed July 29, 2025).

[4] The Compendium "provides instruction to agency staff regarding their statutory duties and provides expert guidance to copyright applicants, practitioners, scholars, the courts, and members of the general public regarding institutional practices and related principles of law." Brunson v. Cook, No. 3:20-CV-01056, 2023 WL 2668498, at *5 (M.D. Tenn. Mar. 28, 2023) (internal citations and quotations omitted).

[5] Particle does not assert, nor could it validly assert that Emmerich provided inaccurate information in its group registration applications for its e-editions by failing to identify previously published content. In contrast to many other categories of copyright registrations, the online newspaper group registration application, which was first introduced in 2019, does not require the applicant to identify and/or disclaim pre-existing or previously published content contained therein. This change was made to alleviate the burdens on applicants and encourage expansion of the public record. See https:// www.federalregister.gov/documents/ 2017/11/06/2017-23917/group-registration-of-newspapers (last

Emmerich denies that the articles at issue were published before inclusion in the e-editions and contends they were merely displayed on its websites and thus fall within the scope of the group registrations.

Under copyright law, a newspaper is considered a collective work, that is, "a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." 17 U.S.C. § 101. Newspapers contain two types of authorship: the "compilation authorship in creating each issue, which involves selecting, coordinating, and/or arranging a number of separate and independent works and assembling them into a collective whole; and [th]e authorship in the separate and independent works included within each issue, such as articles, photographs, illustrations, or other contributions." 17 U.S.C. § 1108(2). While a "[c]opyright in each separate contribution to a

---

accessed July 29, 2025) (setting forth rationale for changes to group registration of newspapers and stating, "The scope of protection for a group registration issued under the Proposed Rule will have several consequences in infringement actions. First, a group registration may be used to satisfy the statutory requirements for instituting an infringement action involving any of the newspaper issues that were included within the group, or any of the individual contributions appearing within those issues—provided that the claimant fully owned those contributions at the time the application for registration is submitted, and provided that the contributions were first published in one of those issues.").

collective work is distinct from copyright in the collective work as a whole[,]" 17 U.S.C. § 201(c), where a "work [is] made for hire, the employer or other person for whom the work/[contribution] was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b).

According to the Compendium,

> a group registration may be used to satisfy the statutory requirements for instituting an infringement action involving any of the newspaper issues that were included within the group, or any of the individual contributions appearing within those issues—provided that the copyright claimant fully owned those contributions at the time the application was submitted, and provided that the contributions were first published in one of those issues.

Compendium, at § 1108.7 (citing § 411(a)); id. at § 1108.2 (if a registered newspaper issue "contains contributions that are not fully owned by the author/claimant, and/or if they were previously published, the registration will not extend to those contributions."); see also id. at § 503.5 ("A copyright registration covers the new expression that the author created and contributed to the work, but it does not cover any unclaimable material that the work may contain. For purposes of registration, unclaimable material includes the following:

[p]reviously published material[,] [p]reviously registered material (including material that has been submitted for registration but has not been registered yet)[,] and [m]aterial that is in the public domain.").

Circular 62A similarly states that a registration in a newspaper issue "will also cover all of the articles, photographs, illustrations, or other contributions appearing in each issue that are fully owned by the claimant and that have not been previously registered or published." Circular 62A, at 3. The circular directs that "[i]f the copyright in individual contributions is owned by parties other than the owner of the copyright in the issue as a whole, or if the contributions have been previously published or previously registered, [the claimant] must submit a separate application for each contribution." Id. at 3.

While the Copyright Act does not define "published", it defines "publication" as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 101. "Publication" includes "offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display." Id. That said, "[a] public ... display of a work does not of itself constitute publication." Id. Rather, to display a work "means

to show a copy of it, either directly or by means of … any other device or process." Id. To do so publicly is

> (1) to perform or display it at a place open to the public or at any place where a substantial number of persons outside of a normal circle of a family and its social acquaintances is gathered; or
> (2) to transmit or otherwise communicate a performance or display of the work to a place specified by clause (1) or to the public, by means of any device or process, whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times.

Id.

Neither the Act nor its implementing regulations purports to address application of the definition of publication to works posted on the Internet. However, the Copyright Office

> considers a work "published" when it is made available online if the copyright owner authorizes the end user to retain copies. ... For example, the fact that a work is expressly authorized for reproduction or download by members of the public or is expressly authorized for distribution by the public creates a reasonable inference that copies ... have been distributed and that publication has occurred – it is not enough for the work to be "merely displayed or performed online."

Compendium, § 1008.3(B). The Compendium further states, "It may seem odd that allowing the whole world to view or hear a work does not constitute publication of a work, but the statutory definition is clear that the ... display of a work does not, in and of itself, constitute publication." Id. § 1008.3(B).

Particle has established that the articles identified at Dkt 284-21 and 22 were posted to one of Emmerich's websites before they were included in the registered e-editions. Further, as Particle points out, Emmerich itself has presented evidence (on which it relies to support its DMCA claims) showing that its websites included a "print PDF" button "which produced a print-friendly presentation of the article." As Emmerich expressly authorized distribution of its articles by providing a print button, it follows that the articles were published before Emmerich included them in its group registration applications. Giving deference to the Copyright Office's interpretation of the laws and regulations, it further follows that the articles at issue do not come within the scope of the registrations.[6] And

[6] Such deference is permissible. See Texas v. United States Env. Prot. Agency., 137 F.4th 353, 365 (5th Cir. 2025) (stating, "To be clear, discarding Chevron deference does not mean ignoring agency interpretations," and that "an agency's 'expertise has always been one of the factors which may give an Executive Branch interpretation particular "power to persuade, if lacking power to control."'" (quoting Loper Bright Enters. v. Raimondo, 603 U.S. 369, 402, 412, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024) (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S. Ct. 161, 89 L. Ed. 124 (1944)); Rogers v. Better Bus. Bureau of Metro. Houston, Inc., 887 F. Supp. 2d 722, 732 (S.D. Tex. 2012) ("The Copyright Office's 'policy statements, agency manuals, and enforcement guidelines' do not carry 'the force of law,' but they are entitled to some deference given the 'specialized experience and broader investigations and information' of the agency." (quoting Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 449 n.9, 123 S. Ct. 1673, 155 L. Ed. 2d 615 (2003) (quoting Christensen v. Harris Cnty., 529 U.S. 576, 587, 120 S. Ct. 1655, 146 L. Ed. 2d 621 (2000)) (referring to the Equal Employment Opportunity Commission's

since Emmerich does not have a certificate of registration covering these articles, its claim for their infringement fails as a matter of law. Therefore, Particle's motion will be granted as to these articles.

Non-Owned Articles by Steve Wilson

Particle contends that Emmerich does not own and hence does not have a valid registration in articles authored by Steve Wilson, a non-employee, so that claims based on those articles must be dismissed. In opposition, Emmerich has presented Wyatt Emmerich's affidavit in which he states that Wilson was an Emmerich employee when he wrote the articles at issue.

Wilson's employment records were purportedly attached as an exhibit to the affidavit, but they were not. Particle submits this is fatal to Emmerich's position. Not so. Wyatt's affidavit attesting to Wilson's status as an employee is sufficient to create an issue of fact as to the ownership of the articles authored by Wilson.[7] The claims based on these articles

---

Compliance Manual); (finding an agency administrator's rulings to "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.")).

[7] In an effort to rectify the failure to attach this exhibit, on February 28, 2025, Emmerich filed its motion to file a corrected exhibit. While the motion will be granted, for the reasons set forth in Particle's opposition, the court concludes that the exhibit does not conclusively establish Wilson's employee status for all of the relevant time periods. Thus, this remains an issue for the jury, see infra at pp. 25-26. Owing to possible factual issues, Particle did not seek summary

thus remain viable. It follows that Particle's motion will be denied as to this issue.

Articles Not Included on Emmerich's Infringement Lists

Particle asserts, and Emmerich does not dispute that it no longer asserts infringement claims as to forty-eight articles on the full-text view list and thirty-two articles from the framed-view list. Despite this concession, Emmerich explains that it has not sought to dismiss the infringement claims based on these articles because it continues to maintain copyright management information (CMI) claims based on them. The fact that Emmerich is asserting CMI claims relating to these articles does not preclude dismissal of the separate infringement claims based on these eighty articles. Particle's motion will be granted as to these articles.

Photographs

Emmerich originally sought to recover for Particle's alleged infringement of thirty photographs, which Emmerich claimed were covered by Group Registration Number VA 2-335-308. In July 2024, following entry of the court's June 2024 opinion and order, Emmerich filed a notice of voluntary dismissal of its

judgment on claims based on articles written by alleged Emmerich employee, Calvin Stevens. However, it does oppose Emmerich's motion as to articles written by Stevens, citing questions as to his employment status and as to efficacy of putative transfers of ownership. Emmerich's motion as to claims based on these articles will be denied, see infra at pp. 25-26.

claim based on an Associated Press (AP) photograph which Emmerich had included in this group registration. The notice of dismissal was accompanied by a numbered list of twenty-nine photographs as to which it continued to assert infringement claims. The AP photograph was number 18 on the list. See Dkt. 159-1. Emmerich now seeks summary judgment on its infringement claims based on fourteen of the photographs, specifically numbers 1, 4-15, and 21 from the July 2024 list.[8]

In its motion, Particle seeks summary judgment on Emmerich's infringement claims on sixteen of the twenty-nine photographs, particularly, numbers 2, 3, 16 to 20[9], and 21-30, on account of various asserted deficiencies in the registration.

Thus, except as to photograph number 21, entitled "No Reports," Particle seeks dismissal of the photograph-based claims not put at issue by plaintiff's motion. In response to Particle's motion, Emmerich asserts that its claim for infringement of photograph number 21 remains viable, but the remaining photographs that are the subject of Particle's motion (numbers 2, 3, 16 to 20, and 22 to 30) are no longer relevant and it has thus removed them from its list of infringing

[8] Emmerich's current exhibit [Dkt. 290-15] is numbered differently from the exhibit attached to the July notice of voluntary dismissal.

[9] As observed, photograph 18 was the subject of Emmerich's December 2024 notice of voluntary dismissal.

photographs. The court interprets from this that Emmerich has thus abandoned its claims as to these photographs. That leaves for the court's consideration whether photograph 21 is covered by a valid registration certificate and whether Emmerich is entitled to summary judgment as to photographs 1, 4 to 15 and 21.

Copyright regulations allow for group registration of multiple published photographs. See 17 U.S.C. § 408(c)(1); 37 C.F.R. § 202.4(i); Copyright Office, Circular 42, Copyright Registration of Photographs (rev. March 2021). In order to register a group of published photographs with one application, the following conditions, among others, must be met: "All the photographs must be created by the same author," and "[t]he copyright claimant for all the photographs must be the same person or organization." 37 C.F.R. § 202.4(i). See also Circular 42, at 2-3.

Emmerich, as stated, using a group registration application, registered a group of thirty photographs, as VA 2-335-308, and in so doing, necessarily represented during the application process that all the photographs were created by the same author and that the claimant was the same as to all photographs in the group. Emmerich does not dispute that it is not the author or claimant as to the AP photograph. The application thus contained inaccurate information.

Citing 17 U.S.C. § 411(b), Particle argues that this inaccuracy of which Emmerich was surely aware necessitates invalidation of the group registration and consequently, dismissal of any infringement claim based on photograph 21. Emmerich, on the other hand, maintains that its inclusion of the AP photograph was an innocent mistake, which Particle has no evidence to controvert; and that this inadvertent mistake does not require invalidation of the entire registration. It further contends that, in any event, photograph 21 is covered by the group registration of the e-edition of the newspaper in which it appeared. In reply, Particle submits that including a clearly-designated AP photograph could not have been unknowing inadvertence; and as to Emmerich's alternative argument, asserts the record is devoid of proof that photograph 21 is covered by another registration.

Considering Emmerich's alternative argument first, the court concludes that Emmerich has not shown that the subject photograph is covered by an alternative registration. Emmerich states that its e-edition group registration is listed in Exhibit Q to Docket 181-17. It is not. Instead, Exhibit Q, entitled, "Newsbreak Theft Log Photo Group Registration Number: VA0002335308 Photo Registration Decision Date: February 9, 2023," lists twenty-nine of the photographs covered by its group photograph registration, VA 2-335-308, but seemingly purports to

give the e-edition filename in which each photograph was published.[10] Specifically, regarding photograph 21, it states that the e-edition filename is: grnp_08844569_20200213.pdf. Emmerich's position, as suggested by this naming convention, appears to be that the photograph was published in the February 13, 2020 e-edition of the Greenwood Commonwealth and is thus covered by Emmerich's registration of that issue.[11] Particle asserts that the photograph was published in a March 2021 e-edition, which has not been registered. The court, however, is unable to locate in the record a registration covering either a February 2020 or March 2021 e-edition of the Greenwood Commonwealth.[12] As Emmerich has failed to show that photograph 21 is covered by the registration of *any* e-edition, the question becomes whether it is covered by VA 2-335-308.

---

[10] When registering a group of newspapers, the claimant must provide a .pdf copy, i.e., a deposit, of each newspaper in the group. Claimants are instructed to name the deposits as "GRNP_[ISSN_number]_[date of publication YYYYMMDD].pdf". https://www.copyright.gov/eco/help-newspapers.html (last accessed July 29. 2025).

[11] This newspaper's Internal Standard Serial Number (ISSN) is 0884-4569. "An ISSN is an 8-digit code used to identify newspapers, journals, magazines and periodicals of all kinds and on all media-print and electronic." https://www.issn.org/understanding-the-issn/what-is-an-issn/ (last accessed July 29, 2025)

[12] While the court is under no obligation to search the record for proof, the court did review Exhibits B 1-4 attached to the amended complaint in 3:24CV26-TSL-MTP at Dkt. 15 and Exhibits 2-4 to the Attachment to the complaint in 3:23CV291-TSL-MTP, which is at Dkt. 4 and identified no registration that would cover this photograph.

Moving on, Emmerich clearly inaccurately represented that it was the author and proper claimant as to all the photographs included in its application which resulted in the issuance of group photograph registration VA 2-335-308. Emmerich states, but offers no proof, that its inclusion of the AP photograph was inadvertent. Particle insists that Emmerich cannot claim lack of knowledge that it did not own the rights to the AP photograph, as the credit line on the photograph plainly indicates that it is an AP photograph. Particle further argues that the Copyright Register would have rejected this application had Emmerich advised that it contained an AP photograph. See 17 U.S.C. § 411(b)(1) (defendant may challenge the validity of a registration by asserting that the claimant knowingly provided inaccurate information in the application and that the Copyright Register would have refused registration had the information been known). On this basis, Particle seeks invalidation of the registration. The court, however, is not persuaded that the record establishes that Emmerich knowingly made inaccurate representations on its application. It does not follow from the fact that photograph 21 contains an AP credit that Emmerich's representations in the application were *knowingly* false and that the inclusion was not inadvertent.

Further, while it is true that under § 411(b)(1), a defendant may challenge the validity of a registration, even

were the court to conclude that Particle had satisfied both prongs, i.e., by showing that Emmerich knowingly provided inaccurate information in its application and that the Copyright Register would have refused registration had the information been known, invalidation does not automatically follow. Rather, § 411(b)(2) states, "In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."[13] The Fifth Circuit, in rejecting a defendant's argument that the mere *allegation* of inaccuracy in an application warranted referral to the Register, has concluded that "the most reasonable reading of § 411(b) is that trial courts may, in their discretion, determine" whether the conditions set forth in § 411(b)(1) are met before making a referral to the Register. Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P., 948 F.3d 261, 278 (5th Cir. 2020). In so concluding, the court found the Seventh Circuit's interpretation and approach to the statute to be persuasive, to wit:

> [I]nput [from the Register] need not be sought immediately after a party makes such a claim.

[13] While the parties cited § 411(b)(1) in the briefing with reference to Particle's argument that Emmerich's group registration of photographs contained inaccurate information, neither cited § 411(b)(2).

> Instead, courts can demand that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice on materiality. ... Once these requirements are met, a court may question the Register as to whether the inaccuracy would have resulted in the application's refusal.

Id. (quoting DeliverMed Holdings, LLC v. Schaltenbrand, 734 F.3d 616, 625 (7th Cir. 2013)).

In this case, as the court is not persuaded that Particle has demonstrated that Emmerich knowingly included the AP photograph in the group application, it will not, at this time, refer the issue to the Register. From the foregoing, it follows that Particle's motion for summary judgment as to Emmerich's infringement claim arising from photograph 21 is denied.

Particle does not contend that photographs 1 and 4 to 15 from Emmerich's July 2024 list are not covered by a valid registration or deny that it violated Emmerich's exclusive right to display the photographs when it posted them in full-text view on NewsBreak. It follows that Emmerich's motion for summary judgment will be granted as to these photographs.

Analysis: Plaintiff's motion as full-view articles[14]

In the parties' previous litigation, see Emmerich Newspapers, Inc. v. Particle Media, Inc., No. 3:21-cv-32-KHJ-MTP, Judge Johnson granted Emmerich's motion for summary

[14] See supra at n.2 (setting forth, inter alia, explanation of full-view articles).

judgment by which it sought a ruling that Particle’s full-view display of nine of its articles did not constitute “fair use.” See Emmerich Newspapers, Inc., 2022 WL 3222892, at *5 (explaining that “the fair use doctrine recognizes an author's consent to a reasonable use of his copyrighted works ... [implicit in] the constitutional policy of promoting the progress of science and the useful arts”) (internal citations and quotations omitted).

In reliance on Judge Johnson’s reasoning, Emmerich seeks summary judgment in this case as to 1,790 articles which it contends Particle likewise displayed in full-view. Particle does not assert the fair use defense in opposition to the motion; rather, it argues the motion must be denied because many of the articles on the full-view article list are not validly registered either because they were or may have been previously published or because they were not owned by Emmerich.

In light of the court’s conclusion that Particle’s motion for summary judgment as to the registration issue is well taken, it follows that Emmerich’s motion as to the articles set out in Dkt. 305-19 will be denied. The motion will also be denied as to the articles set out in Dkt. 305-24. Further, for the reasons explained in Particle’s response is opposition to Emmerich’s motion for leave to file a corrected exhibit, the court finds that Emmerich has not conclusively established

ownership of the articles written by Wilson and Cal Stevens, and therefore, Emmerich's motion for summary judgment will be denied as to claims based on these articles, as well. Finally, Emmerich is entitled to summary judgment as to any claims based on the full-view articles which have survived the court's ruling on Particle's motion, save those authored by Wilson and Stevens and the ten in Dkt. 305-24 which remain at issue.[15] But due to the sheer number of full-view articles at issue, the court will not endeavor to determine which of Emmerich's claims based on full-view articles have survived the court's grant of summary judgment to Particle on the registration and statute limitations issue.

Analysis: Newsbreak Acting as a Web Browser

In addition to challenging Emmerich's infringement claims on grounds relating to its registrations, Particle also seeks summary judgment as to framed-viewed articles on its list,

---

[15] Implicit in this conclusion is the court's rejection of Particle's argument that Emmerich's failure to object to Particle's use of Emmerich's content for nearly a year creates an issue of fact as to an implied license. Particle has not purported to establish any of the three criteria required to give rise to an implied license. See Lulirama Ltd., Inc. v. Axcess Broad. Servs., Inc., 128 F.3d 872, 879 (5th Cir. 1997) ("an implied nonexclusive license arises when '(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work.') (quoting I.A.E., Inc. v. Shaver, 74 F.3d 768, 774 (7th Cir. 1996)).

arguing that their presentation to NewsBreak users did not constitute infringement. In this regard, Emmerich asserts infringement claims as to 748 frame-viewed articles which it contends NewsBreak publicly displayed by "framing." Framing has been explained as follows:

> Webpages consist of data. This data is stored on computers. When a user instructs her web browser to access a webpage, the web-browser software interprets code stored on the computer that stores the website's data and displays the information as a webpage. But a webpage can include code that instructs the web browser to retrieve code from another computer and to display that information at the same time as information retrieved from the first computer. In such a situation, the user would see the website she has visited framing the content the website instructed the web browser to retrieve from the other computer.

Leader's Inst., LLC v. Jackson, No. 3:14-CV-3572-B, 2017 WL 5629514, at *10 (N.D. Tex. Nov. 22, 2017).

Emmerich maintains that framing constitutes infringement on a copyright holder's exclusive right to display its copyrighted content, as the court concluded in Leader's Institute. See id. (citing § 106(5), which gives copyright owner the exclusive right to display copyrighted works and holding that "by framing the defendants' copyrighted works, the plaintiffs impermissibly displayed the works to the public").

Particle denies that NewsBreak employed framing to show Emmerich's content to NewsBreak users. Instead, it asserts that "[w]hen the NewsBreak app worked as intended, a user who clicked

on a news feed item from one of Plaintiff's websites was taken to that website, with the app acting as a web browser using the Android WebView component for Android devices and the IOS WebView component for iOS devices," so that the user viewed *Emmerich's* content from *Emmerich's* website on *Emmerich's* server. Particle does not dispute that the NewsBreak app has the capability to and does place other content, such as Particle's ads and "like," "share" and "comment" buttons, outside of the WebView window, in which case a NewsBreak user is viewing a non-partner's content and its own simultaneously. But it is *still* *Emmerich's* content on *Emmerich's* website, inside the window. Particle submits, though, that even if its WebView method of showing non-partner content in this manner could be correctly characterized as "framing" (which it disputes), it does not constitute infringement.

In support, Particle relies on Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir. 2007), which established what is known as the "server test," that holds that "the owner of a computer that does not store and serve the electronic information to a user is not displaying that information, even if such owner inline links to or frames the electronic information." Id. at 1160. Particle contends that application of the "server test" in this case to its WebView method compels the same conclusion -- that it did not publicly

display the 748 frame-viewed articles and thus did not infringe upon Emmerich's display rights.

Emmerich urges the court to reject the "server test." Alternatively, it attempts to recast the "server test" as applicable to "search engines" only, and therefore inapplicable in the case at bar. Based on the following, the court concludes the server test applies, and that under the server test, Particle did not infringe Emmerich's exclusive right to publicly display the 748 articles at issue here.

In Perfect 10, Perfect 10, the publisher and operator, respectively, of an adult magazine and a subscription website, both of which featured nude photographs, sued Google and Amazon, complaining that Google's image search engine directly infringed by (1) "display[ing] and distribut[ing] full-size images hosted by third-party websites, and (2) creat[ing], display[ing], and distribut[ing] thumbnails of [Perfect 10's] copyrighted full-size images." Perfect 10 v. Google, Inc., 416 F. Supp. 2d 828, 838 (C.D. Cal. 2006), aff'd in part, rev'd in part and remanded sub nom. Perfect 10, Inc. v. Amazon.com, Inc., 487 F.3d 701 (9th Cir. 2007), amended and superseded on reh'g, 508 F.3d 1146 (9th Cir. 2007), and aff'd in part, rev'd in part and remanded sub nom. Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir. 2007). While Google conceded that it created and stored the thumbnails on its own servers and displayed them when

prompted by a search inquiry, it denied that it displayed, created or distributed the full size images; instead, "Google 'in-line link[ed]' to and/or 'frame[d]' content that, in fact, [was] stored on and served by other websites." Id.

To aid the district court's resolution of whether "'in-line link[ing]'" to and/or 'fram[ing]" content that, in fact, is stored on and served by other websites," constituted a 'display' for purposes of copyright law," Google and Perfect 10 proposed different tests, with Google advocating the server test and Perfection 10 an incorporation test. Id. at 838-40. According to the district court, from a "visual perspective," under the incorporation test, "one could define 'display' as the mere act of incorporating [another's] content into a webpage that is then pulled up by the browser." Id. at 839. Adopting the "server test" and rejecting the incorporation test for a variety of reasons, the court applied the server test and concluded that Google displayed the thumbnails, which admittedly were created and stored on Google's server, but did not display the full-size images which had been in-line linked from a third-party website. Id at 844.

On appeal, the Ninth Circuit affirmed, concluding that the "server test" comported with the language of the Copyright Act, explaining as follows:

The Copyright Act explains that "display" means "to show a copy of it, either directly or by means of a film, slide, television image, or any other device or process...." 17 U.S.C. § 101. Section 101 defines "copies" as "material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." Id. Finally, the Copyright Act provides that "[a] work is 'fixed' in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." Id.

We must now apply these definitions to the facts of this case. A photographic image is a work that is "'fixed' in a tangible medium of expression," for purposes of the Copyright Act, when embodied (i.e., stored) in a computer's server (or hard disk, or other storage device). The image stored in the computer is the "copy" of the work for purposes of copyright law. See MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 517–18 (9th Cir.1993) (a computer makes a "copy" of a software program when it transfers the program from a third party's computer (or other storage device) into its own memory, because the copy of the program recorded in the computer is "fixed" in a manner that is "sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration" (quoting 17 U.S.C. § 101)). The computer owner shows a copy "by means of a ... device or process" when the owner uses the computer to fill the computer screen with the photographic image stored on that computer, or by communicating the stored image electronically to another person's computer. 17 U.S.C. § 101. In sum, based on the plain language of the statute, a person displays a photographic image by using a computer to fill a computer screen with a copy of the photographic image fixed in the computer's memory. There is no dispute that Google's computers store thumbnail versions of Perfect 10's copyrighted images and communicate copies of those thumbnails to Google's users. Therefore, Perfect 10 has made a

> prima facie case that Google's communication of its stored thumbnail images directly infringes Perfect 10's display right.
>
> Google does not, however, display a copy of full-size infringing photographic images for purposes of the Copyright Act when Google frames in-line linked images that appear on a user's computer screen. Because Google's computers do not store the photographic images, Google does not have a copy of the images for purposes of the Copyright Act. In other words, Google does not have any "material objects ... in which a work is fixed ... and from which the work can be perceived, reproduced, or otherwise communicated" and thus cannot communicate a copy. 17 U.S.C. § 101.
>
> Instead of communicating a copy of the image, Google provides HTML instructions that direct a user's browser to a website publisher's computer that stores the full-size photographic image. Providing these HTML instructions is not equivalent to showing a copy. First, the HTML instructions are lines of text, not a photographic image. Second, HTML instructions do not themselves cause infringing images to appear on the user's computer screen. The HTML merely gives the address of the image to the user's browser. The browser then interacts with the computer that stores the infringing image. It is this interaction that causes an infringing image to appear on the user's computer screen.

Perfect 10, 508 F.3d at 1160-61.

Initially, the court rejects Emmerich's attempt to recast the server test as applicable only to search engines; it is not so limited. To the contrary, "application of the Server Test depends on the method used for displaying [copyrighted content] — not the context in which [it] is displayed." Hunley v. Instagram, LLC, 73 F.4th 1060, 1071 (9th Cir. 2023) ("We have

not limited Perfect 10 to search engines, and it is too late to argue that it is so limited.”).

As the parties point out, there is no Fifth Circuit precedent to guide the court, and currently, the Ninth Circuit is the only circuit court to have ruled on this issue. Emmerich urges the court to follow the Leader's Institute court (and others) by rejecting the server test and thus concluding that Particle publicly displayed copies of Emmerich articles through a process and thereby infringed on Emmerich’s display right.

The court acknowledges that Leader’s Institute is not alone in eschewing the server test, see e.g. Goldman v. Breitbart News Network, LLC, 302 F. Supp. 3d 585, 590 (S.D.N.Y. 2018) (rejecting server test as not adequately grounded in text of Copyright Act) and Bowery v. Sites, No. 2:21-CV-00567-DBB-JCB, 2024 WL 3416038, at *8-9 (D. Utah July 15, 2024) (concluding “that a defendant who embeds a copyrighted image on a webpage, without hosting the image on its servers, may infringe the copyright holder's display rights”). The court is persuaded, however, that the server test is the more reasonable interpretation of the plain language of the statute. See 5 Patry on Copyright § 15:7, Infringement of the display right—Case law—Framing, Linking, and Embedding, and the Server Test (endorsing server test as consistent with Copyright Act’s plain language and observing that the “fatal flaw” in the Leader’s

Institute court's approach is "that defendant did not transmit a display of the 'work,' but rather merely sent to the user's browser instructions for where the copy resided (typically plaintiff's own website), and from which the instructions for actually displaying the work occurred"). Application of the server to test to the framed-view/WebView articles compels a conclusion that Particle, which did not store any of these images as electronic information and serve electronic information to NewsBreak users, did not violate Emmerich's exclusive right to display its copyrighted content.[16]

---

[16] Emmerich takes issue with the fact that while in framed-view mode, its content was displayed on the same screen with NewsBreak's ads, suggesting, apparently, that readers would be confused about whose website they were on. In Perfect 10, the court rejected Perfect 10's argument it was harmed by Google's framing of its photographs because it gave the impression that Google "is showing the image within a single Google webpage." 508 F.3d at 1161. The court reasoned, "While in-line linking and framing may cause some computer users to believe they are viewing a single Google webpage, the Copyright Act, unlike the Trademark Act, does not protect a copyright holder against acts that cause consumer confusion." Id. (citing cf. 15 U.S.C. § 1114(1) (providing that a person who uses a trademark in a manner likely to cause confusion shall be liable in a civil action to the trademark registrant)).

Emmerich also maintains in its rebuttal that the server test is inconsistent with the Supreme Court's decision in American Broadcasting Cos., Inc. v. Aereo, Inc., 573 U.S. 431, 433, 134 S. Ct. 2498, 2501, 189 L. Ed. 2d 476 (2014) (concluding that defendant publicly performed plaintiff's copyrighted work and thereby directly infringed upon its exclusive right under § 106(4) to "perform the copyrighted work publicly."). The Ninth Circuit recently rejected this position as does the undersigned. See Hunley v. Instagram, LLC, 73 F.4th 1060, 1072-77 (9th Cir. 2023) (rejecting plaintiff's argument that server rule was

See Perfect 10, 508 F.3d at 1159.[17] Particle's motion will be granted as to the 748 framed-view articles.

Analysis: Statute of Limitations - Infringement Claims

Both parties have moved for summary judgment on the statute of limitations. Emmerich contends its infringement claims are timely under the Copyright Act's three-year statute of limitations in § 507(b) based on the applicable discovery rule, see Martinelli v. Hearst Newspapers, L.L.C., 65 F.4th 231, 233 (5th Cir. 2023), cert. denied, 144 S. Ct. 2561, 219 L. Ed. 2d 1227 (2024) (Copyright Act's three-year "limitations period starts running 'once the plaintiff knows or has reason to know of the injury upon which the claim is based,' which is also known as the discovery rule." (quoting Graper v. Mid-Continent Casualty Co., 756 F.3d 388, 393 (5th Cir. 2014) (cleaned up)).[18]

---

inconsistent with Aereo because, among other reasons, the performance and not the display right was at issue in Aereo).

[17] See also Miller v. 4Internet, LLC, No. 22-16195, 2024 WL 3219716, at *1 (9th Cir. June 28, 2024) ("Under the 'server test,' a website publisher is only liable for direct infringement if the publisher stores the infringing image on its own server rather than embedding or linking from a third-party server."); Evox Prods., LLC v. Verizon Media, Inc., No. 21-56046, 2022 WL 17430309, at *1 (9th Cir. Dec. 6, 2022) ("The server test requires an image to be both stored on the infringer's servers and delivered by the infringer to website viewers' screens. Simply linking to an image stored on a different server, or storing (without serving) the image on one's own server does not qualify as public display under copyright laws.").

[18] The three-year statute of limitations applies to all civil actions brought "under the provisions of this title," which

Emmerich claims it first learned of Particle's infringing activity in February 2020, thereby making its claims in this action, filed on January 12, 2023, timely filed within three years of discovery. It further argues that its claims are timely in any event, because the statute of limitations was tolled for fourteen months while an earlier infringement lawsuit was pending before Judge Kristi Johnson, see Emmerich Newspapers, Inc. v. Particle Media, Inc., No. 3:21-cv-32-KHJ-MTP.

Despite the Fifth Circuit's clear holding in Martinelli that the discovery rule applies, Particle advocates application of an "injury rule," under which it contends Emmerich's claims are time-barred. See Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325, 1330 (11th Cir. 2023), aff'd, 601 U.S. 366, 144 S. Ct. 1135, 218 L. Ed. 2d 363 (2024) (observing that under an "injury rule," claims accrue "when the harm, that is, the infringement, occurs, no matter when the plaintiff learns of it"). Alternatively, it argues that Emmerich's claims were not

includes both infringement and DMCA actions, see Diamondback Indus., Inc. v. Repeat Precision, LLC, No. 4:18-CV-902-A, 2019 WL 5842756, at *2 (N.D. Tex. Nov. 7, 2019); and the parties herein have moved for summary judgment on the limitations issue both as to Emmerich's infringement and DMCA claims. In light of the court's conclusion that Particle is entitled to summary judgment as to Emmerich's DMCA claims on the merits, see infra at pp. 48-49, 57, it follows that the court need not consider Emmerich's argument that its DMCA claims are timely.

equitably tolled during the earlier lawsuit before Judge Johnson so that, even under the discovery rule, at least some of Emmerich's claims in Case No. 3:23cv391 are time-barred.

Based on the Fifth Circuit's binding ruling in Martinelli, the "discovery rule" applies to determine when Emmerich's claims accrued. Emmerich has presented proof that it learned of Particle's alleged infringing activity on February 10, 2020, when one of its publishers sent Wyatt Emmerich an e-mail reporting that he had seen an Emmerich article on Newsbreak.[19] For its part, Particle has not presented evidence to directly challenge this as the date of discovery. Instead, it suggests that in light of Emmerich's use of Google Analytics, which showed that NewsBreak was a top referral source in 2019, Emmerich had reason to know that its content was being used by NewsBreak. In the court's opinion, however, having reason to know that NewsBreak was a top referral site does not equate to facts from which a copyright holder could reasonably conclude that the referral site was infringing on its content. Accordingly, the court accepts February 10, 2020 as the discovery date.

[19] By offering only February 10, 2020 as the discovery date, Emmerich seems to impliedly concede that once apprised of Particle's alleged activity, it was on notice to be aware of future acts of infringement.

According to Emmerich's complaints, Particle's infringing activity occurred from 2018 to 2021. Particle maintains (and Emmerich does not refute) that the infringement claims which remain after plaintiff's voluntary dismissals are those alleged in Case No. 3:23cv391-TSL-MTP, filed June 20, 2023, more than four months after the expiration of the three-year statute of limitations. Thus, absent tolling, any claims for acts of infringement that occurred before June 20, 2020, are time-barred.[20] See Hall v. Hall, 584 U.S. 59, 72, 138 S. Ct. 1118, 1130, 200 L. Ed. 2d 399 (2018) ("[T]hrough consolidation under Rule 42(a)[,] one or many or all of the phases of the several actions may be merged. But merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately.") (internal quotation marks omitted)); see also McCleary v. Singh, No. CV-24-08056-PCT-DWL, 2024 WL 4728649, at *2 (D. Ariz. Nov. 8, 2024) (citing Hall and recognizing consolidation has no effect on statute of limitations as to consolidated actions).

---

[20] Under "'the separate-accrual rule,' 'the statute of limitations runs separately from each violation' of the Copyright Act, meaning that 'each infringing act starts a new limitations period.'" Id. at 238 (quoting Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014)).

In "extraordinary circumstances," a court may allow late claims to proceed under the doctrine of equitable tolling, which "'preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998) (quoting Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995)). It is a narrow exception that is to be applied sparingly. Phillips v. Leggett & Platt, Inc., 658 F.3d 452, 457 (5th Cir. 2011).

> Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some other extraordinary way from asserting his rights." Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996). But a plaintiff who "fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (per curiam); see also Rashidi, 96 F.3d at 128 (declining to apply equitable tolling to claim where plaintiff "could have filed his claim properly with even a modicum of due diligence").

Jaso v. The Coca Cola Co., 435 F. App'x 346, 357 (5th Cir. 2011) (affirming denial of equitable tolling of plaintiff's copyright claims and stating that "a plaintiff who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." (internal citations omitted)). Emmerich, as the party invoking equitable tolling, has the burden to demonstrate it applies in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002). It has not satisfied this burden.

Emmerich declares that it "showed 'reasonable diligence' in pursuing all of the instant claims against Particle by filing suit and pursuing those claims for 14 months before part of those claims were dismissed without prejudice." Clearly, it did not, as it asserted infringement claims despite having no copyright registration for the bulk of the allegedly infringing content.

When Emmerich filed the prior lawsuit in January 2021 alleging that it had registered fifteen articles and that "[a]dditional copyright registrations have been (or are in the process of being) filed at the time of filing of this Complaint and will be incorporated herein when the registrations are received," and also when it later filed an amended complaint purporting to "clarif[y] that its allegations of copyright infringement apply to every instance where Particle Media extracts articles, in whole or in part, from Emmerich's websites, and republishes them on the News Break app,"[21] the Copyright Act plainly provided that "no civil action for infringement of the copyright in any United States work shall be

[21] The magistrate judge granted Emmerich's motion to amend over Particle's futility objection, observing that it was not clear from the face of the proposed amended complaint whether Emmerich was seeking to add claims arising from unregistered articles. See Emmerich Newspapers, Inc. v. Particle Media, Inc., No. 3:21-cv-32-KHJ-MTP, slip op. at pp. 3-4 (S.D. Miss Sept. 22, 2021).

instituted until ... registration of the copyright claims has been made." 17 U.S.C. § 411(a). The law was equally clear, as Judge Johnson observed in granting Particle's motion to dismiss its claims for money damages, that § 411 acts as "'an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights.'" Emmerich Newspapers, Inc. v. Particle Media, Inc., No. 3:21-CV-32-KHJ-MTP (quoting Fourth Est. Pub. Ben. Corp. v. Wall-Street.com, LLC, 586 U.S. 296, 139 S. Ct. 881, 887, 203 L. Ed. 2d 147 (2019)) (emphasis added).

Emmerich argues this court should take into consideration that it did not know of the extent of Particle's alleged infringement until it received discovery in the earlier case, suggesting that Particle hid its malfeasance. Yet Emmerich has provided no explanation for its decision to pursue clearly unexhausted claims or for the timing of its efforts to register the articles with the Copyright Office.

Moreover, the court's review of the registration certificates appended to 3:23CV391-TSL-MTP shows that they were all issued by the Register prior to the expiration of the statute of limitations, with most having decision dates in September through December 2022 and with a handful being issued as late as mid-January 2023. Emmerich has offered no explanation for its failure to timely file suit based on these

registrations. The court is not persuaded that Particle "hid" the claims; but even if Particle did hide them,[22] Emmerich has shown that it acted with reasonable diligence in pursuing them.

As Emmerich has failed to sustain its burden to establish that equitable estoppel should apply, Particle's motion for summary judgment on the limitations issue will be granted in part and denied in part.[23] Particle's motion is granted and Emmerich's motion denied as to claims for acts of infringement of the articles in 3:23CV391-TSL-MTP which are alleged to have occurred before June 20, 2020. Particle's motion is denied, and Emmerich's granted as to claims for acts of infringement occurring after June 20, 2020.

---

22 Emmerich argues that Particle "hid" the articles solely in support of its tolling argument and not in support of any argument that there should be a later discovery date. Such an argument, had it been raised, would not be well taken. See Martinelli, 65 F.4th at 238 ("'Once [a] plaintiff is on inquiry that it has a potential claim, the statute can start to run,'" even if the plaintiff has not yet "'obtain[ed] a thorough understanding of all the facts.'")(quoting Prather v. Neva Paperbacks, Inc., 446 F.2d 338 (5th Cir. 1971)).

23 The parties' exhibits reflect the date of Emmerich's publication of the articles allegedly infringed by Particle, but the date on which the alleged infringements occurred is not discernable (or not readily so). Without this information, the court is unable to discern precisely which articles can form the basis of infringement claims.

DMCA – CIRCUMVENTION AND TRAFFICKING CLAIMS

Both parties have moved for summary judgment on Emmerich's circumvention claims under the DMCA, and Particle also seeks summary judgment on Emmerich's trafficking claims.

Section 1201 of the Digital Millenium Copyright Act (DMCA) sets out three separate prohibitions. First, § 1201(a)(1)(A), the anti-circumvention provision, states that "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title." § 1201(a)(1)(A). "To 'circumvent a technological measure' means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." Id. § 1201(a)(3)(A).

In enacting the DMCA, "Congress noted that 'the conduct of circumvention was never before made unlawful,' S. Rep. 105-190, at 12, but explained the need for the new protection as akin to 'making it illegal to break into a house using a tool, the primary purpose of which is to break into houses.'" Green v. United States Dep't of Just., 111 F.4th 81, 89 (D.C. Cir. 2024) (quoting S. Rep. 105-190, at 11). That is, "the anticircumvention provision is designed to operate as a prohibition against digital trespass." Id.

The second and third substantive provisions are §§ 1201(a)(2) and 1201(b)(1), the "anti-trafficking provisions." "These sections are similar, except that § 1201(a)(2) covers those who traffic in technology that can circumvent 'a technological measure that effectively controls access to a work protected under' Title 17, whereas § 1201(b)(1) covers those who traffic in technology that can circumvent 'protection afforded by a technological measure that effectively protects a right of a copyright owner under' Title 17." Davidson & Assocs. v. Jung, 422 F.3d 630, 640 (8th Cir. 2005) (quoting §§ 1201(a)(2) and (b)(1)). As the Eighth Circuit explained, "although both sections prohibit trafficking in a circumvention technology, the focus of § 1201(a)(2) is circumvention of technologies designed to prevent access to a work, and the focus of § 1201(b)(1) is circumvention of technologies designed to permit access to a work but prevent copying of the work or some other act that infringes a copyright." Id. (quoting S. Rep. No. 105-190, at 11-12 (1998)); Universal City Studios v. Corley, 273 F.3d 429, 440-41 (2nd Cir. 2001) (same).

Analysis: Circumvention

In support of its § 1201(a)(1) circumvention claim, Emmerich alleged in its complaint and argued in its original motion for summary judgment in this cause [Dkt. 48] that because the websites of two of its newspapers, Greenwood Commonwealth

and McComb Enterprise-Journal, operated behind "hard paywalls," meaning a subscription was required to view complete articles, and because there was no proof that Particle had a subscription and yet had obtained full-length articles, it had established that NewsBreak had employed circumventing technology, i.e., its web crawler, to gain unauthorized access to Emmerich's full-length articles.[24] In opposing the earlier motion, Particle denied that its web crawler employed any circumventing technology, insisting it could only scrape content which would have been available without a subscription. The court found that Particle's proof on this issue created a question of material fact precluding summary judgment. See Emmerich Newspapers, Inc. v. Particle Media, Inc., No. 3:23-CV-391-TSL-RPM, 2024 WL 5701883, at *4 (S.D. Miss. June 25, 2024).

By its current motion, Emmerich posits a new theory. It no longer claims Particle's web crawler circumvented Emmerich's access control measures to gain access to its content. On this point, it proclaims that "[s]craping is not a problem so long as the party doing the scraping (1) does not republish the content on their own platforms without permission and (2) does not make pay-wall protected content available to non-subscribers." It now contends that the illegal circumvention occurred when, after

---

24 Emmerich did not previously seek summary judgment on its trafficking claim.

the web crawler had scraped the entire webpage for each article, including the HTML paywall code, it "removed, deactivated and impaired" Emmerich's paywall and failed to save it along with the article's headline, images and content. To put it in Congress's parlance, Emmerich's claim is not that Particle used a tool, i.e., its web crawler, to break into Emmerich's house; rather, Emmerich's claim is that Particle, after accessing the house and "stealing" Emmerich's articles, then used a tool, the parser, to delete the paywall, and then saved the "stolen content its server scraped where anyone using the NewsBreak app could read the article in its entirety without the inconvenience of paying." In sum, Emmerich is complaining about Particle's *use* of its content, not its unauthorized access to the content.

The DMCA defines circumvention as an activity undertaken "without the authority of the copyright owner, to gain access to the work." 17 U.S.C. § 1201(a)(3)(B) (emphasis added). "The plain language of the statute, therefore, requires a plaintiff alleging circumvention (or trafficking) to prove that the defendant's access was unauthorized." Chamberlain Grp. v. Skylink Techs., Inc., 381 F.3d 1178, 1193 (Fed. Cir. 2004), cert. denied, 544 U.S. 923, 125 S. Ct. 1669, 161 L. Ed. 2d 481 (2005) (emphasis added); Ground Zero Museum Workshop v. Wilson, 813 F. Supp. 2d 678, 691 (D. Md. 2011) (citing Chamberlain Grp.,

381 F..3d at 1193); Dish Network L.L.C. v. World Cable Inc., 893 F. Supp. 2d 452, 463 (E.D.N.Y. 2012).

In MGE UPS Systems, Inc. v. GE Consumer & Industrial, Inc., 622 F.3d 361 (5th Cir. 2010), in concluding that the plaintiff had not stated a valid circumvention claim, the Fifth Circuit found dispositive the fact that the plaintiff had not shown that the action of defendant's "own representatives amounted to circumvention." Id. at 366. This conclusion was the result of the court's recognition that the DMCA only targets the circumvention of the technological measure guarding copyrighted material and "does not concern itself with the use of those materials after circumvention has occurred." Id. (quoting Universal City Studios, Inc. v. Corley, 273 F.3d 429, 443 (2d Cir. 2001)); see also Chamberlain, 381 F.3d at 1195 ("The prohibition in 1201(a)(1) was necessary because prior to the DMCA, the conduct of circumvention was never before made unlawful.").

As the Fifth Circuit recognized, a defendant's subsequent use of copyrighted material, i.e., infringement, was well protected under existing law. Id. Here, Emmerich's reimagined circumvention claim is that the parser's stripping out the paywall code, enabled non-subscribers to view articles, which is only another way of saying that Particle infringed on its right to display and/or distribute Emmerich's copyrighted content. As

Emmerich has not demonstrated that Particle's access was unauthorized, Particle's motion for summary judgment on the circumvention claims will be granted and Emmerich's motion will be denied.[25]

Analysis: Trafficking

Particle additionally seeks summary judgment on Emmerich's putative trafficking claims under §§ 1201(a)(2) and 1201(b)(1), denying that it has trafficked in circumvention technology under any of the three definitions set out in § 1201(a)(2) or (b)(1) (both providing, inter alia, three types of prohibited circumvention technology).

In opposition to the motion, Emmerich argues the third alternative, that is, that Particle trafficked in a technology that "is marketed by that person ... for use in circumventing a technological measure that [either] effectively controls access to a work [or effectively protects a right of a copyright owner]," §§ 1201(a)(2)(C) and 1201(b)(1)(C). In support thereof, it states:

> There is no dispute that Particle marketed the NewsBreak app to millions of mobile phone users knowing that it would enable those readers to

---

[25] To the extent Emmerich believes that it has a claim under § 1201(b)(1) based on Particle's alleged copying of its copyrighted material, it is mistaken. Protection from copying is afforded by 17 U.S.C. § 106. Section 1201(b)(1) provides a cause of action for trafficking in technology that circumvents a technological measure which protects a copyright owner's rights, including its right to distribute its content.

> circumvent the paywalls of publishers like Emmerich. Particle's own expert testified that Particle could have programmed its parser to identify paywalls but chose not to. And in doing so Particle marketed the NewsBreak app "for use in circumventing a technological measure that effectively controls access to a work protected under this title." Particle baldly asserts that the NewsBreak app "has never been marketed for any circumventing use," but this is transparently false. The circumvention technology is a central feature of the NewsBreak app and Particle intentionally marketed it to millions of users, thus enabling them to circumvent Emmerich's paywalls by reading its paywall-protected stories without subscribing. This is the very essence of trafficking.

Particle is entitled to summary judgment on the trafficking claims.

Emmerich pled in Count IV that "[t]he NewsBreak app was designed to, and does, circumvent technological measures put in place by copyright holders such as Emmerich to control access to, or uses of, their copyright work in violation of 17 U.S.C. § 1201(a)(2) and (b)" and "Particle's distribution of the NewsBreak app violates 17 U.S.C. §1201(a)(2), which prohibits trafficking in any technology, product, service, device, component, or part thereof, that is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under the Copyright Act." This ostensibly stated a claim under § 1201(a)(2)(A), prohibiting trafficking in technology that "is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a

work protected under this title." However, in an apparent concession that it cannot support a claim under § 1201(a)(2)(A), by its response, Emmerich makes no mention of § 1201(a)(2)(A); instead, it now purports to assert a claim that Particle trafficked in a technology that "is marketed by that person . . . for use in circumventing a technological measure that effectively controls access to the work" under § 1201(a)(2)(C). As Emmerich did not plead this claim, Particle is entitled to summary judgment on this basis alone. See Cutrera v. Bd. of Sup'rs of Louisiana State Univ., 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").[26] Moreover, this putative claim fails on the merits. As Particle points out, Emmerich has presented no proof that NewsBreak is marketed "for use in circumventing a technological measure that effectively controls access to a work." Its allegations, if proven, would only show that circumvention is a "central feature" of the NewsBreak app and that Particle marketed the app knowing this,

---

[26] It is not clear to the court that Emmerich has properly pled a § 1201(b)(1) trafficking claim, but even if it did, because it failed to offer any response to Particle's well-supported motion, Particle's motion will be granted as to this claim as well.

which is not the same as Particle holding NewsBreak out as an app which circumvents content provider paywalls.

Finally, as Particle is entitled to summary judgment on Emmerich's circumvention and trafficking claims, it follows that Particle is likewise entitled to summary judgment as to Emmerich's claims for injunctive relief premised on these substantive claims. See DSC Commc'ns Corp. v. DGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996) (providing, inter alia, to prevail on claim for injunctive relief, movant must demonstrate substantial likelihood of success on the merits).

DMCA – COPYRIGHT MANAGEMENT INFORMATION

Congress enacted § 1202 to "make it unlawful to intentionally provide false information, or to deliberately alter or delete information provided by a copyright owner which identifies a work, its owner or performer, and the terms and conditions for its use." H.R. Rep. No. 105-551, Part 1, 105th Cong., 2d Sess. (1998). The legislation aimed to "ensure the integrity of the electronic marketplace by preventing fraud and misinformation" and to "protect consumers from misinformation as well as authors and copyright owners from interference with the private licensing process." Id.; see also Fischer v. Forrest, 286 F. Supp. 3d 590, 610-11 (S.D.N.Y. 2018), aff'd, 968 F.3d 216 (2d Cir. 2020) ("CMI exists to inform the public that a work is copyrighted and by whom.").

As enacted, CMI is defined as "any of the following information conveyed in connection with copies of ... a work or ... displays of a work":

> (1) The title and other information identifying the work, including the information set forth on a notice of copyright.
> (2) The name of, and other identifying information about, the author of a work.
> (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.
> . . .
> (6) Terms and conditions for use of the work.
> (7) Identifying numbers or symbols referring to such information or links to such information.

17 U.S.C. § 1202(c).

Section 1202(a)(2) makes it unlawful to distribute or to import for distribution false CMI "knowingly and with the intent to induce, enable, facilitate, or conceal infringement." Id. 1202(a). Section 1202(b), in turn, prohibits three kinds of acts: the intentional removal or alteration of any CMI, § 1202(b)(1); the distribution of CMI knowing that the CMI has been removed or altered without the authority of the copyright owner, § 1202(b)(2); and the distribution of works knowing that the CMI has been deleted or altered without the copyright owner's authority, § 1202(b)(3). All three provisions of § 1202(b) require that the defendant take the prohibited act "knowing, or ... having reasonable grounds to know, that it will

induce, enable, facilitate, or conceal an infringement...." 17 U.S.C. § 1202(b).

Analysis: CMI

Emmerich maintains that each of its online articles is presented to readers under a "unique digital filename or URL," which Emmerich uses to both "identify each article and limit its location to its own websites."[27] According to Emmerich, its filenames/URLs are CMI. It further contends that after Particle scraped its articles and presented them to NewsBreak users in one of two formats, full-text view or framed view, it failed to utilize Emmerich's URLs and instead used altered URLs, which were necessarily false. It also complains that NewsBreak's "like" and "share" buttons generated false CMI in the form of URLs directing the reader to Newsbreak rather than to Emmerich's website. Emmerich charges that as a result of these deletions and substitutions, none of the views of its articles were on one of its websites and instead, were on Newsbreak, constituting infringement.

---

[27] Emmerich also claims that the news feed snippets ran afoul of § 1202, not by displaying false or altered URLs, but rather by showing NewsBreak's, and not Emmerich's logo, banner and share button. The court will not reconsider its ruling that Emmerich failed to plead the alternate categories of CMI offered in its first and now this motion for summary judgment. Emmerich Newspapers, Inc., 2024 WL 5701883, at *6.

On this alleged factual basis, Emmerich seeks summary judgment against Particle under § 1202(a)(2), (b)(1) and (b)(3). Particle has moved for summary judgment contending, among other things, that Emmerich's URLs are not CMI.[28]

To prevail on a claim under § 1202(a)(2), a plaintiff must prove:

> (1) the . . . distribution of CMI; (2) that the CMI was false; (3) that the defendant knew the CMI was false; and (4) that the Defendant acted with the intent to cause or conceal copyright infringement. Penske Media Corp. v. Shutterstock, Inc., 548 F. Supp. 3d 370, 381 (S.D.N.Y. 2021). Section 1202(a) requires what has been called "double scienter": proof of both knowledge and intent. After II Movie, LLC v. Grande Commc'ns Networks, LLC, No. 1:21-CV-709-RP, 2023 WL 1422808, at *9 (W.D. Tex. Jan. 31, 2023).

Niehuss v. Colossal Biosciences, Inc., No. 1:20-CV-00617-RP, 2023 WL 8191905, at *3 (W.D. Tex. Nov. 27, 2023), report and recommendation adopted, No. 1:23-CV-617-RP, 2023 WL 8607021 (W.D. Tex. Dec. 12, 2023).

To succeed on a § 1202(b)(1) claim, a plaintiff must show that "a person (i) without authority of the copyright owner or the law (ii) intentionally remove[d] or alter[ed] any copyright management information (iii) knowing or having reasonable grounds to know that it [would] induce, enable, facilitate, or

[28] In light of the court's conclusion that Emmerich's URLs are not CMI, the court need not reach Particle's alternative arguments in support of summary judgment.

conceal an infringement of the federal copyright laws.'" Recif Res., LLC v. Juniper Cap. Advisors, L.P., No. CV H-19-2953, 2020 WL 5739138, at *10 (S.D. Tex. Sept. 24, 2020) (quoting Gordon v. Nextel Commc'ns & Mullen Advert., Inc., 345 F.3d 922, 927 (6th Cir. 2003)) (emphasis added).

To prove a § 1202(b)(3) claim, a plaintiff must demonstrate: "(1) the existence of CMI in connection with a copyrighted work; and (2) that a defendant 'distribute[d] ... works [or] copies of works'; (3) while 'knowing that [CMI] has been removed or altered without authority of the copyright owner or the law'; and (4) while 'knowing, or ... having reasonable grounds to know' that such distribution 'will induce, enable, facilitate, or conceal an infringement.'" Mango v. BuzzFeed, Inc., 970 F.3d 167, 171 (2d Cir. 2020) (quoting Corley, 273 F.3d at 435 (alterations in original) (emphasis added).

To reiterate, Emmerich complains that Particle violated the integrity of its CMI by (1) full-text displays on NewsBreak, (2) framed-view displays; and (3) Particle's share button that created URLs different from those under which Emmerich displayed its content. However, given that the court has concluded that framed-view does not amount to a display and thus is not infringement, see supra at pp. 32-33, it necessarily follows

that Particle did not violate § 1202(a) or (b) as to the 2,232 articles identified by Emmerich.[29]

Further, considering that Particle's share button produced only a URL link to Emmerich's websites, by which a user could choose to navigate to an Emmerich website, which would not constitute infringement, summary judgment in Particle's favor is appropriate as to this category as well. There then remains for the court's consideration Emmerich's § 1202 claims related to the category of the full-text articles which were viewed on Particle's website.

Emmerich takes the position that its URLs are filenames, which, if conveyed in connection with copies of a copyrighted work, can constitute CMI under Energy Intelligence, 948 F.3d at 277. In Energy Intelligence, the Fifth Circuit rejected the defendant's argument that a .pdf file name could not be CMI, observing that "[n]othing in § 1202 indicates that a digital file name cannot be CMI. Rather, a PDF's file name may be CMI if it is 'conveyed in connection with copies' of the underlying work and contains a 'title and other information identifying the work.'" Id. (quoting § 1202(c))

---

[29] Emmerich's position as to both this category of material and its "share button" has been that Particle removed Emmerich's URLs and replaced them with Particle's counterfeit URLs to facilitate its own infringement of Emmerich's copyrighted material.

Pointing to Energy Intelligence, Emmerich contends it has established the existence of CMI because each of its articles "is presented under a unique digital file name or URL. Emmerich utilizes this naming convention to identify each article and limit its location to its own websites." Particle denies that Emmerich's URLs qualify as CMI and submits that Emmerich's reliance on Energy Intelligence is misplaced as the purpose of a URL differs fundamentally from that of a file name. Having considered the parties' arguments, the court is of the opinion that Emmerich's URLs are not file names and do not otherwise constitute CMI and that Particle is therefore entitled to summary judgment on Emmerich's CMI claims arising out of the full-view articles.

A file name is commonly understood to be "an identifying name given to an electronically stored computer file, conforming to limitations imposed by the operating system, as in length or restricted choice of characters." https://www.dictionary.com/browse/filename (last accessed July 29, 2025); https://dictionary.cambridge.org/us/dictionary/english/filename (last accessed July 29, 2025) ("filename" is "a name that you give to a document or file on a computer"); (last accessed July 29, 2025) ("Computing: A series of characters used to identify a data file in a system.").

A URL on the other hand, is a "compact string of numbers, letters, and symbols that a computer uses to find a resource on a network and act upon it." https://www.britannica.com/technology/URL (last accessed July 29, 2025). In short, a file name describes data while a URL is akin to a roadmap to data on the Internet. While it is perhaps conceivable that Emmerich could have named some kind of file (data) using the same information/characters contained in a URL, Emmerich has never purported to identify the type of file, i.e., data, to which it has assigned a URL-file name. Instead, the central thrust of its CMI argument is and has been that its URLs, "located in the address screen above the article," functioning as URLs, i.e., roadmaps leading to its articles, contain information identifying the author, copyright owner and/or title of the work, see § 1202(c)(1)-(3),[30] and were "conveyed in connection" with every online article scraped by Particle and thus, constitute CMI. There is no authority for the proposition that a URL appearing in the address bar above copyrighted content constitutes CMI and the court is not persuaded that it is.

As Particle points out, a URL, unlike a file name, is not an identifier associated with a particular work; rather it is a

---

[30] Emmerich also contends that its URLs were links to other CMI on its webpages, see § 1202(c)(8), that is, its banners, logo and copyright notice. Emmerich cannot get in through the back door what has been barred through the front.

reference directing a user to place on the Internet where information can be retrieved, at a given time, but not necessarily permanently. The content at the URL may be deleted or moved, or the link itself may be deactivated. Indeed, Emmerich does not dispute that many of the URLs on its CMI lists no longer work or that when a person clicks on a URL for an article on one of its websites, the visitor sees not only the specific article on a particular page, but also sees other articles published on that same page, articles which may or may not belong to Emmerich.

As the URLs fail to provide notice that any of the information set out in § 1202(c)(1)-(8) is associated with a particular (copyrighted) work that appears at the online location indicated in the URL, the court concludes that the URLs are not conveyed in connection with a copyrighted work and therefore, do not constitute CMI. See Fashion Nova, LLC v. Blush Mark, Inc., No. CV 22-6127 PSG (RAO), 2023 WL 4307646, at *4 (C.D. Cal. June 30, 2023) ("The central purpose of CMI is to inform the public that something is copyrighted and to prevent infringement.") (internal citation and quotation omitted); FurnitureDealer.Net, 2022 WL 891473, at *19 ("general purpose of CMI [is] to inform the public that something is copyrighted in order to prevent infringement."); Fischer, 286 F. Supp. 3d at

610-11 ("CMI exists to inform the public that a work is copyrighted and by whom.").

As Emmerich has failed to show that URLs are CMI, Particle's motion as to the CMI claims arising from the full-text view articles will be granted and Emmerich's will be denied. It follows that the court need not consider Emmerich's argument on the proper method for calculating statutory damages for Particle's alleged violations of § 1202. Relatedly, Emmerich's motion for sanctions based on spoliation of evidence will also be denied. By this motion, Emmerich urged that in order to support its CMI claims,[31] it needed evidence which Particle allegedly destroyed that would have shown the number of page views each of its articles had received. With the court's grant of summary judgment to Particle on the CMI claims, this motion is moot. The court further concludes that, in any event, Emmerich has not established that Particle's conduct was intentional or taken in bad faith. See Coastal Bridge Co., L.L.C. v. Heatec, Inc., 833 F. App'x 565, 574 (5th Cir. Nov. 6, 2020) (stating "spoliation claim has three elements: (1) the

[31] While Emmerich's motion only specifically references seeking evidence of Particle's alleged alteration of its URLs, it recites that Particle's deletion of Emmerich's full-text articles from Particle's website eliminated Emmerich's ability to obtain additional "other evidence necessary for it to prove its case." Such a vague allegation does not warrant relief based on alleged spoliation.

spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith" and "[a] party seeking the sanction of an adverse-inference instruction based on spoliation of evidence must establish that: (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.").

CONCLUSION

Based on the foregoing, it is ordered that Emmerich's motion for summary judgment is granted in part and denied in part. It is further ordered that Particle's motion for partial summary judgment as to certain infringement claims is be granted in part and denied in part while its motions for partial summary judgment as to the circumvention and copyright management information claims are granted. Additionally, it is ordered that Emmerich's motion to file a corrected exhibit is granted and that its motion for sanctions based upon spoliation of evidence is denied.

SO ORDERED this 29th day of July, 2025.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

**TAB 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISON

EMMERICH NEWSPAPERS, INCORPORATED — PLAINTIFF

VS. — CIVIL ACTION NO. 3:23-cv-26-TSL-MTP

PARTICLE MEDIA, INC. D/B/A NEWSBREAK — DEFENDANT

CONSOLIDATED WITH

EMMERICH NEWSPAPERS, INCORPORATED — PLAINTIFF

VS. — CIVIL ACTION NO.: 3:23-cv-391-TSL-MTP

PARTICLE MEDIA, INC. D/B/A NEWSBREAK — DEFENDANT

## ORDER

This cause is before the court on the motion of plaintiff Emmerich Newspapers, Incorporated for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and a stay of further proceedings pending appeal, or, in the alternative, for reconsideration. Defendant Particle Media, Inc. opposes the motion, and the court, having considered the parties' memoranda of authorities and the record in this case, concludes that the motion for certification of interlocutory appeal should be granted in part and denied in part; that the request for a stay should be granted; and that the alternative motion for reconsideration should be denied.

Section § 1292(b) states, in pertinent part, as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

See Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007) (court is permitted to "certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation."). A "substantial ground for a difference of opinion" may arise "'if a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Coates v. Brazoria Cnty. Tex., 919 F. Supp. 2d 863, 868-69 (S.D. Tex. 2013) (quoting 4 Am. Jur. 2d Appellate Review § 123 (2012)).

Here, two of the three issues raised by Emmerich satisfy the § 1292(b) criteria, and the court therefore certifies the following questions for interlocutory appeal: (1) "Whether the 'server test' is the proper standard for evaluating infringement on the copyright holder's exclusive display right under 17 U.S.C. § 106(5)," see Emmerich Newspapers, Inc. v. Particle Media, Inc., No. 3:23-CV-391-TSL-RPM, 2025 WL 2146609, at *11 (S.D. Miss. July 29, 2025) (adopting the "server test" while acknowledging the split in authority); and (2) "whether under § 1202 a URL can be considered Copyright Management Information, and, if so, whether a URLs intentional removal constitutes a violation of § 1202(b)(1)," see Emmerich Newspapers, Inc., 2025 WL 2146609 (recognizing issue of first impression and concluding that plaintiff's URLs, functioning as URLs and not filenames, did not constitute CMI). The court is not persuaded, for the reasons set out in Particle's response, that the third issue raised by Emmerich should be certified. In light of the court's finding that two issues should be certified, proceedings in this matter will be stayed pending resolution by the Fifth Circuit.

Emmerich's alternative motion to reconsider is denied. Obviously, when the court adopted the server test, it was aware of and considered and rejected contrary authority. The recent decision in Urbanimage Media LTD v. IHeartMedia, Inc., SA-24-CV-00623-XR, 2025 WL 2182458 (W.D. Tex. July 29, 2025), does not

alter the court's conclusion that the "server test" should apply. Finally, as defendant points out, whether plaintiff's belated attempts to include for consideration other forms of alleged CMI amount to assertions of new claims or to new theories of its claim (with the court believing it is the former), the alternative forms of CMI should have been pled in the complaint and were not and therefore, they are not properly before the court for consideration.

Based on the foregoing, it is ordered that the motion for certification of interlocutory appeal is granted in part and denied in part, as set forth herein; that motion for stay is granted and therefore, the case is stayed pending appeal to the Fifth Circuit; and the alternative motion for reconsideration is denied.

SO ORDERED this 18th day of September, 2025.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

**TAB 4**

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 14, 2025

Lyle W. Cayce
Clerk

No. 25-90026

Emmerich Newspapers, Incorporated,

*Plaintiff—Petitioner*,

*versus*

Particle Media, Incorporated, *doing business as* Newsbreak,

*Defendant—Respondent*.

Motion for Leave to Appeal
from an Interlocutory Order
USDC No. 3:23-CV-26

UNPUBLISHED ORDER

Before Southwick, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:

IT IS ORDERED that the motion for leave to appeal from the interlocutory order of the United States District Court of the Southern District of Mississippi, entered on September 18, 2025, is GRANTED.

**A True Copy**
**Certified order issued Oct 14, 2025**

Lyle W. Cayce

**Clerk, U.S. Court of Appeals, Fifth Circuit**

**TAB 5**

**AFFIDAVIT**

COUNTY OF HINDS
STATE OF MISSISSIPPI

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction aforesaid, the within named J. WYATT EMMERICH who, after being duly sworn, stated as follows:

1. My name is J. WYATT EMMERICH. I am the President of Emmerich Newspapers, Incorporated, the Plaintiff in this action. I have personal knowledge of all of the facts and matters stated herein.

2. For over twenty years we have operated websites for each of our newspapers. Most locally generated articles appearing in the hard copy of the newspaper also appear on the corresponding website, along with many other articles from other newspapers in the Emmerich newspaper group. Every article is given a unique filename or URL which begins with the name of the newspaper and includes the headline of the story along with other information regarding the category of the story.

3. The purpose of this naming protocol is to protect our copyrights by ensuring that readers actually go to our websites where they will be exposed to our advertisements and other stories.

4. Whenever a reader "clicks through" to read one of our articles the first thing they see is our banner or logo for the newspaper where the story originated, along with a "Menu" button which links to a variety of information regarding Emmerich Newspapers including our terms of service and copyright policies.

5. The "Home" button provides detailed information about each location's website, including copyright policy, terms of service, privacy policy, comment policy, frequently asked

questions ("FAQ's"), history of the publisher, staff listing and many other aspects of information about the publisher and copyright owner of the website's content.

6. On or about February 10, 2020, I was informed by one of my publishers that our articles were being republished on Particle's website. I downloaded the Newsbreak app and began researching the matter. I first observed Emmerich Articles appearing on the Newsbreak news feed in the form of a "snippet" which included the headline, an exact copy of the photo and a substantial portion of the article itself.

7. Upon clicking through the link I was led to Particle's website where the full-text version of our articles appeared, only with all of our copyright management information and ads stripped out. Particle has described this as "self-hosting" our articles. Our CMI and ads had been replaced with Particle's counterfeit CMI and ads. The Emmerich CMI that was deleted included our banner/logo, our website menu with links to our copyright policy, our share buttons which produced our unique URL on a variety of social media platforms including text and email, our "copy link" button which produced the genuine Emmerich URL, the "print PDF" which produced a print-friendly presentation of the article with the genuine URL at the bottom and many other user engagement features. After deleting Emmerich's genuine CMI, Particle provided and distributed counterfeit CMI to replace Emmerich's genuine CMI. This false CMI was distributed to millions of individuals downloading the Emmerich articles through the Newsbreak app. These millions of downloads did not occur in one instant, but sequentially and uniquely over many years.

8. The revised, self-hosted article appeared under a false digital filename or URL generated by Particle's system. At no point did the reader viewing a self-hosted article go to our website. I tried "sharing" self-hosted articles both by direct message and by linking to social media and, in every case, the URL which came up as a link was a Newsbreak URL and not an Emmerich URL. "URL" stands for Uniform Resource Locator. It is the digital file name that directs a user to the authorized location on the web of the copyrighted material. By altering our genuine URL and producing a counterfeit URL, the Newsbreak app redirected readers from the legitimate Emmerich website to the counterfeit Newsbreak website, stealing our readers. Further, all attempts to share the Emmerich article on the Newsbreak app produced counterfeit URLs which would cause more copyright infringements.

9. I have directly supervised all aspects of our website management and development and have extensive knowledge about how the system works. It would be impossible for a reader to view one of our articles in self-hosted mode on Particle's website under our original URL. It could only be viewed on Particle's website under a different, counterfeit URL.

10. A number of Emmerich newspapers (including but not limited to the McComb Enterprise-Journal and the Greenwood Commonwealth) operate behind what is known as a "paywall." Although a prospective online reader can see the headline, photo and first sentence or two, they must subscribe to read the entirety of the vast majority of most of the locally generated articles. These paywalls were specifically intended to limit access to paying customers and motivate prospective readers to buy subscriptions.

11. To subscribe, a reader must provide their name, email address and billing information in the form of a valid credit or debit card. Their credit card is immediately billed and they are then allowed to read the entire article.

12. During the discovery process in *Particle 1*, Particle submitted a list of approximately 34,000 articles that it had stolen from Emmerich websites. The majority of these articles appeared in full text, not just snippet form. Over 7,000 of those articles came from McComb (enterprise-journal.com) and Greenwood (gwcommonwealth.com) which had hard paywalls. There is no way Particle could have acquired the full text of these paywall-protected articles without circumvention of our paywalls installed to protect these two websites. Particle was neither a subscriber nor registered user. Its web crawler had hacked through our paywall and stolen the full text of our articles.

13. I am not aware of any method by which Particle could obtain access to full copies of stories from enterprise-journal.com and gwcommonwealth.com without subscribing in the manner described above. The paywall was specifically intended to prevent non-subscribers from reading our copyright-protected materials and Particle Media circumvented that technological method.

14. Particle's system generates a unique, false digital file name (CMI) every time a reader clicks through or tries to share an article. For example, on October 26, 2023 the following news story appeared on the website of WJTV, a local Jackson news station:




NEWS

**Thousands of Mississippians purged from voter rolls**

by: Morgan Gill
Posted: Oct 26, 2023 / 12:21 PM CDT
Updated: Oct 26, 2023 / 04:18 PM CDT

SHARE

JACKSON, Miss. (WJTV) – Mississippi's General Election is just a few weeks away, NAACP Legal Defense and Educational Fund officials said thousands of Mississippians have been purged from the voter rolls.

The genuine URL for this article generated by WJTV when a reader clicks on one of its "share" buttons includes both the name of the copyright owner and the headline. This is WJTV's genuine CMI. The exact same URL appears every time a reader attempts to share the story:

From WJTV

https://www.wjtv.com/news/thousands-of-mississippians-purged-from-voter-rolls/

This is how the same article appeared on the NewsBreak news feed the same day:

**Mississippi**

## Thousands of Mississippians purged from voter rolls

By Morgan Gill, 5 hrs ago

WJTV 12 Follow




JACKSON, Miss. ( WJTV ) – Mississippi's General Election is just a few weeks away, NAACP Legal Defense and Educational Fund officials said thousands of Mississippians have been purged from the voter rolls.

According to officials, multiple counties throughout the state have been improperly purging voters,

Note first that Particle has completely removed WJTV's share buttons which link to WJTV's genuine CMI. They did the same thing to every stolen Emmerich Article. Second, when

a reader attempts to share the story via text message multiple times it appears under a different, falsified digital file name *each time*. The digital file name generated by Particle omits the name of WJTV entirely and instead says "*I found this on Newsbreak*" (an obvious alteration and distribution of false CMI), and the eight-digit alpha-numeric tag at the end of each URL is different every time:

I found this on NewsBreak:
Thousands of Mississippians
purged from voter rolls
https://share.newsbreak.com/
599azhw7

I found this on NewsBreak:
Thousands of Mississippians
purged from voter rolls
https://share.newsbreak.com/
599av5ye

I found this on NewsBreak:
Thousands of Mississippians
purged from voter rolls
https://share.newsbreak.com/
599ax8c2

I found this on NewsBreak:
Thousands of Mississippians
purged from voter rolls
https://share.newsbreak.com/
599aqumk

I found this on NewsBreak:
Thousands of Mississippians
purged from voter rolls
https://share.newsbreak.com/
599agnv7

This is the exact same way Particle's system worked during the period of time when they stole and republished thousands of articles from Emmerich websites and generated over two million page views on their website. Every single page view, even successive page views of the same article, appeared under a different, unique digital file name generated by Particle.

15. Peter Imes is the publisher of the Commercial Dispatch in Columbus, Mississippi. Like Emmerich Newspapers, they operate a website where most of their stories can be read online ("cdispatch.com"). Mr. Imes has confirmed to me that he has never authorized Particle to take and republish articles from the Commercial Dispatch website. He is submitting a sworn affidavit to that effect. Particle stole and republished many articles from their website in the same manner they stole and republished articles from our websites and continued doing so for at least two years after we first filed suit against Particle, proving that their theft of our articles was not a one-time accidental glitch.

16. For example, on January 7, 2023 the following article appeared on the Commercial Dispatch website:

DISPATCH




# Ex-judge, reprimanded by state, appointed city prosecutor







Our headlines, delivered to your inbox

SIGN UP








POPULAR



ON THIS DAY 2022



FEATURED PODCAST






The Columbus Dispatch digital file name clearly appears the same way every time a reader shares the article from their website:

Ex-judge, reprimanded by state, appointed city prosecutor
https://cdispatch.com/news/ex-judge-reprimanded-by-state-appointed-city-prosecutor/



Ex-judge, reprimanded by stat...
cdispatch.com

When a reader clicks on the "copy link" button the same URL appears: https://cdispatch.com/news/ex-judge-reprimanded-by-state-appointed-city-prosecutor.

Particle then stole this article and republished it under false CMI on Particle's website:



Particle removed the Commercial Dispatch's genuine URL and distributed the article under Particle's falsified CMI, removing the name of the copyright owner ("cdispatch.com"), falsely stating "*I found this on NewsBreak,*" and including the ever-changing eight-digit alpha-numeric tag, as demonstrated by this attempt to share the article:

I found this on NewsBreak: Ex-judge, reprimanded by state, appointed city prosecutor https://share.newsbreak.com/2wt56e60

The false URL changed with every page view and every attempt to share the same article. Note the different eight-digit alpha-numeric tag for the same article:

I found this on NewsBreak: Ex-judge, reprimanded by state, appointed city prosecutor https://share.newsbreak.com/2wtf6hnd

17. In discovery Particle produced complete copies of 34,000 articles which they stole from Emmerich Newspapers and "self-hosted" on their website. Each article is accompanied by Particle's eight-digit alpha-numeric tag. For example:

0WdzTNKZ https://www.hubcityspokes.com/news-hattiesburg-crime/hattiesburg-police-searching-armed-robbery-suspect Hattiesburg police searching for armed robbery suspect <body><div><figure><img src="http://image1.hipu.com/image.php?type=_640x390&url=2fVPVa_0WdzTNKZ00" alt="http://image1.hipu.com/image.php?url=2fVPVa_0WdzTNKZ00" width="320" height="195"></figure><p>Hattiesburg police are asking for the public's help in identifying an individual wanted for questioning in an ongoing armed robbery investigation. </p><p>Ryan Moore, public

0We2XoPV http://www.enterprise-journal.com/sports/article_75ffe738-ddaa-11ea-b6b7-33cc0dee69e8.html Parklane offense shines in win over Brookhaven Academy
<div><p>Following a weekend where they went 1-1 at the Lincoln County Civic Center Softball Complex, the Parklane Pioneers made a return trip to Brookhaven Tuesday night to face Brookhaven Academy.</p><p>And after Saturday's narrow loss to Magnolia Heights in which the Pioneers only scored one run, Parklane's bats woke up against the Cougars, pulling out an 11-4 win.</p><p>Parklane

These eight-digit alpha-numeric tags are not part of Emmerich's file-naming protocol and can only have come from Particle's file-naming system. As noted above, the eight-digit alpha-numeric identifier would only be used once each time an article was viewed and then changed for every subsequent page view.

18. I declare under penalty of perjury that the foregoing is true and correct.

FURTHER, AFFIANT SAYETH NOT. John Wyatt Emmerich

J. Wyatt Emmerich

WITNESS MY SIGNATURE, THIS THE 24th DAY OF November, 2023.

Lee Carroll
NOTARY PUBLIC

MY COMMISSION EXPIRES:

4/12/24

STATE OF MISSISSIPPI
LEE D. CARROLL
NOTARY PUBLIC
ID No. 198914
My Comm. Expires
Apr. 12, 2024
WARREN COUNTY

## Certificate of Service

I certify that on December 15, 2025, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all counsel of record.

S/Wilson H. Carroll
Wilson H. Carroll